UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| In re:<br><br>**WESTMOUNT GROUP, INC.**<br><br>Debtor. | § § § § § § § | Case No. 21-30633<br><br>Chapter 11 |

### DEBTOR'S APPLICATION FOR AUTHORITY TO EMPLOY BARRON & NEWBURGER, P.C. AS BANKRUPTCY COUNSEL EFFECTIVE JULY 29, 2021

**This pleading requests relief that may be adverse to your interests.**

**If no timely response is filed within 21 days from the date of service, the relief requested herein may be granted without a hearing being held.**

**A timely filed response is necessary for a hearing to be held.**

WESTMOUNT GROUP, INC (the "Debtor") hereby files this Application for Authority to Employ Barron & Newburger, PC ("BNPC") as Counsel to the Debtor (the "Application").

### Jurisdiction and Venue

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The Court has authority to grant the Application pursuant to 11 U.S.C. § 327(a).

### Relief Requested

2. Debtor filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §101, *et. seq.,* (the "Bankruptcy Code") on August 23, 2021 (the "Petition Date"). The Debtor is operating its business and managing its assets as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108. No Trustee has been appointed.

3. Pursuant to 11 U.S.C. § 327(a), Debtor requests the entry of an order authorizing the employment of BNPC as counsel to the Debtor in this Chapter 11 case.

4. Debtor has selected BNPC as its counsel because of its extensive experience and knowledge and its established reputation in corporate reorganizations and debt restructurings under chapter 11 of the Bankruptcy Code and ability to litigate matters in bankruptcy court. Debtor believes that BNPC possesses the requisite resources and is both highly qualified and uniquely able to represent Debtor's interests in this bankruptcy case. A copy of BNPC's engagement agreement is attached as Exhibit A.

**Basis for Relief**

5. Section 327(a) of the Bankruptcy Code authorizes a trustee to retain such counsel as necessary to carry out his duties as trustee:

> the trustee, with the court's approval, may employ, *one or more* attorneys . . . to represent or assist the trustee in carrying out the trustee's duties under this title.

*See* 11 U.S.C. § 327(a)(italics added).

6. Debtor seeks to retain BNPC as its counsel pursuant to 11 U.S.C. § 327(a). Debtor believes that BNPC possesses the requisite resources and is both highly qualified and uniquely able to represent Debtor in this case.

7. Debtor contemplates that BNPC will render legal services to Debtor as needed throughout the case. The legal services that BNPC will render to Debtor may be summarized, in part, as follows: (i) advising Debtor of its rights, powers, and duties as a debtor-in-possession continuing to manage its assets; (ii) reviewing the nature and validity of claims asserted against the property of Debtor and advising Debtor concerning the enforceability of such claims; (iii) preparing on behalf of Debtor, all necessary and appropriate applications, motions, pleadings, draft orders, notices, schedules, and other documents and reviewing all financial and other reports to be

filed in the chapter 11 case; (iv) advising Debtor concerning and preparing responses to, applications, motions, complaints, pleadings, notices, and other papers which may be filed in the chapter 11 case; (v) counseling Debtor in connection with the formulation, negotiation, and promulgation of a plan of reorganization and related documents; (vi) performing all other legal services for and on behalf of Debtor which may be necessary and appropriate in the administration of the chapter 11 case and Debtor's business; and (vii) working with professionals retained by other parties in interest in this case to attempt to obtain approval of a consensual plan of reorganization for Debtor. The non-exclusive list of services described above is essential to Debtor's chapter 11 case.

8. Subject to the fee application process and this Court's approval, BNPC will charge Debtor for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates for cases of this nature as are in effect on the date services are rendered. The three attorneys at BNPC who will primarily be providing services for Debtor in connection with this case, as well as their reduced hourly rate: (i) Stephen Sather ($350 per hour), and (ii) Greg Friedman ($300 per hour). Other attorneys who may work on the case bill at rates ranging from $175 to $350 per hour. The rate of each professional working on this case will be clearly reflected in the invoices and fee applications. BNPC will maintain detailed records of costs and expenses incurred in connection with its legal services and these will be set forth in detail as part of the monthly invoice and fee applications.

