# EXHIBIT "18"

1      REPORTER'S RECORD          COPY
       TRIAL COURT CAUSE NO. 2020DCV2997
2            VOLUME 2 OF 3 VOLUMES

3  ALBERT FLORES,                    )
         Plaintiff,                  )
4  vs.                              )
   KEYVAN PARSA, M.D. and           )
5  MONTOYA PARK PLACE, INC.,        )
         Defendants,                 )
6                                    )
   FIDELITY NATIONAL TITLE          )
7  INSURANCE COMPANY and            )
   WESTSTAR TITLE, L.L.C.,          )  IN THE DISTRICT COURT
8  Intervenors/Third-Party          )
   Plaintiffs,                      )  OF EL PASO COUNTY, TEXAS
9  vs.                              )
   KEYVAN PARSA, M.D., and          )  327TH JUDICIAL DISTRICT
10 MONTOYA PARK PLACE, INC.,        )
   ALBERT FLORES and DEBORAH        )
11 JORDAN,                          )
   Third-Party Defendants,          )
12 and                              )
   WESTMOUNT GROUP, INC.            )
13 Intervenor-Third-Party           )
   Defendant.                       )

14         *********************************
15                 STATUS HEARING
           *********************************
16         The 14th day of July, 2021, the following

17  proceedings came on to be heard in the above-entitled

18  and numbered cause before the Honorable Thomas A.

19  Spieczny, Judge Presiding, via Zoom in accordance with

20  the Supreme Court of Texas' Emergency Order Regarding

21  the COVID-19 State of Disaster, held in El Paso, El Paso

22  County, Texas:

23         Proceedings reported by machine shorthand

24  utilizing computer-assisted realtime transcription.

25

1           MS. KELLEY:  Yes, Your Honor.  I -- I

2   apologize for being late.

3           THE COURT:  No.  I got you.  I think -- I

4   understand you were in traffic.  No problem.

5           MS. KELLEY:  Thank you.

6           THE COURT:  I think we're all good.  So I

7   think we can -- I can see everybody now.

8           MS. KELLEY:  Okay.

9           THE COURT:  Okay.  The way I remember how

10  we left it last week, we had a hearing, and I had had a

11  previous order to deposit some funds into the registry

12  of the Court.  The defendant raised some issues at the

13  last hearing, and I modified my order.  One of the

14  things that was raised was that there was some portion

15  of the funds that were encumbered, so I modified the

16  order to say that I believe 750,000 was to be deposited

17  into the registry of the Court by this coming Monday.

18  And it's my understanding that there are some issues or

19  concerns about that.

20          I have received from Mr. Brown one exhibit

21  that I think he intends to rely on during this hearing,

22  but that's as much as I know.  So, Mr. Brown, I will let

23  you go first.  I get a sense that you are the person

24  that wants to have something heard today.

25          MR. BROWN:  That's correct, Judge.  And

1   I'll just say that kind of in an abundance of caution I

2   went ahead and set a hearing just because if there was

3   anything that came up, I wanted to be able to have

4   something on the calendar before Monday.

5             But I'll just start out by saying that I

6   have had some discussions today with -- with Counsel for

7   WestStar and Fidelity.  And I don't mean to get into

8   those, but I did have some discussions with them.

9             I would like to offer into evidence the

10  Exhibit 1.

11            (Defendant's Exhibit 1, offered.)

12            MR. BROWN:  And -- and, really, it's a

13  document that is essentially similar or essentially the

14  same as Exhibit B to the original joint motion to compel

15  interpleader.  And it -- it simply shows that the funds

16  in the -- in these two accounts, the 1,038,000, is -- it

17  remains on deposit as of -- as of today.

18            So there was some discussion at the last

19  hearing about, well, we don't have the statement, so

20  that might lead people to believe that there's some

21  reason for a not recently updated statement, i.e., that

22  the funds were not there.  But I would offer that into

23  evidence just for the purpose of -- of putting that

24  concern to rest.

25            THE COURT:  Are there any objections to

1  Exhibit Number 1?

2            MR. BREWER:  No objection, Your Honor.

3            MR. KIRK:  I don't know what the exhibit

4  is, Your Honor.

5            THE COURT:  Have you not seen it?  Okay.

6  What I --

7            MR. KIRK:  I have 4 pages --

8            THE COURT:  -- Exhibit Number 1 appears to

9  be two parts.  There is a asset management exhibit

10  generated by Wells Fargo, which I think summarizes a

11  treasury money market fund.  And then there is an

12  exhibit which is a letter dated July 14th to Westmount,

13  essentially saying that there is a -- an amount of

14  $338,000 in that one.  And then I think there was

15  another one from them saying that there is over 700,000.

16  And that -- those are also dated July 14th.  So as of

17  July 14th it looks like there was a little over a

18  million deposited in WestStar.

19            MR. BREWER:  Wells Fargo.

20            THE COURT:  In West- -- correct.  Thank

21  you.  Excuse me.  Thank you for correcting me.

