EXHIBIT "21"

IN THE 327TH JUDICIAL DISTRICT COURT OF
EL PASO COUNTY, TEXAS

| | | |
|---|---|---|
| ALBERT FLORES | ) | CAUSE NO. 2020DCV2997 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| FIDELITY NATIONAL TITLE | ) | |
| INSURANCE COMPANY and | ) | |
| WESTSTAR TITLE, LLC, | ) | |
| | ) | |
| Intervenor-Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KEYVAN PARSA, M.D. and | ) | |
| MONTOYA PARK PLACE, INC. | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| KEYVAN PARSA, M.D., | ) | |
| MONTOYA PARK PLACE, INC., | ) | |
| ALBERT FLORES, and DEBORAH | ) | |
| JORDAN | ) | |
| | ) | |
| Intervenor-Defendants | ) | |
| | ) | |
| and WESTMOUNT GROUP, INC., | ) | |
| | ) | |
| Intervenor/Third Party Defendant | ) | |

### <u>KEYVAN PARSA, M.D. and MONTOYA PARK PLACE, INC.'S</u>
### <u>RESPONSE TO WESTSTAR TITLE, LLC'S MOTION TO SEVER</u>

**TO THE HONORABLE JUDGE OF SAID COURT:**

Pursuant to Tex. R. Civ. P. 41, Defendants Keyvan Parsa, M.D. and Montoya Park Place,

Inc., Defendants/Intervenor-Defendants ("Parsa," "Montoya Park Place" or "Defendants"), by and

1

through their attorney of record, and file this their Response to Weststar Title, LLC's ("Weststar") Motion to Sever, and would show the Court the following:[1]

## I.

### Background Information

This case began when Albert Flores sued to rescind a Stock Purchase Agreement whereby he transferred his fifty percent (50%) of the shares of Montoya Park Place to Parsa on July 1, 2020 (making Parsa the one hundred percent (100%)) shareholder. The stock transfer took place on the same day Montoya Park Place sold real property described as Tract 3, Johannsen Subdivision in the City of El Paso, Texas (the "Property"), and, as to the sale proceeds of which, Flores asserts $700,000 was owed and payable to Right IMMIX Capital, Inc. at the time of the closing. It is undisputed Parsa paid Flores $280,000 from the sale proceeds on or about July 2, 2020, the same date Flores resigned "all my positions at Montoya Park Place," and signed a release of "any portion of the disputed amount of $700,000 … or any interest in this matter." Flores also acknowledges i) that prior to the sale he foreclosed on a deed of trust note for a lien he had held on the Property since September 2017, ii) that Montoya Park Place had paid Weststar $10,000 for a title policy, iii) that Weststar issued a title commitment reflecting "the Right IMMIX Capital lien had been 'cut off' by [Flores'] foreclosure," and iv) that he signed the closing documents knowing the HUD-1 did not include any payment to Right IMMIX Capital. Nevertheless, Flores asserts it is Parsa who has engaged in "oppressive, inequitable, and fraudulent acts."

On January 6th and 22nd, 2021, respectively, Weststar (as to "Montoya Park Place") and Fidelity (as to Parsa, Montoya Park Place, Flores, and Deborah Jordan) intervened in the lawsuit

---

[1] This response is filed subject to Defendant's prior Motion for Protective Order as well as their right to timely notice of hearing and to sufficient time to respond.

alleging generally that Montoya Park Place, Parsa and Flores had breached their obligations and warranties under a Debts and Liens Affidavit and that Parsa and Jordan had breached the Guaranty.

