THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| In re:<br><br>**WESTMOUNT GROUP, LLC**<br><br>Debtor. | § § § § § § § | Case No. 21-30633-hcm<br><br>Chapter 11 |

### RESPONSE TO MOTION TO DISMISS CHAPTER 11 CASE AS BAD FAITH FILING

TO THE HONORABLE JUDGE OF SAID COURT:

Westmount Group, LLC (the "*Debtor*") hereby files this Response to Motion to Dismiss Chapter 11 Case as Bad Faith Filing.

1. Debtor admits the allegations of para. 1.

2. Debtor denies that it was under an order to deposit funds into the registry. Certain parties to a state court action obtained an ex parte order compelling Keyvan Parsa and Montoya Park Place, Inc. to deposit funds belonging to Westmount Group, Inc. into the registry of the court. Westmount Group, Inc. was not a party to the action. As a result, the court was without jurisdiction over Westmount Group, Inc. and its property.

3. Debtor admits the first sentence of para. 3. Debtor admits that certain exhibits are attached. Debtor denies that those exhibits support the void order to deposit funds.

4. Debtor admits the first and second sentences of para. 4. Debtor lacks information sufficient to admit or deny the remainder of para. 4.

5. Debtor admits the first sentence of para. 5. Debtor lacks information sufficient to admit or deny the remainder of para. 5.

6. Debtor lacks information sufficient to admit or deny the allegations of para. 6.

7. Debtor admits the first sentence of para. 7. Debtor lacks information sufficient to admit or deny the allegations of para. 7.

8. Debtor lacks information sufficient to admit or deny the allegations of para. 8.

9. Debtor lacks information sufficient to admit or deny the allegations of para. 9.

10. Debtor lacks information sufficient to admit or deny the allegations of para. 10.

11. Debtor lacks information sufficient to admit or deny the allegations of para. 11.

12. Debtor lacks information sufficient to admit or deny the allegations of para. 12.

13. Debtor admits the first sentence of para. 13. Debtor lacks information sufficient to admit or deny the remaining allegations of para. 13.

14. Debtor lacks information sufficient to admit or deny the allegations of para. 14.

15. Debtor admits that Flores filed suit as alleged.

16. Debtor lacks information sufficient to admit or deny the allegations of para. 16.

17. Debtor lacks information sufficient to admit or deny the allegations of para. 17.

18. Debtor admits that Flores filed the amended petition.

19. Debtor admits that Keyvan Parsa has been represented by the three attorneys in the state court action. Debtor denies the remainder of para. 19.

20. Debtor admits the allegations of para. 20.

21. Debtor lacks information sufficient to admit or deny whether Fidelity National Title paid off Right Immix Capital, LLC but has no reason to dispute such claim. Debtor admits that Flores and Weststar Title have made claims for fraudulent transfer. Debtor denies that Fidelity Title has made a claim for fraudulent transfer.

22. Debtor lacks information sufficient to admit or deny why Fidelity and Weststar filed the Motion for Interpleader. Debtor admits that the Motion for Interpleader was filed and

granted. Debtor admits that Keyvan Parsa sought to have the improper order vacated. Debtor denies the remainder of para. 22 for the reason that the statements are Mr. Kirk's interpretation of the facts as opposed to objective facts.

23. Debtor admits that Troy Brown replaced Carlos Miranda as counsel for Parsa and that Troy Brown filed a Motion to Vacate. The remainder of para. 23 is denied.

24. Debtor denies the allegations of para. 24.

25. Debtor admits the allegations of para. 25.

26. Debtor admits that the Court of Appeals denied the Petition for Mandamus. Debtor denies that the 327th District Court denied its Motion to Vacate. Debtor admits that a Motion for Sanctions and a Motion to Compel Discovery were pending and were set for hearing on August 24, 2021.

27. Debtor admits the first sentence of para. 27. Debtor denies the remainder of para. 27.

28. Paragraph 28 does not contain any factual statements to admit or deny.

29. Debtor denies the allegations of para. 29, except that Debtor admits that the Schedules were filed after the deadline for doing so had expired.

30. Debtor admits the allegations of para. 30.

31. Debtor denies the allegations of para. 31.

32. Debtor denies the allegations of para. 32.

33. Debtor denies the allegations of para. 33.

34. Debtor denies the allegations of para. 34.

35. Debtor admits the first sentence of para. 35. Debtor denies the remainder of para. 35.

36. Debtor denies the allegations of para. 36.

37. Debtor admits that the statements of law in para. 37 are generally correct. Debtor denies the factual averments of para. 37.

