**EXHIBIT "7"**

Doc # 20170066567

GF-01004-19446

#105    #6  6 PAGES    Prepared by the State Bar of Texas for use by lawyers only

# DEED OF TRUST

### NOTICE OF CONFIDENTIALITY RIGHTS:

**If You Are a Natural Person, you may remove or strike any of the following information from this instrument before it is filed for record in the public records:  your social security number or your driver's license number.**

Date:  SEPTEMBER 7TH  , 2017    

Grantor:  JOHANNSEN DEVELOPMENT GROUP, INC. a Texas corporation

Grantor's Mailing Address (including county):

Trustee:  E.P. BUD KIRK

Trustee's Mailing Address (including county):

    600 Sunland Park Dr.
    Building Four, Suite 400
    El Paso, Texas 79912
    El Paso County

Beneficiary:   ALBERTO FLORES, individually and as Independent Executor of the Estate of RAMON G. FLORES, Deceased

Beneficiary's Mailing Address (including county):

    3503 Arcadia
    El Paso, Texas 79902
    El Paso County

Note(s)    Date:  SEPTEMBER 7TH  , 2017

    Amount: $437,500.00

    Maker:  JOHANNSEN DEVELOPMENT GROUP, INC. a Texas corporation

    Payee:  ALBERTO FLORES, individually and as Independent Executor of the Estate of RAMON G. FLORES, Deceased

    Final Maturity Date:    April 8, 2018

    Terms of Payment (optional):  As therein described.

Property (including any improvements):

Tract 3 (containing 12.1644 acres, more or less), J.L. JOHANNSEN SURVEY NO. 185, in the City of El Paso, EL Paso, Texas, according to the resurvey of said J.L. JOHANNSEN SURVEY NO. 185, made by El Paso County, Texas, for tax purposes.

Prior Lien(s) (including recording information):

This Deed of Trust lien is secondary to a prior lien in favor of _MJ REAL PROPERTIES, INC DB_____, covering the above-described property.

Other Exceptions to Conveyance and Warranty:

For value received and to secure payment of the note, Grantor conveys the property to Trustee in trust. Grantor warrants and agrees to defend the title to the property. If Grantor performs all the covenants and pays the note according to its terms, this deed of trust shall have no further effect, and Beneficiary shall release it at Grantor's expense.

Grantor's Obligations
Grantor agrees to:
1.  keep the property in good repair and condition;
2.  pay all taxes and assessments on the property when due;
3.  preserve the lien's priority as it is established in this deed of trust;
4.  maintain, in a form acceptable to Beneficiary, an insurance policy that:
    a.  covers all improvements for their full insurable value as determined when the policy is issued and renewed, unless Beneficiary approves a smaller amount in writing;
    b.  contains an 80% coinsurance clause;
    c.  provides fire and extended coverage, including windstorm coverage;
    d.  protects Beneficiary with a standard mortgage clause;
    e.  provides flood insurance at any time the property is in a flood hazard area; and
    f.  contains such other coverage as Beneficiary may reasonably require;
5.  comply at all times with the requirements of the 80% coinsurance clause;
6.  deliver the insurance policy to Beneficiary and deliver renewals to Beneficiary at least ten days before expiration;
7.  keep any buildings occupied as required by the insurance policy; and
8.  if this is not a first lien, pay all prior liens that Grantor is personally liable to pay and abide by all prior lien instruments.
9.  Grantor further agrees to comply with all other provisions of this deed of trust, as well as those of the note hereby secured. Failure to comply with any of such provisions shall constitute a material breach (or default under) this deed of trust, enabling Beneficiary to exercise its remedies of demand, acceleration, and foreclosure hereunder.

Beneficiary's Rights
1.  Beneficiary may appoint in writing a substitute or successor trustee, succeeding to all rights and responsibilities of Trustee.
2.  If the proceeds of the note are used to pay any debt secured by prior liens, Beneficiary is subrogated to all of the rights and liens of the holders of any debt so paid.
3.  Beneficiary may apply any proceeds received under the insurance policy either to reduce the note or to repair or replace damaged or destroyed improvements covered by the policy.
4.  If Grantor fails to perform any of Grantor's obligations, Beneficiary may perform these obligations and be reimbursed by Grantor on demand at the place where the note is payable for any sums so paid, including attorney's fees, plus interest on those sums from the dates of payment at the rate stated in the note for matured, unpaid amounts. The sum to be reimbursed shall be secured by this deed of trust.
5.  If Grantor defaults on the note or fails to perform any of Grantor's obligations or if default occurs on a prior lien note or other instrument, Beneficiary may:
    a.  declare the unpaid principal balance and earned interest on the note immediately due;
    b.  request Trustee to foreclose this lien, in which case Beneficiary or Beneficiary's agent shall give notice of the foreclosure sale as provided by the Texas Property Code as then amended; and
    c.  purchase the property at any foreclosure sale by offering the highest bid and then have the bid credited on the note.

