# EXHIBIT "14"

Norma Favela Barceleau
District Clerk
El Paso County
2020DCV2997

IN THE 327TH JUDICIAL DISTRICT COURT
EL PASO COUNTY TEXAS

| | | |
|---|---|---|
| ALBERT FLORES, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | CASE NO. 2020DCV2997 |
| KEYVAN PARSA, M.D. and MONTOYA PARK PLACE, INC. | ) ) ) ) | |
| Defendants, | ) ) | |
| FIDELITY NATIONAL TITLE INSURANCE COMPANY and WESTSTAR TITLE, LLC, | ) ) ) ) | |
| Intervenors/Third Party Plaintiffs, | ) ) | |
| v. | ) ) | |
| KEYVAN PARSA, M.D., MONTOYA PARK PLACE, INC., ALBERT FLORES, and DEBORAH JORDAN, | ) ) ) ) | |
| Third Party Defendants, | ) ) | |
| and WESTMOUNT GROUP, INC., | ) ) | |
| Intervenor/Third Party Defendant. | ) | |

## FIRST AMENDED PETITION IN INTERVENTION OF WESTSTAR TITLE, LLC

TO THE HONORABLE JUDGE OF SAID COURT:

**WESTSTAR TITLE, LLC** ("*WestStar*") files this its First Amended Petition in Intervention pursuant to TEX. R. CIV. P. 60, asserting claims against Defendants Montoya Park Place, Inc., Keyvan Parsa, M.D., and Albert Flores, and Intervenor/Defendant Westmount Group, Inc., and in support thereof would respectfully show the Court as follows:

4016080.DOC

## A. Parties

1. WestStar Title, LLC is a Texas limited liability company with its principal place of business in El Paso County, Texas.

2. Plaintiff Albert Flores is an individual who has appeared in this cause through counsel.

3. Defendant Keyvan Parsa, MD is an individual who has appeared in this cause through counsel.

4. Defendant Montoya Park Place, Inc. is a Texas corporation which has appeared in this cause through counsel.

5. Intervenor-Defendant Westmount Group, Inc. is a Texas corporation which has appeared in this cause through counsel.

## B. Discovery Control Plan, Jurisdiction and Venue

6. WestStar submits Level 2 discovery is appropriate in this case pursuant to Rule 190.2 of the Texas Rules of Civil Procedure.

7. Jurisdiction is proper in this Court, as the amount at issue does not exceed the maximum jurisdictional limits of this Court.

8. Venue is proper in El Paso County, Texas, because a substantial part of the acts and omissions that have given rise to this lawsuit occurred in El Paso County and, upon information and belief, the Plaintiff, the Defendants and the Intervenor-Defendant reside and have their principal places of business in El Paso County.

## C. The Lawsuit

9. In this suit Albert Flores, the Plaintiff ("*Flores*") seeks rescission of a Stock Purchase Agreement involving, and appointment of a receiver over, Montoya Park Place, Inc., a

4016080.DOC

Defendant ("*Montoya*"). Flores also seeks various relief relating to proceeds received by Montoya on the sale of the real property referred to as "Tract 3" in the Plaintiff's Third Amended Petition on file in this cause. WestStar acted as closing agent for the sale of Tract 3 and as agent for Intervenor Fidelity National Title Insurance Company ("*Fidelity*"), the buyer's title insurer.

### D. WestStar's Claims

**Factual Background**

10. The real property that is the subject of this lawsuit is commonly known as 5980 Johannsen Road, El Paso, Texas 79932 and legally described as follows ("*Tract 3*"):

> Tract 3, J.L. JOHANNSEN SURVEY NUMBER 185, in the City of El Paso, El Paso County, Texas, according to the resurvey of said J.L. JOHANNSEN SURVEY NUMBER 185 made by El Paso County, Texas, for tax purposes, and containing 12.08 acres of land, more or less.

On or about February 11, 2020 Flores conveyed Tract 3 to Montoya by a Warranty Deed dated February 11, 2020 and recorded at Document #20200012109, Official Records of El Paso County, Texas. At the time Tract 3 was encumbered by a Renewal and Extension Deed of Trust (the "*RIC Deed of Trust*") dated June 28, 2019 and recorded at Document #20190051396, Official Records of El Paso County, Texas. The RIC Deed of Trust was signed by Defendants Keyvan Parsa ("*Parsa*") and Deborah Jordan ("*Jordan*") on behalf of Johannsen Development Group, Inc. ("*Johannsen*") in favor of Right Immix Capital, LLC ("*RIC*") as beneficiary. The RIC Deed of Trust secured a $700,000.00 Promissory Note payable by Johannsen to the order of RIC.

