IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| In re | § | |
| | § | |
| WESTMOUNT GROUP, INC. | § | Case No. 21-30633-HCM-11 |
| | § | |
| Debtor. | § | |

## EXHIBIT AND WITNESS LISTS FOR HEARING ON AMENDED MOTION TO DISMISS CASE AND APPLICATION TO EMPLOY BARRON & NEWBURGER, P.C.

| | EXHIBITS | | | |
|---|---|---|---|---|
| EXHIBIT NUMBER | DESCRIPTION | OFFERED | OBJECTION | ADMITTED |
| 1 | First Amended Motion to Dismiss this Chapter 11 Case as a Bad Faith Filing (Doc. #32) with Exhibits 1-21. | | | |
| 2 | First Amended Supplement to his Motion to Dismiss this Chapter 11 case as a Bad-Faith Filing (Doc. #33) with Exhibits A-F. | | | |
| 3 | Amended Objection to Application of Steven Sather to be Employed as Attorney for the Debtor-in-Possession (Doc. #35) with Exhibits A-I. | | | |

| WITNESS LIST | | |
|---|---|---|
| Witness Number | Witness Name | Nature of Testimony |
| 1 | ALBERT FLORES | Mr. FLORES will be asked about his Feb. 4, 2020 acquisition of Tract 3, Johannsen Subdivision, through foreclosure of his second-lien note; about conveying Tract 3 to MONTOYA PARK PLACE, INC. on Feb. 9, 2020; about the decision to form MONTOYA PARK PLACE, INC. with KEYVAN PARSA; about an offer to purchase Tract 3 from IDEA PUBLIC SCHOOLS for $1.950 million; about making monthly payments on the first-lien note payable to RIGHT IMMIX CAPITAL, LLC to which he had subordinated his own note; about the closing of the IDEA PUBLIC SCHOOLS contract at WESTSTAR TITLE COMPANY on June 30 and July 1, 2020; about WESTSTAR TITLE's failure to list the RIGHT IMMIX CAPITAL, LLC deed of trust as an |

|  |  | encumbrance; about the resulting overpayment of approximately $720,000 to MONTOYA PARK PLACE, INC. at the closing; about his own part in the closing on July 1, 2020, about his visit to KEYVAN PARSA the next day, July 2, 2020, to try to persuade PARSA to return the $720,000 windfall to the title company; about having no access to the bank account PARSA had set up at WESTERN HERITAGE BANK to receive the funds due to MONTOYA PARK PLACE, INC.; about PARSA's refusal to return the money; about telling PARSA he wanted no part of keeping the windfall and just wanted his rightful share of the proceeds plus reimbursement of half what he had paid to RIGHT IMMIX CAPITAL, LLC; about PARSA asking him how much he needed to have right away; about telling PARSA he needed $280,000 right away and asking PARS when he would get the rest; about PARSA responding "In a little while. Give me a little time." FLORES will further testify that on July 6, 2020 PARSA delivered to him a cashier's check on WESTERN HERITAGE BANK for $280,000 and repeated his promise to pay FLORES the rest of his share of the proceeds "in a little while," that at the end of that week of July 6, 2020, PARSA called him to his office where PARSA had prepared a "Stock Purchase Agreement," the consideration for which was a $50.00 check from PARSA; that demands for payment by RIGHT IMMIX arose around July 17, 2020; and that on or about July 20, 2020, PARSA told FLORES he had taken all the money out of WESTERN HERITAGE BANK and moved it "into Mexico," to an undisclosed location. That over the rest of summer 2020, FLORES continued to ask for the rest of his share of the correct closing proceeds, and to try to persuade PARSA to put back the $720,000 windfall.<br><br>FLORES will also testify that he filed suit in mid-September of 2020, asking for a receiver to be placed in charge of MONTOYA PARK PLACE, and for the remedies of unjust enrichment, real estate fraud, and enforcement of PARSA's personal guaranty of the RIGHT IMMIX note. FLORES amended his state court suit after seeing PARSA's Answer, that the "Stock Purchase Agreement" supposedly surrendered his claims to the rest of the closing proceeds. In his First Amended Petition FLORES added claims for injunctive relief and fraud in a stock purchase transaction.<br><br>FLORES will add that the hearings on injunctive relief in |
|---|---|---|

| | | |
|---|---|---|
| | | the state court produced Agreed Orders. The closing proceeds had purchased money market certificates at Wells Fargo Bank in the name of WESTMOUNT GROUP, INC., in denominations of "at least $700,000" and "at least $338,000." The Agreed Orders specified that the funds were not to be alienated by PARSA.<br><br>As Spring 2021 came on, the 327th District Court ordered PARSA to plead the money market certificate funds of $1,038,000 into the cour's registry. PARSA filed a series of Motions to vacate the deposit order, gradually giving as his reasons these arguments:<br>   a) the funds were safe without being deposited, because he had total control over WESTMOUNT GROUP, INC. and they had never been disturbed;<br>   b) there were early withdrawal penalties of 4.5% on the certificates;<br>   c) the certificates were pledged as collateral for three loans at WELLS FARGO BANK totaling "at least $165,000,";<br>   d) there were other shareholders to reckon with in WESTMOUNT GROUP, INC.;<br>   e) having to deposit the money market certificates would drive WESTMOUNT GROUP, INC. "out of business."<br>   f) In response to PARSA's arguments, the 327th District Court lowered the required deposit from the money market certificates to $750,000. |
| 2 | KEYVAN PARSA | He will be called as an adverse witness, to testify about what he has done with the closing proceeds, what he did with the real estate lien notes receiveable which the Debtor had prior to July 14, 2021, whether he intends to restore any of the closing proceeds to the estate, and what business is carried on by the Debtor. |

Respectfully submitted this ___ day of October, 2012.

/s/ _____
E.P. BUD KIRK
Texas State Bar No. 11508650
600 Sunland Park Drive, Ste. 4-400
El Paso, TX 79912
(915) 584-3773
(915) 581-3452 facsimile
budkirk@aol.com

Attorney for Albert Flores

**CERTIFICATE OF SERVICE**

I do hereby certify that on the 20th day of October, 2021, I did cause a copy via Federal Express of the following Exhibits and Witness List for Hearing on Amended Motion to Dismiss Case and Application to Employ Barron & Newburger, P.C. to Ronda Farrar, Courtroom Deputy, U.S. Bankruptcy Court, 903 San Jacinto Blvd. #322, Austin, TX 78701; and to Stephen W. Sather, 7320 N MoPac Expy, Ste. 400, Austin, TX 78731.

/s/ [signature]
E.P. BUD KIRK

4063.007-MC-102021