UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| In re: | ) |
| | ) |
| WESTMOUNT GROUP, INC., | ) Case No. 21-30633-hcm |
| | ) |
| | ) Chapter 11 |
| | ) |
| Debtor. | ) |
| | ) |

## RESPONSE OF WESTSTAR TITLE, LLC TO FIRST AMENDED MOTION TO DISMISS CHAPTER 11 CASE AS A BAD FAITH FILING

TO THE HONORABLE H. CHRISTOPHER MOTT,
UNITED STATES BANKRUPTCY JUDGE:

WestStar Title, LLC ("*WestStar*"), a creditor in this Chapter 11 case, responds as follows to the First Amended Motion to Dismiss Chapter 11 Case as a Bad Faith Filing ("*Motion*") filed by Albert Flores:

### A. Introduction

1. This chapter 11 case was filed as a last resort to evade an order to deposit funds entered by a state court judge and to shield assets from creditors. The bankruptcy case was filed less than three weeks after a writ of mandamus was denied and the day before a scheduled contempt hearing in state court. Further, shortly before this case was filed the Debtor transferred assets and made several loans to affiliates and companies controlled by a financial adviser. WestStar agrees with Mr. Flores that cause exists to convert or dismiss this case under 11 U.S.C. §1112(b). WestStar believes in light of multiple potentially avoidable transfers and the Debtor's state court litigation conduct, conversion is in the best interest of creditors.

### A. Factual and Procedural Background

2. At the time this Chapter 11 case was filed the following state court lawsuit was pending in the 327th Judicial District Court of El Paso County, Texas (the "*State Cause*"):

> *Albert Flores, Plaintiff, v. Keyvan Parsa, M.D. and Montoya Park Place, Inc., Defendants, Fidelity National Title Insurance Company and WestStar Title, LLC, Intevenors/Third Party Plaintiffs, v. Keyvan Parsa, M.D., Montoya Park Place, Inc., Albert Flores and Deborah Jordan, Third Party Defendants, and Westmount Group, Inc., cause number 2020DCV2997.*

41M3124

Subsequent to this bankruptcy filing an Order was entered in the State Cause severing the claims against the Debtor.

3. The State Cause involves the proceeds of the sale of real property commonly known as 5980 Johannsen Road, El Paso, Texas 79932 (the "*Property*"). The Property was sold on July 1, 2020 by Montoya Park Place, Inc. ("*Montoya*") to IDEA Public Schools ("*IDEA*") for $1,950,000.00. At the time of the sale the sole shareholders of Montoya were Albert Flores ("*Flores*") and Keyvan Parsa ("*Parsa*"). Parsa is president of and a shareholder in the Debtor.

4. At the time of the sale the Property was encumbered by a Renewal and Extension Deed of Trust (the "*Deed of Trust*") dated June 28, 2019 and recorded at Document #20190051396, Official Records of El Paso County, Texas. The Deed of Trust was signed by Parsa and Deborah Jordan on behalf of Johannsen Development Group, Inc. in favor of Right Immix Capital, LLC ("*RIC*") as beneficiary. The Deed of Trust secured a $700,000.00 Promissory Note payable by Johannsen Development Group, Inc. to RIC.

5. The closing took place on July 1, 2020. WestStar acted as closing agent for the sale. WestStar also acted as agent for Fidelity National Title Insurance Company ("*Fidelity*"), which issued an owner's policy in favor of IDEA as purchaser. In the course of the closing Montoya provided to WestStar a Commercial Affidavit as to Debts and Liens signed by Parsa and Flores stating there were no liens on the Property.

6. Soon after the closing RIC, WestStar and Fidelity were demanding return of the sale proceeds to pay the RIC lien. Flores also was insisting that Parsa pay the lien. Parsa, who upon information and belief was in control of the sale proceeds, refused. Fidelity ultimately paid the RIC lien and has asserted cross-claims against WestStar in the State Cause for indemnification.

7. Instead of returning the funds, on or about July 17, 2020 Parsa transferred sale proceeds of approximately $1,038,000.00 to the Debtor to open brokerage accounts with Wells Fargo Bank. Parsa testified in the State Cause that he segregated the sale proceeds sought by Flores and Fidelity/WestStar into two separate accounts.

41M3124

8. In the State Cause Parsa entered into an Agreed Temporary Restraining Order and an Agreed Temporary Injunction, which enjoined Parsa and Montoya from "transferring or in any manner alienating any of the proceeds of the sale of [the Property]". On April 26, 2021 the trial court ordered Parsa and Montoya to deposit sale proceeds in the total amount of $1,038,000.00 into the El Paso County Court Registry. Parsa and his attorneys repeatedly represented the sale proceeds were safe and that deposit of the funds into the court registry was unnecessary. On July 8, 2021, after subsequent evidentiary hearings on motions to reconsider filed by Parsa, the trial court orally ordered Parsa and Montoya to deposit the reduced sum of $750,000 into the court's registry by July 19, 2021. On July 16, 2021 the Debtor intervened to claim Parsa and Montoya had no interest in the sale proceeds. On July 19, 2021 Parsa and Montoya petitioned the Eighth Court of Appeals for a Writ of Mandamus, which was denied on August 4, 2021. Parsa and Montoya never deposited the funds as required by the state court rulings.

9. This bankruptcy case was filed on August 23, 2021. According to the Debtor's Schedules, the Debtor no longer holds the sale proceeds. Upon information and belief, in the five weeks before the bankruptcy filing the Debtor transferred property to affiliates and made loans to affiliates and companies controlled by Parsa's financial adviser. Despite the injunctions and orders entered in the State Cause the Debtor through its principal Mr. Parsa transferred the sale proceeds after several losses in state court. Upon information and belief the loan proceeds were transferred by the Debtor with actual intent to hinder, delay, and/or defraud its creditors.

