# IN THE UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | |
|---|---|
| IN RE: § | |
| § | |
| WESTMOUNT GROUP, INC., § | Case No. 21-30633-HCM-11 |
| § | |
| Debtor. § | |

## SUBCHAPTER V TRUSTEE'S RESPONSE TO FIRST AMENDED MOTION TO DISMISS CHAPTER 11 CASE AS BAD FAITH FILING

TO THE HONORABLE H. CHRISTOPHER MOTT, U.S. Bankruptcy Judge:

NOW COMES, BRAD W. ODELL, SUBCHAPTER V TRUSTEE (the "Trustee"), in the above-referenced bankruptcy proceeding, and files this his Subchapter V Trustee's Response to Albert Flores's *First Amended Motion to Dismiss Chapter 11 Case as a Bad Faith Filing* ("Motion") [Dkt. No. 32], and would respectfully show the Court as follows:

### I. RESPONSE OF TRUSTEE

1. The Trustee does not have first-hand knowledge of the allegations made by Mr. Flores in the Motion to opine as to the truth of the matters asserted therein.

2. On September 30, 2021, the Office of the United States Trustee for Region 7 conducted the 341 meeting (the "Creditors' Meeting") of Westmount Group, Inc. (the "Debtor").

3. During the Creditors' Meeting, the principal of the Debtor, Mr. Keyvan Parsa, appeared and answered questions of the Trustee, creditors' attorneys, and other parties in interest in this Bankruptcy Case. Mr. Parsa testified to multiple transfers from related entities of the Debtor to other related entities of the Debtor and to third parties on behalf of or for the benefit of parties related to the Debtor. The Trustee believes at this time that there may be multiple Chapter 5 causes of action

that could be pursued for the benefit of creditors.

4. For example, Mr. Parsa testified, and as disclosed in the Debtor's Statement of Financial Affairs [Dkt. No. 14], that approximately $450,000 was transferred within the 90 days prior to the bankruptcy filing to Techrover, Inc. The Trustee believes this transfer constitutes a preferential transfer.

5. Additional transfers were disclosed by Mr. Parsa during the Creditors' Meeting that will need further investigation and analysis. Nonetheless, the Trustee asserts that preferential transfers may exist which may be pursued for the benefit of the Debtor's creditors.

6. Because the existence of preferential transfers, as well as other potential Chapter 5 causes of action may exist, the Trustee believes that if the Court determines cause exists under § 1112(b) to either dismiss or convert the Debtor's case to Chapter 7, conversion would be in the best interests of the Debtor's creditors and estate because of these potential preferential and fraudulent transfers. State law does not provide a similar mechanism to recover preferential transfers in Texas.

WHEREFORE, PREMISES CONSIDERED, the Trustee prays that, to the extent the Court determines cause exists under § 1112(b) of the Bankruptcy Code to convert or dismiss the Debtor's bankruptcy case, the Court convert the case to Chapter 7.

Respectfully Submitted,

By: /s/Brad W. Odell
     Brad W. Odell

Mullin Hoard & Brown, LLP
Brad W. Odell, SBN: #24065839
P.O. Box 2585
Lubbock, TX 79408
Tel: 806-765-7491
Fax: 806-765-0553
bodell@mhba.com
***Subchapter V Trustee***

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Trustee's Subchapter V Status Response was served on the following parties in interest via ECF and/or regular U.S. Mail on this 25th day of October, 2021:

1. Westmount Group, Inc.
   810 N. Kansas Street
   El Paso, TX 79902-5207
   *Debtor*

2. Stephen W. Sather
   Barron & Newburger, PC
   7320 N. MoPac Expy, Suite 400
   Austin, TX 78731-2347
   *Attorneys for Debtor*

3. E.P. Bud Kirk
   600 Sunland Park Drive
   Bldg. Four, Suite 400
   El Paso, Texas 79912
   *Attorneys for Albert Flores*

4. James W. Brewer
   Kemp Smith, LLP
   221 N. Kansas, Suite 1700
   El Paso, TX 79901-1401
   *Attorneys for WestStar Title, LLC*

5. James Rose, Jr.
   Office of the U.S. Trustee
   615 E. Houston St., Ste. 533
   San Antonio, Texas 78205

6. All parties receiving ECF Notice in this case.

/s/ Brad W. Odell
Brad W. Odell