IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| In re | § | |
| | § | |
| WESTMOUNT GROUP, INC. | § | Case No. 21-30633-HCM-7 |
| | § | |
| Debtor. | § | |

### RESPONSE OF ALBERT FLORES TO DEBTOR'S MOTION TO DISMISS CASE CONVERTED TO CHAPTER 7

TO THE HONORABLE H. CHRISTOPHER MOTT, UNITED STATES BANKRUPTCY JUDGE:

Now comes the creditor ALBERT FLORES (hereinafter "FLORES") and through his attorney E.P. BUD KIRK files this Response to Debtor WESTMOUNT GROUP, INC.'s Motion to Dismiss Case Converted to Chapter 7, and would show as follows:

1.

The Motion to Dismiss is brought almost immediately in the aftermath of the trial of ALBERT FLORES' bad-faith filing Motion under 11 U.S.C. § 1112(b) on October 26, 2021. ALBERT FLORES opted to ask for conversion to Chapter 7. The proper pleading to overturn the Order converting this case to Chapter 7 would be a Motion for New Trial. Movant shirks the heavy burden of showing error in the decision to convert. There are no grounds of error to overturn the decision, in the Court's discretion, to convert this case to Chapter 7.

2.

This Court heard all the evidence for whether there was cause to convert or dismiss this case, and it found cause in the form of numerous transfers of assets, into and out of the Debtor, for inadequate value and with the deliberate intention to hinder, delay, and/or defeat the claims of creditors.

3.

This Court also found that conversion to Chapter 7 was the more fitting remedy, as opposed to dismissal of the case. The Debtor offered no evidence or argument for dismissal, and should be deemed to have waived any grounds for dismissal made now. The Debtor's principal KEYVAN PARSA now sees the daunting litigation which the Chapter 7 can bring against WESTMOUNT GROUP, INC. and its insiders and affiliates, including PARSA himself. A dismissal is only wanted, to make the Trustee go away.

4.

If this case is dismissed, there will be no way to pursue blatant preferential transfers to insiders, no way to pursue mediate transferees for inadequate value, and no way to pursue post-petition transfers.

5.

The Motion to Dismiss is not brought with clean hands. WESTMOUNT GROUP, INC. has been proven by the overwhelming weight of the evidence to be the recipient and/or maker of at least $1,461,000 in preferential fraudulent transfers, all to insiders. The obvious purpose of the Motion to Dismiss is to escape the recourse which the Bankruptcy Code gives to a Trustee. Dismissal of this case will destroy the chapter 7 Trustee's ability to recover those transfers. And the time to have raised arguments for dismissal was on October 26, 2021.

6.

The proposed revised Order accompanying the Motion to Convert is a new capstone of evasion*, to go upon all the earlier evasions of Mr. PARSA in the 327th District Court and in the sale of Tract 3, Johannsen Subdivision. The seven notes supposedly worth $794,000.00 that would miraculously wind up in the 327th District Court registry once PARSA was no longer confronted by a Chapter 7 Trustee, are owed by insiders and financially weak promissors. The notes are not worth $794,000.00. And PARSA depleted WESTMOUNT GROUP, INC. of at least another half million dollars since June 1, 2021, for which no atonement is proposed.

---

* It was Lincoln who said, "You cannot fool all of the people all of the time."

2

7.