9. The above-outlined hourly rates are subject to periodic review (generally annually) to reflect changes in the economy, experience, and other factors. To the extent possible, BNPC charges rates at (or usually below) the prevailing rates for legal services rendered by attorneys of comparable expertise in similar cases in the relevant jurisdiction. Accordingly, an individual

attorney's rates in other cases may be lower or higher than those charged in this engagement, depending on the prevailing rates in the various jurisdictions.

10. The firm has received compensation for services rendered prior to the Petition Date in the amount of $1,390.00 for a state court matter and $1,255.00 with respect to the bankruptcy proceeding. The firm received a retainer in the amount of $17,738.00 on August 23, 2021. The firm billed $1,255.00 for pre-petition services and $1,738.00 for the filing fee and continues to hold $13,745.00. The retainer shall be held by the firm in its trust account until such time as the Court enters an order approving a fee application or otherwise directing payment of the funds. The retainer will serve as security for such fees and expenses as the Court approves after notice and a hearing (or, in the event that the case is dismissed, for such fees incurred by counsel during the representation).

11. To the best of Debtor's knowledge, other than in connection with this chapter 11 case, BNPC has no connection with Debtor, its creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, except as set forth herein and/or in the Verified Statement of Stephen Sather (the "Sather Statement"), filed pursuant to Federal Rule of Bankruptcy Procedure 2014(a).

12. Based on the Sather Statement and Debtor's knowledge of its business, litigation and relations with creditors and other parties in interest, BNPC does not represent or hold any interest adverse to Debtor, its estate, creditors, equity security holders, or affiliates in the matters upon which BNPC is to be engaged, and BNPC is a "disinterested person" within the meaning of 11 U.S.C. § 101(14).

13. BNPC intends to apply to this Court for allowance of compensation and reimbursement of expenses pursuant to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and any applicable orders entered by this Court with respect to the management of fees and expenses in this case.

WHEREFORE, Debtor respectfully requests that the Court (i) authorize Debtor to employ and retain BNPC to represent it as counsel in this chapter 11 case effective as of the petition date; and (ii) grant the Debtor such other legal and equitable relief to which it is entitled.

September 16, 2021

Respectfully submitted,

WESTMOUNT GROUP, INC.
By: keyvan parsa

By: *keyvanparsa*
Keyvan Parsa,

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served by electronic mail transmission on September 17, 2021, to all parties listed on the Service List attached to the filed copy of this Pleading and electronically by the Court's ECF system to all parties registered to receive such service.

/s/Stephen W. Sather_____
Stephen W. Sather

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | |
|---|---|
| **In re:** § § | |
| § | **Case No. 21-30633** |
| **WESTMOUNT GROUP, INC** § § | |
| § | **Chapter 11** |
| **Debtor.** § § | |

### UNSWORN DECLARATION UNDER PENALTY OF PERJURY BY THE ATTORNEY FOR DEBTOR

The undersigned attorney does hereby certify under penalty of perjury pursuant to Rule 2016(b) of the Bankruptcy Rules of Procedure:

1. That the compensation paid or promised to Debtor for services to be rendered in connection with the case is as follows:

| | |
|---|---|
| Stephen Sather | $350 per hour |
| Paul Hammer | $350 per hour |
| Greg Friedman | $250 per hour |
| Other Attorneys | $250-350 per hour |
| Support Staff | $40-100 per hour |

The principal attorney on the case will be Stephen Sather.

2. The firm received $1,255.00 for pre-petition services and $1,738.00 for filing fees in this matter and previously received $1,390.00 for fees incurred in a state court matter.

3. The firm received its retainer in the amount of $15,00.00 plus the filing fee of $1,738.00 for use in its bankruptcy on August 23, 2021. The firm applied $1,255.00 of such amount to pre-petition fees and $1,738.00 in filing fees. The firm asserts a lien against such retainer for fees and expenses subject to Court approval.