22            Are there objections to the exhibits?

23            MR. KIRK:  Yes, Your Honor.  This is a

24  roundabout way of objecting, I think.  We don't have a

25  pleading in front of us.  I don't know what relief it is

1 that Mr. Parsa is going to be asking for, so, you know,

2 this is kind of an ambush.

3          THE COURT: Well --

4          MR. KIRK: I don't know where it's going.

5          THE COURT: I'm not -- I have not looked

6 thoroughly at all the pleadings. I know there are some

7 motions that were filed. I assume this exhibit is to

8 support those motions.

9          Is that correct, Mr. Brown?

10          MR. BROWN: That's correct. I -- I filed

11 a -- a motion for reconsideration, and -- and we've also

12 filed a reply to the response from Mr. Kirk and from

13 Mr. Brewer on behalf of their respective clients to that

14 motion. So this is in support of our motion and reply.

15          MR. KIRK: I think those were the pleadings

16 for the hearing we had last week, Your Honor, and I

17 don't know what the pleadings are for the hearing we're

18 having today.

19          THE COURT: To my knowledge there are none.

20 I think I had -- at the end of last week's hearing I

21 said, Here is what I want to do, but if snags or

22 problems arise, I wanted to be informed of them. And I

23 think I have been informed, but I am not aware -- as a

24 matter of fact, I asked Ms. Alarcon. I don't think

25 anybody has filed any subsequent pleadings since our

1  hearing last week.  Is -- is that correct?

2              MR. BROWN:  That's -- that's correct, to my

3  knowledge.

4              MS. KELLEY:  Yes, Your Honor, that's

5  correct.

6              THE COURT:  Okay.  Okay.  Well, I will

7  admit the exhibits.

8              (Defendant's Exhibit 1, admitted.)

9              THE COURT:  And, Mr. Brown, let me ask

10  you -- yeah, let me ask you a couple of questions about

11  the part from Wells Fargo.

12              First of all, whatever that treasury money

13  market fund descriptive document is, it lists what the

14  returns are and the performance and does it monthly, and

15  it sort of ranges from a high of 1.46 percent in

16  December of 2019 and it goes all the way down to

17  .01 percent in December of 2020.  I remember I did have

18  some discussion with your client, and he was telling me

19  he thought there was an eight-to-10-percent return on

20  this -- this money.  I -- I assume he was incorrect in

21  those statements last -- last week?

22              MR. BROWN:  Judge, I -- I guess what I

23  would say is, I -- I don't know.  I -- I don't know

24  whether the -- the -- the yield over time somehow

25  calculated is -- is what he said or if it's not.  I

1  understand what the Court is saying about the -- the

2  30-day yield, but I don't -- I don't pretend to know how

3  it translates into any kind of a -- I guess an annual

4  yield.  I don't know.

5           THE COURT:  Okay.  And, also, on this

6  document from Wells Fargo it does say that there is a

7  investment minimum of 10 million, and it's my

8  understanding substantially less than that has been

9  deposited.  So I'm not sure this description of this

10 fund and what it yields would be applicable to the money

11 that you-all are fighting over.

12          Anyway, those are my observations.  I'll

13 overrule the objection.  It's -- it's admitted.

14          So where are we at?  Can the money be

15 deposited by Monday in the registry of the Court?

16          MR. BROWN:  That's another concern that I

17 wanted to raise, Judge, is that my understanding -- and,

18 again, I don't -- I can -- I can only do -- do so much

19 based on my understanding of what the bank requires.

20 But my understanding from them is that it takes 10 to 15

21 days for them to sell the shares once the account is

22 liquidated.  And I'm assuming, for instance, if it's

23 liquidated at $750,000, they have to sell the equivalent

24 of shares to equal $750,000 to allow that amount of

25 money to be withdrawn.  So --

```
1   STATE OF TEXAS            )

2   COUNTY OF EL PASO         )

3

4        I, Maria I. Stallings, Official Court Reporter in

5   and for the 327th District Court of El Paso County,

6   State of Texas, do hereby certify that the above and

7   foregoing contains a true and correct transcription of

8   all portions of evidence and other proceedings requested

9   in writing by counsel for the parties to be included in

10  this volume of the Reporter's Record, in the

11  above-styled and numbered cause, all of which occurred

12  in open court or in chambers and were reported by me.

13       I further certify that this Reporter's Record of

14  the proceedings truly and correctly reflects the

15  exhibits, if any, offered by the respective parties.

16       I further certify that the total cost for the

17  preparation of this Reporter's Record is $230.40 and was

18  paid by Mr. James Brewer, Esq.

19       WITNESS MY OFFICIAL HAND this the _23_rd day of

20  July, 2021.

21

22                        /s/ Maria I. Stallings
                          MARIA I. STALLINGS, Texas CSR# 8229
23                        Official Court Reporter
                          327th District Court
24                        500 E. San Antonio, Rm. 606
                          El Paso, TX 79901
25                        (915) 546-2032
                          Expires May 31, 2023
```