On April 21, 2021, Fidelity and Weststar filed their "Joint Motion to Compel Interpleader of Funds into Registry of Court" ("Joint Motion") in which they acknowledged that 1) the sums of $338,000 and $700,000 were on deposit in two (2) Wells Fargo Bank accounts (the "Deposited Funds"), 2) Parsa and Montoya had consented to a Temporary Injunction (the "Injunction"), and 3) the Injunction restrained them from spending, transferring or alienating the Deposited Funds. Nevertheless, Fidelity and Weststar alleged "[t]he Parties have asserted competing claims to the Deposited Funds" and Fidelity and Weststar "object to the monies remaining *outside of the security of the Court Registry*" and "requests [sic] that the Court enter an order compelling Intervenor Defendants to interplead the Deposited Funds into the registry of the Court *where it will remain until the Court determines to whom the Deposited Funds should be awarded*." Exhibit B to the Joint Motion clearly evidences the sums of $700,000 and $338,000, respectively, were deposited into two accounts at Wells Fargo **on July 20, 2020** in the name of Westmount Group, Inc. ("Westmount"), well before the filing of the lawsuit on September 16, 2020 and remained on account as of the date of the letters, January 14, 2021—and before the Injunction was rendered on January 20, 2021 (and filed of record on January 27, 2021). In addition, the Joint Motion and Order granting it specifically reference as the "Deposited Funds" to be deposited into the registry "the two (2) separate Treasury Money Market Funds with Wells Fargo Bank, N.A., in amounts of at least $338,000 and $700,000, respectively (the "Deposited Funds")." In other words, the funds identified, and the subject of the letters/accounts contained, in Exhibit B to the Joint Motion.

On July 16, 2021, Westmount filed its plea in intervention alleging that i) the Deposited Funds "were the property of Westmount Group, Inc.," [ii)] Westmount was not made a party to

3

the [Joint] motion nor was it given notice[]", and "[n]ot withstanding the filing of several motions for reconsideration, the Court has continued to order that the funds belonging to Westmount Group, Inc. be deposited into the registry of the Court."

In response, on August 19, 2021, Weststar filed its First Amended Petition in Intervention now asserting claims not only against Montoya Park Place but also Parsa and Westmount, asking the Court to: 1) issue a declaratory judgment "determining Montoya owns the proceeds notwithstanding that they were deposited into an account purportedly owned by Westmont…[and] that Montoya should be required to reimburse all amounts secured by the RIC Deed of Trust[]"; 2) "avoid[] the [fraudulent] transfer to the extent necessary to pay WestStar's claim and such other relief as the circumstances may dictate[]"; and 3) "order the sale proceeds be deposited into the registry of the Court."

Fidelity filed its Amended Petition in Intervention wherein it has now asserted a crossclaim for breach of contract and indemnity against Weststar seeking payment by Weststar in the sum of $722,949.42, i.e., Fidelity's payment to RIC for Weststar having "not correctly reflect[ed] the status of title to the Property…." Furthermore, "Fidelity has demanded payment of $722,949.42 from WestStar, but, to date, WestStar has not indemnified Fidelity as required by the Issuing Agency Contract."

Then, on August 23, 2021, Westmount filed a voluntary petition for relief under Chapter 11 of the United States Code in the United States Bankruptcy Court for the Western District of Texas, El Paso Division,21-30633-hcm along with an application for stay.

Following the petition for bankruptcy and application for stay, this Court held a hearing on August 24, 2021 at which time it declined to act, tentatively resetting hearings on the Motion for Contempt and Motion to Compel for September 1, 2021. On September 1, 2021, Weststar and

Fidelity agreed to postpone hearings on their respective motions until September 15, 2021, Weststar indicating it may seek a severance as to Westmount given the automatic stay.

It was not until September 9, 2021, Weststar filed its Motion to Sever. In the Motion to Sever, Weststar has alleged, among other things, 1) "to date Parsa has not deposited any funds into the registry of the Court," 2) "Parsa has testified he is the sole shareholder and president of Westmount," 3) "Westmount intervened as a party defendant and then filed for bankruptcy less than two months later[], 4) "[t]he chronology of this litigation shows Parsa has acted in bad faith and he should not be rewarded for this latest litigation tactic[]" and 5) "Westmount Group, Inc. is not harmed by the severance. Westmount will presumably assert the WF Funds are property of the bankruptcy estate and it can assert any defenses available to it in its bankruptcy case."

## II.

### Argument & Authority

**Rule 41**

"A claim is properly severable if (1) the controversy involves more than one cause of action, (2) the severed claim is one that would be the proper subject of a lawsuit if independently asserted, and (3) the severed claim is not so interwoven with the remaining action that they involve the same facts and issues. '[A]voiding prejudice, doing justice, and increasing convenience are the controlling reasons to allow a severance.'" *F.F.P. Oper. Partners v. Duenez*, 237 S.W.3d 680, 693 (Tex. 2007). Texas applies the "logical relationship" test to determine whether claims arise from the same transaction or occurrence. *Commit Tech. Servs. v. Quickel*, 314 S.W.3d 646, 652 (Tex.App.—Houston [14th Dist.] 2010, no pet.); *Community State Bank v. NSW Invs.*, 38 S.W.3d 256, 258 (Tex.App.—Texarkana 2001, pet. dism'd). Under this test, a transaction is flexible and may be a series of many occurrences logically related to one another. *Id.* For the claims to arise from the same transaction, at least some of the facts must be relevant to both claims. *Id.* The claim must be against the opposing party in the same capacity in which that party filed its