38. By way of further response, the standing of Albert Flores to file this motion is questionable at best. Mr. Flores was a shareholder in Montoya Park Place, Inc. After its property was sold, he received a distribution. He then decided that he had not received enough money and sued Montoya Park Place and Keyvan Parsa. His claims against Westmount Group are based on his contention that Montoya Park Place made a fraudulent transfer to Westmount Group. However, in order for that claim to succeed, he must first be a creditor of Montoya Park Place. He has not filed a proof of claim in this case so that Debtor has not had an opportunity to object to this claim.

39. The basis for Mr. Flores's motion to dismiss concerns the funds transferred from Montoya Park Place to Westmount Group. Lacking in Mr. Flores's motion is any mention of the fact that these funds were transferred prior to any litigation being instituted. Therefore, Mr. Flores's suggestion that the funds were transferred to evade the claims of creditors in the underlying state court suit is simply inaccurate.

40. Mr. Flores makes two very inaccurate statements about the funds in question. First, he states that Westmount Group, Inc. was ordered to repay the funds. That is simply false. The ex parte order entered by the State Court never mentioned Westmount Group even though all of the parties to the State Court action were aware that Westmount Group had been in possession of the funds since prior to litigation being initiated. Second, Mr. Flores states that Westmount's Motion to Vacate was denied. This is also quite false. The State Court never ruled upon Westmount's motion.

41. None of the parties to the underlying state court action had an *in rem* claim to the disputed funds. At best, they had an *in personam* claim which could only be exercised by suing Westmount Group, the party in possession of the funds. While this makes them potentially creditors in this action (depending on the merits of their underlying claims) it is not cause to dismiss the bankruptcy case.

Dated: October 4, 2021

Respectfully submitted,

BARRON & NEWBURGER, P.C.

*/s/ Stephen W. Sather*
Stephen W. Sather (SBN 17657520)
7320 N. Mopac Expy., Ste 400
Austin, Texas 78731
Tel (512) 476-9103
Fax (512) 279-0310
ssather@bn-lawyers.com
***ATTORNEYS FOR DEBTOR***

## CERTIFICATE OF SERVICE

By my signature below, I certify that on October 4, 2021, a true and correct copy of the foregoing document was served by United States Mail, first class, postage prepaid to the parties-in-interest listed on the attached matrix, or electronically by the Court's ECF noticing system on those parties-in-interest registered to receive such service.

*/s/ Stephen W. Sather*
Stephen W. Sather

```
Label Matrix for local noticing          Westmount Group, Inc.                 U.S. BANKRUPTCY COURT
0542-3                                   810 N. Kansas Street                  511 E. San Antonio Ave., Rm. 444
Case 21-30633-hcm                        El Paso, TX 79902-5207                EL PASO, TX 79901-2417
Western District of Texas
El Paso
Fri Sep 17 15:25:08 CDT 2021

Albert Flores                            Albert Flores                         City of El Paso
c/o E.P. Bud Kirk                        c/o E.P. Bud Kirk                     c/o Don Stecker
600 Sunland Park Dr., Ste. 4-400         600 Sunland Park Drive                112 E. Pecan St. Suite 2200
El Paso, TX 79912-5134                   Bldg 4, Suite 400                     San Antonio, TX 78205-1588
                                         El Paso, TX 79912-5115

Fidelity National Title Insurance Co     Keyvan Parsa                          Manny Jemente
c/o Shakira Kelley                       7604 Plaza Redonda                    Acala Investments
6900 Dallas Parkway, Ste 610             El Paso TX 79912-8402                 6044 Gateway Blvd East
Plano, TX 75024-7164                                                           El Paso TX 79905-2023


Shabnam Izadpanahi                       Ulrick Moise                          United States Trustee - EP12
36 Micmac Crescent                       Palacio de Paquim,                    U.S. Trustee's Office
North York, ON M2H2K2                    C. Durango 2047                       615 E. Houston, Suite 533
                                         32575 Cd Juarez,                      P.O. Box 1539
                                         Chih. Mexico                          San Antonio, TX 78295-1539

Wells Fargo Business                     WestStar Title, LLC                   Weststar Title, LLC
PO Box 6995                              c/o Kemp Smith LLP                    c/o James W. Brewer
Portland OR 97228-6995                   Attn:  James W. Brewer                221 N. Kansas, Ste 1700
                                         221 N. Kansas, Ste. 1700              El Paso, TX 79901-1401
                                         El Paso, Texas 79901-1401

Brad W. Odell                            Stephen W. Sather                     End of Label Matrix
Mullin Hoard & Brown, LLP                Barron & Newburger, P.C.              Mailable recipients    16
1500 Broadway, Suite 700                 7320 N MoPac Expy                     Bypassed recipients     0
Lubbock, TX 79401-3169                   Suite 400                             Total                  16
                                         Austin, TX 78731-2347
```