**Trustee's Duties**

If requested by Beneficiary to foreclose this lien, Trustee shall

1. either personally or by agent give notice of the foreclosure sale as required by the Texas Property Code as then amended;

2. sell and convey all or part of the property to the highest bidder for cash with a general warranty binding Grantor, subject to prior liens and to other exceptions to conveyance and warranty; and

3. from the proceeds of the sale, pay, in this order:
   a. expenses of foreclosure, including a commission to Trustee of 5% of the bid;
   b. to Beneficiary, the full amount of principal, interest, attorney's fees, and other charges due and unpaid;
   c. any amounts required by law to be paid before payment to Grantor; and
   d. to Grantor, any balance.

**General Provisions**

1. If any of the property is sold under this deed of trust, Grantor shall immediately surrender possession to the purchaser. If Grantor fails to do so, Grantor shall become a tenant at sufferance of the purchaser, subject to an action for forcible detainer.

2. Recitals in any Trustee's deed conveying the property will be presumed to be true.

3. Proceeding under this deed of trust, filing suit for foreclosure, or pursuing any other remedy will not constitute an election of remedies.

4. This lien shall remain superior to liens later created even if the time of payment of all or part of the note is extended or part of the property is released.

5. If any portion of the note cannot be lawfully secured by this deed of trust, payments shall be applied first to discharge that portion.

6. Grantor assigns to Beneficiary all sums payable to or received by Grantor from condemnation of all or part of the property, from private sale in lieu of condemnation, and from damages caused by public works or construction on or near the property. After deducting any expenses incurred, including attorney's fees, Beneficiary may release any remaining sums to Grantor or apply such sums to reduce the note. Beneficiary shall not be liable for failure to collect or to exercise diligence in collecting any such sums.

7. Grantor assigns to Beneficiary absolutely, not only as collateral, all present and future rent and other income and receipts from the property. Leases are not assigned. Grantor warrants the validity and enforceability of the assignment. Grantor may as Beneficiary's licensee collect rent and other income and receipts as long as Grantor is not in default under the note or this deed of trust. Grantor will apply all rent and other income and receipts to payment of the note and performance of this deed of trust, but if the rent and other income and receipts exceed the amount due under the note and deed of trust, Grantor may retain the excess. If Grantor defaults in payment of the note or performance of this deed of trust, Beneficiary may terminate Grantor's license to collect and then as Grantor's agent may rent the property if it is vacant and collect all rent and other income and receipts. Beneficiary neither has nor assumes any obligations as lessor or landlord with respect to any occupant of the property. Beneficiary may exercise Beneficiary's rights and remedies under this paragraph without taking possession of the property. Beneficiary shall apply all rent and other income and receipts collected under this paragraph first to expenses incurred in exercising Beneficiary's rights and remedies and then to Grantor's obligations under the note and this deed of trust in the order determined by Beneficiary. Beneficiary is not required to act under this paragraph, and acting under this paragraph does not waive any of Beneficiary's other rights or remedies. If Grantor becomes a voluntary or involuntary bankrupt, Beneficiary's filing a proof of claim in bankruptcy will be tantamount to the appointment of a receiver under Texas law.

8. Interest on the debt secured by this deed of trust shall not exceed the maximum amount of nonusurious interest that may be contracted for, taken, reserved, charged, or received under law; any interest in excess of that maximum amount shall be credited on the principal of the debt or, if that has been paid, refunded. On any acceleration or required or permitted prepayment, any such excess shall be canceled automatically as of the acceleration or prepayment or, if already paid, credited on the principal of the debt or, if the principal of the debt has been paid, refunded. This provision overrides other provisions in this and all other instruments concerning the debt.

9. When the context requires, singular nouns and pronouns include the plural.

10. The term note includes all sums secured by this deed of trust.

11. This deed of trust shall bind, inure to the benefit of, and be exercised by successors in interest of all parties.

12. If Grantor and Maker are not the same person, the term Grantor shall include Maker.

13. Grantor represents that this deed of trust and the note are given for the following purposes:

See attached Addendum.