11. On May 7, 2020, Montoya signed a contract to sell Tract 3 to IDEA Public Schools (the "*Purchaser*") for $1,950,000.00. The closing took place on or about July 1, 2020. WestStar acted as closing agent for the sale. WestStar also acted as agent for Fidelity, which issued an owner's policy in favor of Purchaser. In the course of the closing Montoya provided to

WestStar a Commercial Affidavit as to Debts and Liens ("*Affidavit*") dated July 1, 2020. The Affidavit was signed by Parsa and Flores as shareholders and directors of Montoya. Pursuant to the Affidavit Parsa and Flores made various warranties and representations to induce WestStar as Agent for Fidelity to issue a title policy guaranteeing the title to Tract 3 in favor of Purchaser. The warranties and representations made in favor of WestStar included; a) that there were "no outstanding loans, recorded or unrecorded", and b) that there were "No loans of any kind on such property". A copy of the Commercial Affidavit as to Debts and Liens is attached to this Petition as Exhibit "A" and incorporated herein for all purposes.

12. By Special Warranty Deed dated July 1, 2020, Montoya granted, sold and conveyed Tract 3 to Purchaser. The Special Warranty Deed was recorded at Document #20200050290, Real Property Records of El Paso County, Texas. A true and correct copy of the Special Warranty Deed is attached to this Petition as Exhibit "B" and incorporated herein for all purposes.

13. In reliance upon the Affidavit and other representations and warranties of Montoya, Parsa, and Flores, WestStar as closing agent made disbursements of the sale proceeds including a "net amount due" to Montoya of $1,829,295.40. No disbursements were made to RIC.

14. The warranties and representations set out in the Affidavit were false. The RIC Deed of Trust remained of record and the RIC Promissory Note remained unpaid. Both Parsa and Flores knew at the time of the closing that the RIC Deed of Trust remained of record and secured debt that had not been paid.

15. Soon after the closing RIC, WestStar and Fidelity were all demanding return of the sale proceeds sufficient to satisfy the RIC Deed of Trust. Flores also was insisting that Parsa

4016080.DOC

return the funds to WestStar to satisfy the RIC Deed of Trust. Parsa refused. Instead, upon information and belief on or about July 17, 2020 Parsa transferred sale proceeds of approximately $700,000.00 and $338,000.00 to Westmount Group, Inc. ("*Westmount*") to open brokerage accounts with Wells Fargo Bank. Upon information and belief the source of the funds was Montoya and, specifically, a portion of the sale proceeds from the sale of Tract 3 to Purchaser. Upon information and belief a sum of $700,000.00 was separated from the remaining funds to address the claims of WestStar and Fidelity. Upon information and belief Parsa is the president and sole shareholder of Westmount. Upon information and belief Montoya has no assets other than the sale proceeds.

16. In fulfillment of its obligations under its owner's policy issued to Purchaser, Fidelity tendered an amount totaling $722,949.42 to RIC in exchange for the satisfaction and release of the RIC Deed of Trust. Fidelity has made demand upon WestStar for reimbursement of the sums paid by Fidelity to RIC.

## Count I – Breach of Warranty
### (Montoya, Parsa and Flores)

17. By executing the Special Warranty Deed and the Affidavit, Montoya, Parsa and Flores warranted title to Tract 3 and warranted that it was free from outstanding adverse claims or loans. The warranty of title was breached because RIC held a lien on Tract 3 which had not been paid. Due to the breach of warranty Purchaser was damaged. Fidelity indemnified Purchaser under its title policy and has suffered damages in the amount of $722,949.42. Fidelity has made claim on WestStar for this amount. WestStar seeks damages for the breach of warranty as it may show at trial.

4016080.DOC

## Count II – Fraud in a Real Estate Transaction
### (Montoya, Parsa and Flores)

18. The representation contained in the Affidavit that Tract 3 was free from adverse claims or loans was a false representation of an existing material fact, made to WestStar for the purpose of inducing it to act as closing agent and as agent for a title insurer, and relied upon by WestStar in the closing of the sale. WestStar seeks such actual damages pursuant to Tex. Bus. & Comm. Code §27.01 for fraud in a real estate transaction as it may show at trial. Further, upon information and belief the false representation was made with actual awareness of the falsity thereof. Because the false representations were made with actual awareness of the falsity thereof WestStar is entitled to exemplary damages in an amount to be determined at trial.

## Count III – Fraudulent Representations
### (Montoya, Parsa and Flores)

19. Montoya, Parsa and Flores made direct representations to Purchaser and WestStar under the Affidavit that Tract 3 was free from adverse claims or loans. The representations were material in that they induced WestStar to pay to Montoya funds that should have been paid to RIC to satisfy its lien. WestStar relied on the representations in order to close the sale transaction and deliver the sale proceeds to Montoya. The reliance was reasonable as the statements made in the Affidavit were clear and unambiguous and made by Montoya as the seller. The representations were false and upon information and belief were made with the intent to obtain proceeds from the sale transaction to which they were not entitled. WestStar seeks such actual damages as it may show itself entitled to at trial.