### B. Legal Argument

10. Pursuant to Section 1112(b) of the Bankruptcy Code, on request of a party in interest and after notice and a hearing, absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case, whichever is in the best interest of creditors and the estate, for cause. A determination of whether or not cause under Section 1112(b) exists rests in the sound discretion of the bankruptcy court. *In re Sullivan Central Plaza I, Ltd.*, 935 F.2d 723, 728 (5th Cir. 1991). The type of "cause" listed in Section 1112(b) are not exclusive. *See* 11

41M3124

U.S.C. Section 1112(b). When determining "cause", the court must consider the totality of the circumstances. *Matter of T-H New Orleans, L.P.*, 116 F.3d 790, 802 (5th Cir. 1997).

11. Cause may include non-enumerated factors, such as when the debtor acts in bad faith. *In re Shea, Ltd.*, 545 B.R. 529, 535 (Bankr. S.D. Tex. 2016). A debtor's attempt to use the provisions of the Bankruptcy Code to gain an unfair advantage in a two party dispute strongly supports a finding of cause for dismissal. *In re Starmark Clinics, LP*, 388 B.R. 729, 736 (Bankr. S.D. Tex. 2008).

12. There is cause to convert or dismiss this case. First, this case was not filed in good faith and is merely the latest in a series of litigation tactics. Second, there has been a substantial or continuing loss and diminution of the estate and there is an absence of a reasonable likelihood of reorganization. Third, there has been a gross mismanagement of the estate.

13. WestStar asserts that conversion is in the best interest of the estate. The Schedules indicate potential avoidance actions against certain insiders of the Debtor and other third parties which the Debtor is (very) unlikely to pursue. The Debtor's principal's conduct in the State Cause evidences the need for court supervision of the Debtor's assets.

WHEREFORE, WestStar Title, LLC moves that this case be converted to a case under Chapter 7 of the Bankruptcy Code, or alternatively for dismissal of this case, and for such other and further relief to which it may be entitled.

Respectfully submitted,

KEMP SMITH LLP
P.O. Drawer 2800
El Paso, Texas 79999-2800
(915) 533-4424
(915) 546-5360 (FAX)
Attorneys for WestStar Title, LLC

By:_____
James W. Brewer
State Bar No. 02965200
James.brewer@kempsmith.com

41M3124

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Response was delivered by first class, U.S. mail to the parties on the attached list this 21st day of October, 2021.

_____
James W. Brewer

41M3124

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0542-3<br>Case 21-30633-hcm<br>Western District of Texas<br>El Paso<br>Thu Oct 21 11:31:54 CDT 2021 | Westmount Group, Inc.<br>810 N. Kansas Street<br>El Paso, TX 79902-5207 | U.S. BANKRUPTCY COURT<br>511 E. San Antonio Ave., Rm. 444<br>EL PASO, TX 79901-2417 |
| Albert Flores<br>c/o E.P. Bud Kirk<br>600 Sunland Park Dr., Ste. 4-400<br>El Paso, TX 79912-5134 | Albert Flores<br>c/o E.P. Bud Kirk<br>600 Sunland Park Drive<br>Bldg 4, Suite 400<br>El Paso, TX 79912-5115 | City of El Paso<br>c/o Don Stecker<br>112 E. Pecan St. Suite 2200<br>San Antonio, TX 78205-1588 |
| Fidelity National Title Insurance Co<br>c/o Shakira Kelley<br>6900 Dallas Parkway, Ste 610<br>Plano, TX 75024-7164 | Keyvan Parsa<br>7604 Plaza Redonda<br>El Paso TX 79912-8402 | Manny Jemente<br>Acala Investments<br>6044 Gateway Blvd East<br>El Paso TX 79905-2023 |
| Montoya Park Place, Inc.<br>810 N. Kansas<br>El Paso, TX 79902-5207 | Shabnam Izadpanahi<br>36 Micmac Crescent<br>North York, ON M2H2K2 | Techrover, Inc.<br>71 Camille<br>El Paso, TX 79912-4539 |
| Ulrick Moise<br>Palacio de Paquim,<br>C. Durango 2047<br>32575 Cd Juarez,<br>Chih. Mexico | United States Trustee - EP12<br>U.S. Trustee's Office<br>615 E. Houston, Suite 533<br>P.O. Box 1539<br>San Antonio, TX 78295-1539 | Wells Fargo Business<br>PO Box 6995<br>Portland OR 97228-6995 |
| WestStar Title, LLC<br>c/o Kemp Smith LLP<br>Attn: James W. Brewer<br>221 N. Kansas, Ste. 1700<br>El Paso, Texas 79901-1401 | Westmount Assets, Inc.<br>810 N. Kansas St.<br>El Paso, TX 79902-5207 | Weststar Title, LLC<br>c/o James W. Brewer<br>221 N. Kansas, Ste 1700<br>El Paso, TX 79901-1401 |
| Brad W. Odell<br>Mullin Hoard & Brown, LLP<br>1500 Broadway, Suite 700<br>Lubbock, TX 79401-3169 | Stephen W. Sather<br>Barron & Newburger, PC<br>7320 N MoPac Expy, Suite 400<br>Austin, TX 78731-2347 | End of Label Matrix<br>Mailable recipients    19<br>Bypassed recipients     0<br>Total                  19 |