The merits of ALBERT FLORES' claim against WESTMOUNT GROUP, INC. are probably months away from being decided, and they should have only slight relevance to the case dismissal issue. FLORES' claims are multifarious. Only one of them is against WESTMOUNT GROUP, INC. as fraudulent transferee. For a claim against a fraudulent transferee to exist, there must be a debt owed by the fraudulent transferor—here KEYVAN PARSA—to the creditor ALBERT FLORES. This Court had no difficulty in finding that PARSA was the real actor in the many transfers for inadequate value that led up to this bankruptcy filing. FLORES' claims against PARSA are pleaded in detail in his Third Amended Petition in the 327th District Court. The claims are for fraud in a stock sale under Tex. Bus. & Comm. Code §27.01; common-law fraud in the deceptions upon FLORES beginning with PARSA's false promise to pay half of the RIGHT IMMIX monthly payments in Fall, 2019; continuing with PARSA's false promise to put money into MONTOYA PARK PLACE, INC. once it was formed; continuing with PARSA's usurping of control over the Tract 3 sale proceeds and false promises to pay FLORES the rest of his share "in a little while—just give me some time"; deceiving FLORES with the "Stock Purchase Agreement," continuing with the misleading of FLORES as to the proceeds' whereabouts so that he would not learn where they were and try to apply them where they belonged. FLORES alternatively has a claim against PARSA for fraud and rescission of the Stock Purchase Agreement because of its shockingly low consideration; or for unjust enrichment in the same transaction. It was also FLORES who brought the first claim for unjust enrichment against PARSA, on account of his refusal to return the $700,000 windfall from the closing of Tract 3, knowing that would leave FLORES exposed to the claims of WESTSTAR and FIDELITY. FLORES has standing (a pecuniary interest) to bring that claim because WESTSTAR and FIDELITY have both sued FLORES for a false closing Affidavit and breach of the warranty deed; and because return of the windfall by PARSA would have ended the claims of WESTSTAR and FIDELITY against FLORES. While it is true that FLORES has alternatively asked for a receiver over MONTOYA PARK PLACE, INC. and restoration to his damaged interest in its assets, that relief is now impractical because PARSA effectively destroyed MONTOYA PARK PLACE, INC.'s worth when he emptied the WESTERN HERITAGE BANK account to buy $1.461 million in money market certificates for the Debtor.

8.

It is probably the creditors' ironic good fortune in this case, that almost all of the ill-gotten proceeds of the Tract 3 sale wound up in WESTMOUNT GROUP, INC. A Chapter 7 Trustee's avoidance powers are the most comprehensive way to recover them. A dismissal would dash that possibility.

WHEREFORE, PREMISES CONSIDERED, FLORES prays that the Motion to Dismiss Chapter 7 case be denied.

Respectfully submitted this 4th day of November, 2021.

/s/ E.P. Bud Kirk
E.P. BUD KIRK
Texas State Bar No. 11508650
600 Sunland Park Dr.
Building Four, Suite 400
El Paso, TX 79912
(915) 584-3773
(915) 581-3452 facsimile
budkirk@aol.com

Attorney for ALBERT FLORES

### CERTIFICATE OF SERVICE

I do hereby certify that on this 4th day of November, 2021, I did cause a copy of the foregoing Response of Albert Flores to Debtor's Motion to Dismiss Case Converted to Chapter 7 to be mailed to Jim Rose, Attorney for the United States Trustee, 615 E. Houston, Ste. 533, P.O. Box 1539, San Antonio, TX 78295-1539; to Brad W. Odell, Chapter 7 Trustee, 1500 Broadway, Ste. 700, Lubbock, TX 79401-3169; to Westmount Group, Inc., 810 N. Kansas Street, El Paso, TX 79902-5207; to Stephen W. Sather, 7320 N MoPac Expy, Ste. 400, Austin, TX 78731; to City of El Paso, c/o Don Stecker, 112 E. Pecan St., Ste. 2200, San Antonio, TX 78205-1588; to Weststar Title, LLC, c/o James W. Brewer, 221 N. Kansas, Ste. 1700, El Paso, TX 79901-1401; and to all persons who have been identified to date as parties in interest in this case, as shown on the attached list.

/s/ E.P. Bud Kirk
E.P. BUD KIRK

4

4063.007-MC-110121

Fidelity National Title Insurance Co.
c/o Shakira Kelley
6900 Dalls Parkway, Ste. 610
Plano, TX 75024-7164

Wells Fargo Business
P.O. Box 6995
Portland, OR 97228-6995

Albert Flores
3605 Arcadia
El Paso, TX 79902

Keyvan Parsa
7604 Plaza Redonda
El Paso, TX 79912-8402

Keyvan Parsa, M.D. and
Montoya Park Place, Inc.
c/o Mark Walker
221 N. Kansas, Ste. #2000
El Paso, TX 79901
Manny Jemente
Acala Investments
6044 Gateway Blvd. East
El Paso, TX 79905-2023

Shabnam Izadpanahi
36 Micmac Crescent
North York, ON M2H2K2

Troy Chandler Brown
P.O. Box 221588
El Paso, TX 79913

Troy C. Brown
c/o Mannie Kalman
311 Montana, Bldg. A-2, Ste. 106
El Paso, TX 79902

Ulrick Moise
Palacio de Paquim
C. Durango 2047
32575 CD Juarez
Chih. Mexico