4. That the source of such compensation is as follows: all fees will be paid first from the estate pursuant to court approval and, if not from the estate, from the retainer.

5. That affiant has not shared nor agreed to share such compensation with anyone except shareholders and associates of his firm.

EXECUTED ON THIS THE  17th  DAY OF September 2021.

By: _Stephen W. Sather_____
STEPHEN W. SATHER

APPROVED:

By: keyvan parsa
    WESTMOUNT GROUP, INC

7

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | |
|---|---|
| In re:<br><br>**WESTMOUNT GROUP, INC**<br><br>Debtor. | §<br>§<br>§ Case No. 21-30633<br>§<br>§ Chapter 11<br>§<br>§ |

**DECLARATION OF PROPOSED ATTORNEY**

1. "I am an attorney licensed to practice in the State of Texas and maintain offices at 7320 N. MoPac Expwy., Suite 400, Austin, TX 78731. I am an attorney with the firm of Barron & Newburger, P.C. (BNPC).

2. BNPC has been engaged to represent WESTMOUNT GROUP, INC.

3. I performed a search of the conflicts database for BNPC. I reviewed the results of the conflicts search and also made my own independent review of the list of creditors.

4. I do not have any interest adverse to the Bankruptcy estate set forth above in the matters upon which the firm is to be employed. To the best of my knowledge, I have no connection with the United States Trustee or any person employed at the office of the United States Trustee which would establish an interest adverse to the bankruptcy estate. I reserve the right to supplement this Affidavit if I become aware of any potential conflicts and will notify the Court immediately upon discovery of such information.

5. I am aware of the following connections which should be disclosed pursuant to Fed.R.Bankr.Pro. 2014:

    a   Debtor:    The firm began representing the Debtor on about July 8, 2021.

    b.   Creditors:   None

    c.   Other:    I knew the Debtor's CPA, Douglas Rutter, when we both went to Eastwood High School although he was two years ahead of me.

    d.   U.S. Trustee: None

    e.   Attorneys:   I know Jim Brewer and Bud Kirk from prior cases but do not have a relationship with either of them.

6. Based upon the foregoing, I believe that the firm is a disinterested person within the meaning of Sections 101(14) and 327 of the Bankruptcy Code.

7. I declare the above and foregoing to be true and correct under penalty of perjury."

*/s/Stephen W. Sather*
Stephen W. Sather

**BARRON & NEWBURGER, P.C.**

## LEGAL SERVICES AGREEMENT

Westmount Group, LLC ("Client") hereby employ the law firm of Barron & Newburger, P.C., attorneys licensed to practice law in the State of Texas, to provide the necessary legal services with respect to filing a petition for Chapter 11 reorganization.

2. No compromise or settlement of the rights and claims of the Client may be made by the Attorney without the prior consent of the Client.

3. Client authorizes the Attorney to engage and make use of other attorneys in his firm as well as accountants, appraisers, investigators, and other experts, deemed to be necessary by the Attorney in rendering services to the Client.

4. Client shall be responsible for all reasonable costs and expenses incurred by the Attorney, including but not limited to court costs, travel expenses, food and lodging outside of Austin, Texas, long distance telephone calls, copying expenses, "fax" transmissions, depositions, stenographers necessary for recording depositions, fees and expenses of other parties engaged by the Attorney in this connection., which shall be paid by the Client upon receipt of a statement. Client shall be responsible for, and agrees to advance at Attorney's request, any case-related costs (e.g. depositions, subpoenas, expert witness fees) prior to Attorney's advancement of same.

5. Client agrees to pay in advance, at attorneys' request, all court filing fees and to advance for other expenses if requested by the Attorney.

6. In consideration of the services rendered and to be rendered, Client shall pay Barron & Newburger, P.C., hourly according to the following fee schedules:

Senior attorneys - $350.00 per hour.
Junior attorneys - $250.00 - $300.00 per hour.
Legal assistants - $40.00 -   $100.00 per hour.