claim. *Ingersoll-Rand Co. v. Valero Energy Corp.*, 997 S.W.2d 203, 207 (Tex. 1999), *overruled on other grounds, In re JB Hunt Transp.*, 492 S.W.3d 287 (Tex. 2016); *Wyatt v. Shaw Plumbing Co.*, 760. S.W.2d 245, 247 (Tex. 1988). The claim must not require the presence of additional parties over whom the court cannot acquire personal jurisdiction. Tex. R. Civ. Proc. 97(a); *Ingersoll-Rand*, 997 S.W.2d at 207; *Wyatt*, 760. S.W.2d at 247.

In the instant case, it cannot be disputed that the claims by the Plaintiff and the Intervenor Plaintiffs against Parsa, Montoya Park Place, Jordan and Westmount arise from the same transaction, in that:

- By the Joint Motion, Weststar and Fidelity allege the parties have competing claims to the Deposited Funds and that these funds be deposited in the registry of the Court;

- Weststar's amended petition seeks a declaratory judgment finding that Montoya is the proper owner of the Deposited Funds;

- Weststar's amended petition seeks a finding that the transfer of the Deposited Funds by Montoya to Westmount constituted a fraudulent transfer;

- Westar's amended petition requests the Deposited Funds be deposited into the registry of the Court;

- Fidelity's amended petition has demanded Weststar make payment to it in the sum $722,949.42 to reimburse Fidelity for payment to Right IMMIX Capital based on indemnification provisions within its contract with Weststar;

- Weststar in the Motion to Sever alleges that Parsa, as the sole shareholder of Westmount, has failed to deposit the funds into the registry of the Court and;

- In the Motion to Sever, Weststar alleges Westmount filed its petition in bankruptcy whereby Parsa engaged in a bad faith litigation tactic.

The above allegations readily demonstrate that Weststar, Fidelity's—and Flores' claims— arise from and involve but one transaction—the sale of the Property to Montoya Park Place and payment to it of the sales proceeds. And, as exemplified by Weststar's allegation that Parsa is the

6

sole shareholder of Westmount, i.e., that presumably Parsa can affect the payment of Westmount's funds by withdrawing them from the accounts, each of these parties *persist in their respective requests* that the Deposited Funds be paid into the registry of the Court. The overarching goals of "avoiding prejudice, doing justice, and increasing convenience" which control when seeking a severance are simply not met her. *F.F.P. Oper. Partners*, 237 S.W.3d. at 693.

Assuming for the sake of argument that Westmount's claims in intervention were severed from the Plaintiff's and Westar and Fidelity's claims *against* Westmount's assets/property, would not Westmount nevertheless have an interest in the continued litigation against Parsa and Montoya which lead to Westmount's intervention in the first place—i.e. as to its sole asset, the Deposited Funds? Most certainly it would, including requests for findings declaring the Deposited Funds to be owned by Montoya Park Place, to void or characterize transfers to Westmount as fraudulent, and, that its funds be ordered to be deposited into the registry of the Court by Parsa (because he is Westmount's sole shareholder). Given the universal consensus by the plaintiff parties that they retain "competing claims" to the Deposited funds, one wonders how Westmount's intervention could continue separate from the present action such that its interests in the Deposited Funds could be adequately protected in its absence.

**Automatic Stay**

A bankruptcy petition "operates as a stay, applicable to all entities," of:

> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under [Title 11], or to recover a claim against the debtor that arose before
>
> the commencement of the case under this title;
>
> ....
>
> (3) any act to obtain possession of property of the estate or of property from the

estate or to exercise control over property of the estate;

....

(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under [Title 11];

....

11 U.S.C.A. § 362(a).

Section 362(a)(1)

Section 362(a)(1) stays the commencement or continuation of a judicial proceeding to recover a claim against the debtor.   11 U.S.C.A. § 362(a)(1).