WITNESS MY HAND at El Paso, Texas this ____ day of ___September___, 2017.

JOHANNSEN DEVELOPMENT GROUP, INC.
a Texas corporation

By: _____
Managing Director
Title: President

STATE OF TEXAS

COUNTY OF

This instrument was acknowledged before me on the ____ day of __SEPTEMBER__, 2017, by DEBI JORDAN, as President of JOHANNSEN DEVELOPMENT GROUP, INC.

_____
Notary Public, State of Texas
Notary's name (printed):
_____

Notary's commission expires:_____

**Ronald R Rush**
Notary Public, State of Texas
Comm. Expires 02-07-2021
Notary ID 129297811

PREPARED IN THE LAW OFFICE OF:

AFTER RECORDING RETURN TO:

E.P. BUD KIRK
Terrace Gardens
600 Sunland Park Drive
Bldg. Four, Suite 400
El Paso, Texas 79912
(915) 584-3773
(915) 581-3452 facsimile
budkirk@aol.com

# ADDENDUM TO THE DEED OF TRUST
## FROM
#### *
## TO E.P. BUD KIRK, TRUSTEE
## DATED THE _7TH_ DAY OF _SEPTEMBER_, 2017

The indebtedness ("the Note"), the payment of which is hereby secured, is in part payment of the purchase price of the real property herein described, and is also secured by a Vendor's Lien thereon retained in Deed of even date herewith to the undersigned. This Deed of Trust is given as additional security for the payment of said indebtedness.

Said Note provides that in the event of any sale, contract to sell, conveyance or transfer of title of the herein described property, or in the event of any lease of said property containing an option to purchase or any lease for a longer term than two years, or in the event of the granting of an option to buy the herein described property, then and in any of such events, at the option of the Holder thereof, the payments on said Note shall accelerate and the unpaid balance of the principal on said Note, together with accrued interest, shall immediately become due and payable, and the liens securing said Note, either or both, shall become subject to foreclosure proceedings as the Holder might elect.

It is expressly understood and agreed that should the undersigned, JOHANNSEN DEVELOPMENT GROUP, INC., its successors, or assigns, fail to pay any other indebtedness, or any part thereof, principal or interest, as the same shall become due and payable, which may be secured by a prior lien or liens on the property herein described, the indebtedness hereby secured, shall become due and payable.

The beneficiary ALBERTO FLORES, individually and as Independent Executor of the Estate of RAMON G. FLORES, Deceased, has this day conveyed all of his undivided interest in the above described Property to the Grantor JOHANNSEN DEVELOPMENT GROUP, INC. and taken back the purchase money note for $437,500.00 hereinabove described. The entire Property, however, and not just the undivided interest of ALBERTO FLORES, individually and as Independent Executor of the Estate of RAMON G. FLORES, Deceased, is intended to be security for payment of the Note taken back, on account of the willingness of ALBERTO FLORES, individually and as Independent Executor of the Estate of RAMON G. FLORES, Deceased, to defer his payment for six months, and to subordinate his lien to that of the first lienholder MJ Real Properties, Inc.

The Grantor hereby ASSIGNS to the Beneficiary ALBERTO FLORES, individually and as Independent Executor of the Estate of RAMON G. FLORES, Deceased, the right (but not the obligation) to pay off any indebtedness senior to this Deed of Trust, and to the extent he does pay down or pay off any such senior indebtedness, the sums he pays thereon shall be an addition to the indebtedness secured by this Deed of Trust. He shall also be equitably subrogated to the senior lien-holder's rights to the extent he retires that indebtedness.

Grantor acknowledges receipt of the Real Property Condition Addendum furnished by the vendors prior to the closing of this transaction

EXECUTED this, the ___ _7TH_ day of ___ _SEPTEMBER_, 2017.

JOHANNSEN DEVELOPMENT GROUP, INC.
a Texas corporation

By: _____

Name:  Debi Jordan

Title:  President

Doc # 20170066567
#Pages 6   #NFPages 1
9/11/2017 1:49 PM
Filed & Recorded in
Official Records of
El Paso County
Delia Briones
County Clerk
Fees $46.00

eRecorded

I hereby certify that this instrument was filed on the date and time stamped
hereon by me and was duly recorded by document number in the Official
Public Records of Real Property in El Paso County.



EL PASO COUNTY, TEXAS