## Count IV – Unjust Enrichment
### (Montoya, Parsa and Flores)

20. Montoya, Parsa and Flores received substantially more at closing than they should have had they made disclosure of the outstanding lien. As a result, the Purchaser was damaged.

4016080.DOC

Montoya, Parsa and Flores have wrongfully secured a benefit which would be unconscionable for them to retain. They will be unjustly enriched if allowed to avoid reimbursing the sale proceeds to the extent needed to satisfy the RIC Deed of Trust.

### Count V –Declaratory Judgment
### (Montoya, Parsa, Flores and Westmount)

21. The proceeds received by Montoya at closing should have been reduced by an amount equal to satisfy the outstanding loan owing to RIC and RIC should have been paid at closing. According to Westmount, it is in possession of the proceeds. WestStar requests that the Court enter a declaratory judgment pursuant to Texas Civil Practice and Remedies Code Section 37.001 et seq., determining Montoya owns the proceeds notwithstanding that they were deposited in an account purportedly owned by Westmount. WestStar further requests that the Court enter a declaratory judgment that Montoya should be required to reimburse all amounts secured by the RIC Deed of Trust. WestStar requests that it be awarded its attorney's fees and costs in this declaratory judgment action pursuant to Texas Civil Practice and Remedies Code Section 37.009.

### Count VI –Fraudulent Transfer
### (Montoya and Westmount)

22. WestStar will show the transfer of the proceeds of sale of Tract 3 to accounts owned by Westmount were fraudulent transfers under Tex. Bus. & Comm. Code §24.005(a)(1) or, alternatively, 24.006. Upon information and belief the transfer was made with actual intent to hinder, delay, or defraud WestStar and/or Fidelity. Alternatively, the transfer was made without receiving equivalent value in exchange for the transfer and Montoya was insolvent at that time or became insolvent as a result of the transfer. WestStar seeks judgment; (a) avoiding the transfer

to the extent necessary to pay WestStar's claim and such other relief as the circumstances may dictate.

### Count VII – Injunctive Relief
### (Montoya, Parsa, Flores and Westmount)

23. Flores has filed a Motion for Temporary Restraining Order, generally seeking injunctive relief relating to the proceeds of the sale of Tract 3. WestStar supports the Motion for Temporary Restraining Order and requested injunctive relief, and asks that the Court order the sale proceeds be deposited into the registry of the Court.

WHEREFORE, WestStar prays that this Amended Petition in Intervention be noted and that it be awarded judgment as follows:

a. Judgment against Montoya Park Place, Inc., Keyvan Parsa, and Albert Flores, jointly and severally, for actual damages;

b. Judgment against Montoya Park Place, Inc., Keyvan Parsa and Albert Flores, jointly and severally, for exemplary damages;

c. Declaratory judgment determining that the sale proceeds are owned by Montoya Park Place, Inc. and must be returned to WestStar in such amounts as are necessary to reimburse payment of the RJC Deed of Trust;

d. Judgment avoiding the transfer of the sale proceeds to Westmount;

e. That the Court enter the temporary restraining order and temporary injunction as requested in the Flores's Motion for Temporary Restraining Order and order such proceeds be deposited into the registry of the Court;

f. Judgment against Montoya Park Place, Inc., Keyvan Parsa, Albert Flores, and Westmount Group, Inc., jointly and severally, for attorneys' fees and costs of court; and

4016080.DOC

g. Judgment for such other and further relief to which it may be justly entitled.

Respectfully submitted,

KEMP SMITH LLP
221 N. Kansas, Ste. 1700
El Paso, Texas 79901
915-533-4424
915-546-5360 (FAX)
Attorneys for WestStar Title, LLC

By: _____
James W. Brewer
State Bar No. 02965200
james.brewer@kempsmith.com
Valerie R. Auger
State Bar No. 24076251
Valerie.Auger@kempsmith.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 19, 2021 a true and correct copy of this Amended Petition was delivered by email to Troy C. Brown, Law Office of Troy C. Brown, 1074 Country Club Road, Suite B-4, El Paso, Texas 79913, E.P. Bud Kirk, 600 Sunland Park Dr., Bldg. 4, Ste. 400, El Paso, Texas 79912, Richard Roman, 1018 Brown Street, El Paso, Texas 79902, Shakira Ali Kelley, Fidelity National Law Group, Legacy Town Center II, 6900 Dallas Parkway, Suite 610, Plano, Texas 75024, and Stephen W. Sather, Barron & Newburger, P.C., 7320 N. Mopac Expy, Ste. 400, Austin, Texas 78731.

_____
James W. Brewer

4016080.DOC