*There will be a discount of one-third (1/3) on the hourly rates of senior attorneys if they are both involved in the same meeting or hearing.  The hourly rates may be subject to future increases upon thirty (30) days written notice to Client.*

7. To secure the fees and costs to be incurred in this matter, Client shall provide a retainer in the amount of $15,000.00 plus the filing fee of $1,738.00.  Client will also need to pay the fees and expenses incurred under the prior agreement with respect to the state court action. The retainer is a deposit against fees and costs to be incurred and is not a flat fee. Fees and expenses are expected to exceed the amount of the retainer.

8. All outstanding costs and expenses shall be payable to Attorney immediately following the termination of this Agreement for any reason or upon the termination of litigation.  Attorney is hereby granted a lien on all property of Client in Attorney's possession to secure any fees due to Attorney under this Agreement.

9. If this Agreement is terminated by the Client prior to completion of the services required, Client shall pay to Attorney all fees, costs and expenses accrued to that date, prior to the Attorney's

# BARRON & NEWBURGER, P.C.

withdrawals of pending litigation and prior to the delivery of any appraisals, investigations, reports and other products to third parties which have not been paid for previously by the Client.

10. If this Agreement is enforced through any legal proceedings, Attorney shall be entitled also to recover reasonable attorney's fees, court costs, and interest at the highest legal rate on any sums owing from the date that the same became due hereunder.

11. This Agreement is performable in El Paso County, Texas and shall be construed pursuant to the laws of the State of Texas.

12. This agreement constitutes the entire agreement of the parties hereto.

13. Client further acknowledge that Attorney has explained the availability of arbitration or mediation as an alternative to litigation.

EXECUTED this __29__ day of July, 2021.

| **CLIENT** | **ATTORNEY** |
|---|---|
| **Westmount Group, Inc.** | **Barron & Newburger, P.C.** |
| x _keyvanparsa_ | /s/ Stephen W. Sather |
| **Keyvan Parsa, its** __President__ | |

Email: k1p000@gmail.com
Phone: _____(915) 224-0104_____
Address: ___810 N Kansas St. 79902

**BARRON & NEWBURGER, P.C.**

## LEGAL SERVICES AGREEMENT

Westmount Group, LLC ("Client") hereby employ the law firm of Barron & Newburger, P.C., attorneys licensed to practice law in the State of Texas, to provide the necessary legal services with respect to filing a petition for Chapter 11 reorganization.

2. No compromise or settlement of the rights and claims of the Client may be made by the Attorney without the prior consent of the Client.

3. Client authorizes the Attorney to engage and make use of other attorneys in his firm as well as accountants, appraisers, investigators, and other experts, deemed to be necessary by the Attorney in rendering services to the Client.

4. Client shall be responsible for all reasonable costs and expenses incurred by the Attorney, including but not limited to court costs, travel expenses, food and lodging outside of Austin, Texas, long distance telephone calls, copying expenses, "fax" transmissions, depositions, stenographers necessary for recording depositions, fees and expenses of other parties engaged by the Attorney in this connection., which shall be paid by the Client upon receipt of a statement. Client shall be responsible for, and agrees to advance at Attorney's request, any case-related costs (e.g. depositions, subpoenas, expert witness fees) prior to Attorney's advancement of same.

5. Client agrees to pay in advance, at attorneys' request, all court filing fees and to advance for other expenses if requested by the Attorney.

6. In consideration of the services rendered and to be rendered, Client shall pay Barron & Newburger, P.C., hourly according to the following fee schedules:

        Senior attorneys - $350.00 per hour.
        Junior attorneys - $250.00 - $300.00 per hour.
        Legal assistants - $40.00 - $100.00 per hour.

*There will be a discount of one-third (1/3) on the hourly rates of senior attorneys if they are both involved in the same meeting or hearing. The hourly rates may be subject to future increases upon thirty (30) days written notice to Client.*

7. To secure the fees and costs to be incurred in this matter, Client shall provide a retainer in the amount of $15,000.00 plus the filing fee of $1,738.00. Client will also need to pay the fees and expenses incurred under the prior agreement with respect to the state court action. The retainer is a deposit against fees and costs to be incurred and is not a flat fee. Fees and expenses are expected to exceed the amount of the retainer.