> As a general rule, "[t]he automatic stay of section 362(a) protects only the debtor, property of the debtor or property of the estate. It does not protect non-debtor parties or their property. Thus, section 362(a) does not stay actions against guarantors, sureties, *corporate affiliates*, or other non-debtor parties liable on the debts of the debtor."

*R. Hassell Builders, Inc. v. Texas Floor Serv.*, 546 S.W.3d 816, 825 (Tex.App.—Houston [1st Dist.] 2018, pet. denied) (quoting *In re Chugach Forest Prods., Inc.*, 23 F.3d 241, 246 (9th Cir. 1994) (emphasis in the original) (quoting *In re Advanced Ribbons & Office Prods.*, 125 B.R. 259, 263 (9th Cir. BAP 1991)).  Therefore, although it is established that the automatic stay does "not extend to actions against nondebtors simply because of their relationship with the debtor[,]" (*R. Hassell Builders, Inc.*, 546 S.W.3d at 826 (quoting *In re Pegasus Funds TFN Trading Partners, LP* , 345 S.W.3d 175, 177 (Tex. App.—Dallas 2011, orig. proceeding)), "[c]ourts have acknowledged that an exception to the general rule exists and that a bankruptcy court may invoke section 362 to stay proceedings against a non-debtor in "unusual circumstances" where 'there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a

8

judgment or finding against the debtor.'" *Id.* (quoting *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986).

Here, as set forth above, Weststar has alleges in the Motion to Sever that Parsa has testified that he is the sole shareholder of Westmount. It is undisputed that Parsa is the sole shareholder of Montoya Park Place. The obvious implication of Weststar's pleadings is that Parsa can and, thus, should be, ordered to deposit Westmount's funds into the registry. Therefore, such an order or judgment would "in effect be a judgment or finding against the debtor," Westmount. Therefore, the facts in this case satisfy the exception to the general rule that the stay does not extend to corporate affiliates and presents such "unusual circumstances" where this Court should invoke the automatic stay to protect the non-debtor parties Parsa and Montoya Park Place.

Section 362(a)(3)

The Court in R. Hassell Builders, Inc. noted:

The Fifth Circuit has set out guidelines for determining whether a cause of action should be stayed under section 362(a)(3):

(1) a section 362(a)(3) stay applies to a cause of action that under state (or federal) law belongs to the debtor;

(2) a section 362(a)(3) stay applies to a cause of action that seeks to recover property of the estate where the property is held or controlled by a person or entity other than the debtor; and

(3) in applying the above rules we do so by keeping in mind the Bankruptcy Code's general policies of securing and preserving the debtor's property and of ensuring equal distribution of the debtor's assets to similarly-situated creditors.

*Id.; In re S.I. Acquisition, Inc.*, 817 F.2d 1142, 1146 (5th Cir. 1987). Thus, "a cause of action against a non-debtor may properly be stayed 'where the assets of the bankruptcy would be jeopardized by allowing the court proceeding to go forward against the nondebtor.'" *Id.* (quoting

9

*Tex-Ohio Gas*, 28 S.W.3d at 144; *see also Houston Pipeline Co.*, 213 S.W.3d at 427 (stating that stay under section 362(a)(3) "applies to 'any action, *whether against the debtor or third-parties*, to obtain possession or to exercise control over property of the debtor'") (quoting *A.H. Robins*, 788 F.2d at 1001).

In accord with the interwoven nature of the claims constituting the transaction—and as against the Deposited Funds which disfavor severance pursuant to Rule 41—these facts further militate in favor of the automatic stay as the claims "seek[] to recover or control property of [the] estate."

WHEREFORE, Defendants request this Court to deny the Motion to Sever and also request such other and further relief to which Defendants may be justly entitled.

Respectfully Submitted,

/s/*Troy C. Brown*
Troy C. Brown, Attorney at Law
State Bar No. 00783735
1074 Country Club Rd. Ste. B-4
El Paso, TX 79932
Mailing:  P.O. Box 221588
El Paso, TX 79913
Phone: (915) 543-9669
Fax: (888) 922-3353
troy@tcblegal.com

## CERTIFICATE OF SERVICE

In compliance with Texas Rule of Civil Procedure 21a (e), I, Troy C. Brown, certify that on this the 12th day of September, 2021, a true and correct copy of the foregoing instrument was served through the El Paso County, Texas electronic filing service to all counsel of record in this cause.

/s/*Troy C. Brown*
Troy C. Brown