8. All outstanding costs and expenses shall be payable to Attorney immediately following the termination of this Agreement for any reason or upon the termination of litigation. Attorney is hereby granted a lien on all property of Client in Attorney's possession to secure any fees due to Attorney under this Agreement.

9. If this Agreement is terminated by the Client prior to completion of the services required, Client shall pay to Attorney all fees, costs and expenses accrued to that date, prior to the Attorney's

# BARRON & NEWBURGER, P.C.

withdrawals of pending litigation and prior to the delivery of any appraisals, investigations, reports and other products to third parties which have not been paid for previously by the Client.

10. If this Agreement is enforced through any legal proceedings, Attorney shall be entitled also to recover reasonable attorney's fees, court costs, and interest at the highest legal rate on any sums owing from the date that the same became due hereunder.

11. This Agreement is performable in El Paso County, Texas and shall be construed pursuant to the laws of the State of Texas.

12. This agreement constitutes the entire agreement of the parties hereto.

13. Client further acknowledge that Attorney has explained the availability of arbitration or mediation as an alternative to litigation.

EXECUTED this __29__ day of July, 2021.

| **CLIENT** | **ATTORNEY** |
|---|---|
| **Westmount Group, Inc.** | **Barron & Newburger, P.C.** |
| x _keyvanparsa_ | /s/ Stephen W. Sather |
| **Keyvan Parsa, its** __President__ | |

Email: k1p000@gmail.com
Phone: _____(915) 224-0104_____
Address: ___810 N Kansas St. 79902

```
Label Matrix for local noticing          Westmount Group, Inc               U.S. BANKRUPTCY COURT
0542-3                                   810 N. Kansas Street               511 E. San Antonio Ave., Rm. 444
Case 21-30633-hcm                        El Paso, TX 79902-5207             EL PASO, TX 79901-2417
Western District of Texas
El Paso
Fri Sep 17 15:25:08 CDT 2021

Albert Flores                            Albert Flores                      City of El Paso
c/o E.P. Bud Kirk                        c/o E.P. Bud Kirk                  c/o Don Stecker
600 Sunland Park Dr., Ste. 4-400         600 Sunland Park Drive             112 E. Pecan St. Suite 2200
El Paso, TX 79912-5134                   Bldg 4, Suite 400                  San Antonio, TX 78205-1588
                                         El Paso, TX 79912-5115


Fidelity National Title Insurance Co     Keyvan Parsa                       Manny Jemente
c/o Shakira Kelley                       7604 Plaza Redonda                 Acala Investments
6900 Dallas Parkway, Ste 610             El Paso TX 79912-8402              6044 Gateway Blvd East
Plano, TX 75024-7164                                                        El Paso TX 79905-2023



Shabnam Izadpanahi                       Ulrick Moise                       United States Trustee - EP12
36 Micmac Crescent                       Palacio de Paquim,                 U.S. Trustee's Office
North York, ON M2H2K2                    C. Durango 2047                    615 E. Houston, Suite 533
                                         32575 Cd Juarez,                   P.O. Box 1539
                                         Chih. Mexico                       San Antonio, TX 78295-1539


Wells Fargo Business                     WestStar Title, LLC                Weststar Title, LLC
PO Box 6995                              c/o Kemp Smith LLP                 c/o James W. Brewer
Portland OR 97228-6995                   Attn: James W. Brewer              221 N. Kansas, Ste 1700
                                         221 N. Kansas, Ste. 1700           El Paso, TX 79901-1401
                                         El Paso, Texas 79901-1401


Brad W. Odell                            Stephen W. Sather                  End of Label Matrix
Mullin Hoard & Brown, LLP                Barron & Newburger, P.C.           Mailable recipients    16
1500 Broadway, Suite 700                 7320 N MoPac Expy                  Bypassed recipients     0
Lubbock, TX 79401-3169                   Suite 400                          Total                  16
                                         Austin, TX 78731-2347
```