## IN THE UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| WESTMOUNT GROUP, INC., | § | Case No. 21-30633-HCM-7 |
| | § | |
| Debtor. | § | Chapter 7 |

## APPLICATION OF CHAPTER 7 TRUSTEE FOR AN ORDER AUTHORIZING EMPLOYMENT OF MULLIN HOARD & BROWN, L.L.P. AS COUNSEL FOR THE CHAPTER 7 TRUSTEE

TO THE HONORABLE H. CHRISTOPHER MOTT, U.S. Bankruptcy Judge:

NOW COMES, BRAD W. ODELL, the duly appointed Chapter 7 Trustee (the "Trustee"), in the above-referenced bankruptcy proceeding, and, pursuant to § 327(a) and (d) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rules 2014 and 9013 of the Bankruptcy Local Rules (the "L. Rules"), files this his Application of Chapter 7 Trustee for an Order Authorizing Employment of Mullin Hoard & Brown, L.L.P. as Counsel for the Chapter 7 Trustee ("Application"). In support of the Application, the Trustee incorporates the *Declaration of Brad W. Odell in Support of Application of Chapter 7 Trustee for an Order Authorizing Employment of Mullin Hoard & Brown, L.L.P. as Counsel for the Chapter 7 Trustee* (the "Declaration"), and would respectfully show the Court as follows:

## I.
## RELIEF REQUESTED

1.     The Trustee requests that the Court enter an order, substantially in the form of the proposed order attached hereto as Exhibit B, authorizing the Trustee to retain Mullin Hoard & Brown, L.L.P. ("MHB"), P.O. Box 2585, Lubbock, Texas 79408-2585; Telephone: 806-765-7491;

Facsimile: 806-765-0553; Email: bodell@mhba.com, as counsel to the Trustee effective as of October 29, 2021. The Trustee is a partner with the law firm of MHB.

## II.
### JURISDICTION

2.      This Court has jurisdiction over this application pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory bases for the relief sought herein are §§ 327 and 704 of the Bankruptcy Code, Bankruptcy Rule 2014, and L. Rules 2014 and 9013.

## III.
### BACKGROUND

5.      On August 23, 2021 (the "Petition Date"), Westmount Group, Inc. (the "Debtor") filed a voluntary petition under chapter 11 of the Bankruptcy Code. The Debtor elected to proceed under Subchapter V of chapter 11. [Dkt. No. 1].

6.      On August 28, 2021, the Office of the United States Trustee for Region 7 appointed Brad W. Odell as the Subchapter V Trustee. [Dkt. No. 5].

7.      On October 26, 2021, the Court conducted a hearing on the First Amended Motion to Dismiss Case filed by Albert Flores. After considering the evidence and argument presented at the hearing, the Court granted the First Amended Motion to Dismiss Case and ordered that the Debtor's bankruptcy case be converted from Chapter 11, Subchapter V to Chapter 7. The Court entered its Order Converting Case to Chapter 7 on October 27, 2021. [Dkt. No. 52].

8.      On October 29, 2021, the Office of the United States Trustee for Region 7 appointed Brad W. Odell as the interim chapter 7 trustee in the Debtor's converted Chapter 7 bankruptcy case. [Dkt. No. 57].

**IV.**
**BASIS FOR RELIEF**

9.    Section 327(d) of the Bankruptcy Code provides that "[t]he court may authorize the trustee to act as attorney … for the estate if such authorization is in the best interest of the estate." 11. U.S.C. § 327(d).

10.    Further, § 327(a) of the Bankruptcy Code provides:

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11.    The Trustee's retention of MHB, which is the law firm of which the Trustee is a partner, is necessary to enable the Trustee to fulfill his duties under the Bankruptcy Code and is in the best interests of the Debtor's bankruptcy estate.

12.    MHB has substantial expertise in all aspects of bankruptcy, has represented chapter 7 and chapter 11 trustees in bankruptcy proceedings in the Northern and Western Districts of Texas. MHB possesses the experience, ability, and resources necessary to provide the full range of services that the Trustee will require during the pendency of the bankruptcy case. Therefore, the Trustee believes that MHB is qualified to provide the Trustee with efficient and effective representation in this bankruptcy case.

**V.**
**SCOPE OF SERVICES**

13.    MHB will provide services to the Trustee, including but not limited to the following:

a.    Analysis, negotiation and collection of notes receivable, and to take appropriate actions, including possible sale or litigation, related to the same as directed by the Trustee;

b.     Analysis and, if directed by the Trustee, litigation of avoidance actions arising under Chapter 5 of the Bankruptcy Code;

c.     Analysis of issues and claims related to non-debtor affiliated entities and insiders;

d.     Representing the Trustee in bankruptcy matters and responding to motions or other pleadings filed by the Debtor; and

e.     Otherwise assist Trustee in the administration of the estate and discharge of his duties, as directed by the Trustee.

## VI.
## MHB'S COMPENSATION

14.     For representation in connection with the matters identified above, fees will be charged at the hourly rates of MHB as follows:

| | | |
|---|---|---|
| a. | Partners and Of Counsel | $285 - $450 |
| b. | Associates | $185 - 265 |
| c. | Paralegals | $155 - $165 |

These hourly rates are subject to periodic adjustments to reflect economic and other conditions, and to reflect the individual attorneys' and paralegals' increased experience and expertise in their respective areas of law.  The persons who will primarily be working on these matters and their hourly rates are as follows:

| | | |
|---|---|---|
| a. | David R. Langston | $450 |
| b. | Brad W. Odell | $350 |
| c. | Mitzi Emert | $165 |

From time to time, other attorneys with MHB may provide assistance and request for approval of any attorneys deemed necessary by the Trustee is also requested, but it is not anticipated that they will appear before this Court.

15.     MHB will maintain detailed and itemized records of all professional services rendered on behalf of the Trustee and any actual and necessary expenses incurred in connection with the legal services for which it may seek reimbursement. A copy of the firm's engagement letter is attached hereto as Exhibit "A".

16.     MHB intends to apply for compensation for professional services rendered, and for reimbursement of expenses incurred, in connection with these cases at its customary hourly rates, in accordance with the provisions of the Code, Rules and the Local Rules and Orders of this Court.

## VII.
## MHB's DISINTERESTEDNESS

17.     Bankruptcy Code § 327(c), provides that:

> A person is not disqualified for employment under this section solely because of such person's employment by or representation of a creditor, unless there is objection by another creditor or the United States Trustee, in which case the court shall disapprove such employment if there is an actual conflict of interest.

18.     As set forth herein and in the Declaration, certain creditors of the estates may be former, current, or future clients of MHB.  The Trustee is not aware of any facts that would cause MHB to be disqualified from serving as counsel on the basis of the existence of an actual conflict of interest.

19.     To the best of the Trustee's knowledge and in reliance upon the Declaration MHB does not hold or represent any interest adverse to the Debtor's estate and is disinterested within the meaning of Bankruptcy Code §§ 101(14) and 327.

20.     In addition, except as otherwise stated herein or in the Declaration, to the best of Trustee's knowledge, MHB has no material connections with the Debtor, the estate or any other party in interest, its respective attorneys or accounts, the United States Trustee, or any person

employed in the office of the United States Trustee, and is disinterested within the meaning of Code §§ 101(14) and 327.

WHEREFORE, PREMISES CONSIDERED, the Trustee prays that the Court enter an Order authorizing the Trustee's employment of Mullin Hoard & Brown, L.L.P. as counsel for the Trustee, effective October 29, 2021, under the terms specified herein and granting such other and further relief as the Court deems necessary and proper.

Respectfully Submitted,

By:    /s/Brad W. Odell
       Brad W. Odell

Mullin Hoard & Brown, LLP
Brad W. Odell, SBN: #24065839
P.O. Box 2585
Lubbock, TX 79408
Tel: 806-765-7491
Fax: 806-765-0553
bodell@mhba.com
***Chapter 7 Trustee***

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Motion was served on the following parties in interest via ECF and/or regular U.S. Mail on this 8th day of November, 2021:

1.    Westmount Group, Inc.
      810 N. Kansas Street
      El Paso, TX 79902-5207
      ***Debtor***

2.    Stephen W. Sather
      Barron & Newburger, PC
      7320 N. MoPac Expy, Suite 400
      Austin, TX 78731-2347
      ***Attorneys for Debtor***

3.    James Rose, Jr.
      Office of the U.S. Trustee
      615 E. Houston St., Ste. 533

San Antonio, Texas  78205

4.      All parties receiving ECF Notice in this case as follows:

James W. Brewer on behalf of Creditor WestStar Title, LLC
jbrewer@kempsmith.com, tschoemer@kempsmith.com

E. P. Bud Kirk on behalf of Creditor Albert Flores
budkirk@aol.com

Stephen W. Sather on behalf of Debtor Westmount Group, Inc.
ssather@bn-lawyers.com, lbagley@bn-lawyers.com;gfriedman@bn-lawyers.com;ejimenez@bn-lawyers.com;phammer@bn-lawyers.com

Donald P. Stecker on behalf of Creditor City Of El Paso
don.stecker@lgbs.com

Shane P. Tobin on behalf of U.S. Trustee United States Trustee - EP12
shane.p.tobin@usdoj.gov,
brian.r.henault@usdoj.gov;Carolyn.Feinstein@usdoj.gov;carey.a.tompkins@usdoj.gov;roxana.peterson@usdoj.gov;gary.wright3@usdoj.gov;deborah.a.bynum@usdoj.gov;aubrey.thomas@usdoj.gov

United States Trustee - EP12
USTPRegion07.SN.ECF@usdoj.gov
.

                  /s/ Brad W. Odell
                  Brad W. Odell

STATE OF TEXAS

COUNTY OF LUBBOCK

### **DECLARATION OF BRAD W. ODELL**

Before me, the undersigned authority, on this day personally appeared Brad W. Odell, a partner in the law firm of MULLIN HOARD & BROWN, L.L.P., being duly sworn by me, upon oath deposed and said:

1.      That he is a resident of Lubbock, Lubbock County, Texas, that he is over 21 years of age and is of sound mind and has never been convicted of an offense; that he is an attorney practicing in Lubbock County, Texas, and possesses all of the qualifications of an attorney or counselor of law in the State.

2.      That the law firm of Mullin Hoard & Brown, L.L.P., consists of attorneys admitted to practice with extensive knowledge and experience in bankruptcy practice and said attorneys of the firm are in all respects qualified to render the necessary legal services requested by the Trustee.

3.      That the law firm of Mullin Hoard & Brown, L.L.P., is disinterested and has no connection with any of the creditors of the estate, or any party of interest, their respective attorneys and accountants, the U.S. Trustee or any person employed in the office of the U.S. Trustee, except as disclosed in said Motion.

4.      That the Trustee and Mullin Hoard & Brown, L.L.P. have entered into an agreement regarding its fees for representation in this case. Any future fees and expenses due Mullin Hoard & Brown, L.L.P., will be paid only upon the filing and approval of an Application For Compensation and Reimbursement of Expenses with this Bankruptcy Court and payment of such fees are subject to the court's Guidelines for Compensation and Expense Reimbursement of Professional and Trustees.

5.      That I have no agreement with any other person or entity to share compensation received by me. I have not shared, or agreed to share, with any person any compensation or reimbursement to be received by me in connection with the services rendered and to be rendered on behalf of the Trustee except as permitted by 11 U.S.C. §504(b).

FURTHER AFFIANT SAITH NAUGHT.

/s/ Brad W. Odell_____
Brad W. Odell

SUBSCRIBED AND SWORN to before me this 8th day of November, 2021.

/s/ Mitzi Emert_____
NOTARY PUBLIC IN AND FOR
THE STATE OF TEXAS



BRAD W. ODELL, Partner
E-mail: bodell@mhba.com
* licensed in Texas and New Mexico

Telephone:  (806) 765-7491
Facsimile:  (806) 765-0553

November 4, 2021

*Via Email:  bodell@mhba.com*
Brad W. Odell
Chapter 7 Trustee, Westmount Group, Inc.
1500 Broadway, Suite 700
Lubbock, Texas  79401

Re:     Representation of Brad W. Odell as the Chapter 7 Trustee in the Westmount
        Group, Inc. bankruptcy, Case No. 21-30633-HCM, United States Bankruptcy
        Court, Western District of Texas, El Paso Division

Dear Brad:

Our firm has adopted a standard set of procedures with regard to our engagements
whereby mutual commitments are undertaken in writing by and between the firm and the client
at the commencement of the engagement.  We have found from experience that these procedures
are instrumental in not only reconfirming the engagement and undertakings by both the firm and
the client, but in reducing the possibilities of future misunderstandings with regard to the fees
and expenses which you will be obligated to pay for these services.  Therefore, this letter will
confirm our understanding and contractual arrangement regarding the terms of this firm's legal
representation and compensation in connection with the matter referenced in this letter.

**1.     Planning, Services and Fees**.  We have agreed to represent and counsel you with
regard to all matters arising from the above-referenced matters.  These services will include all
conferences, correspondence, consultations, research, settlement negotiations, drafting and filing
of all pleadings, undertaking discovery or hearings.

For these services, you have agreed to compensate our firm based on the amount of time
necessary to complete the work based upon our prevailing hourly rates.  Mr. David Langston's
billing rate is $450.00 per hour. Mr. Brad W. Odell's billing rate is $350.00 per hour.  These two
attorneys will be the main attorneys handling your matter. At times other partners may need to be
involved in your representation. Partner billing rates at the firm range from $285.00 per hour to
$450.00 per hour. To reduce overall legal costs, we utilize our associates, law clerks, and
paralegal personnel whenever appropriate.  At the present time our associate rates vary from
$185.00 to $265.00 per hour, our law clerk rate is $110.00 per hour, and our paralegal rates vary
from $80.00 to $165.00 per hour.  Billing rates for attorneys, law clerks, and paralegal personnel
are adjusted periodically.

P. O. Box 2585, 79408-2585 • 1500 Broadway, Suite 700 • Lubbock, Texas 79401
Phone: (806) 765-7491 • Facsimile (806) 765-0553

Lubbock • Amarillo • Dallas

www.mullinhoard.com

**EXHIBIT "A"**

Brad W. Odell
Chapter 7 Trustee, Westmount Group, Inc.
November 4, 2021
Page 2 of 5

Since we will be working on a "time charge" basis, each of the professionals who work on your particular matter will keep an accurate record of the time he or she spends on the services he or she performs, and you will be charged for these services based on the time expended. Our time expended is computed on the basis of one-tenth hour increments. If less than all of any one-tenth hour increment is expended on your behalf, you will be charged for the full one-tenth hour increment. However, it is our practice to exercise fair discretion in billing for a small fraction of an hour.

2. **Expenses and Retention of Other Professionals**. We have agreed that you will be billed and will reimburse the firm for all costs, expenses, and disbursements relative to this engagement. These expenses and costs include filing fees, photocopy expenses, long distance telephone charges, any necessary travel expenses, and postage and delivery charges, all to be billed in accordance with the guidelines issued by the Bankruptcy Court and the Office of the United States Trustee for Region 7.

It is usual and customary for us to recommend the employment of other professionals to provide needed services for any bankruptcy, such as accountants, cash flow consultants, appraisers, auctioneers, and real estate agents. Each of these professionals will only be engaged with your approval and will only be compensated after their proper employment by the Bankruptcy Court and the entry of an order approving their fees and expenses. The retention of these professionals will be subject to separate engagement agreements with you, and you will be solely responsible for the payment of their fees and expenses.

3. **Billing Statements and Payments**. We have agreed that a billing statement will be sent to you by the firm on a monthly basis. Each statement will be dated on or about the first of each month in which you receive that invoice. A copy of our Standard Terms of Engagement is attached for additional information.

After receiving our statement, if you have any questions or problems concerning your fee statement, please contact us immediately so that any questions or problems that you have can be resolved at that time. If you have not contacted us concerning your monthly fee statement within thirty (30) days after receiving it, we will assume that you have no dispute as to the accuracy and validity of such fee statement. Incidentally, all sums due the firm are payable in Lubbock, Lubbock County, Texas.

The payment of legal fees and expenses will occur in accordance with the rules and provisions set forth in the Bankruptcy Code and the procedures of the Bankruptcy Court. Therefore, any fees will be paid only upon the filing and approval of an Application for Compensation and Reimbursement of Expenses with the Bankruptcy Court.

4. **Retainer**. No retainer will be required at this time. If a retainer is required in the future, the firm will address this with you and will work with you to get approval by the bankruptcy court before any retainer is paid.

Brad W. Odell
Chapter 7 Trustee, Westmount Group, Inc.
November 4, 2021
Page 3 of 5

    **5.**    <u>**Lawyer's Creed**</u>.  The Supreme Court of Texas (which hears civil cases) and its counterpart, the Texas Court of Criminal Appeals (which hears criminal cases), have promulgated a creed for lawyers entitled "The Texas Lawyer's Creed -- A Mandate for Professionalism".  This creed is a code of professionalism and is in addition to the code of professional conduct that governs the conduct of lawyers between themselves and their clients.  Our creed requires that we advise you of the creed itself when undertaking your representation.  Accordingly, attached is a copy of our creed for your review.

    **6.**    <u>**Possible Conflict of Interest**</u>.  We have conducted a conflicts of interest check with the information you have supplied and at this time we have no direct conflicts of interest. It is certainly possible during the course of our engagement that other conflicts may arise about which we are currently unaware.  In the event that an irreconcilable conflict of interest should arise, we will discuss it with you and mutually decide the appropriate manner to either resolve it or take the necessary steps to withdraw from representation without harming your interest

    **7.**    <u>**Cooperation**</u>.  To enable us to render effectively the legal services contemplated, you agree to disclose fully and accurately all facts and keep us informed of all developments relating to the matter.  We necessarily must rely on the accuracy and completeness of the facts and information you and your agents provide to us.

    **8.**    <u>**Withdrawal or Termination**</u>.  Our relationship is based upon mutual consent and you may terminate our representation at any time, with or without cause, by notifying us.  Any termination of our services will not affect your responsibility for payment of fees or legal services rendered and of other charges incurred before termination and in connection with an orderly transition of the matter.

    We are subject to the rules of professional conduct for the jurisdictions in which we practice, which list several types of conduct or circumstances that require or allow us to withdraw from representing a client, including for example, nonpayment of fees or costs, misrepresentation or failure to disclose material facts, fundamental disagreements, and conflicts of interest with another client.  We try to identify in advance and discuss with our client any situation that may lead to our withdrawal, and if withdrawal ever becomes necessary, we will discuss the matter completely with you prior to our withdrawal.  If we elect to withdraw for any reason, you will take all steps necessary to free us of any obligation to perform further, including the execution of any documents necessary to complete our withdrawal, and we will be entitled to be paid for all services rendered and other charges accrued on your behalf to the date of the withdrawal.

    Please date and sign this letter acknowledging your approval and acceptance of the terms set forth above and return it to us along with the funds for the retainer, provided this letter correctly sets forth our understanding.  You may retain the duplicate copy for your records.

Brad W. Odell
Chapter 7 Trustee, Westmount Group, Inc.
November 4, 2021
Page 4 of 5


      We appreciate this opportunity to be of service to you and look forward to working with you on this matter.  If you have any questions, please call us.


Very truly yours,

Brad W. Odell
Texas State Bar No. 24065839


BWO/me
Attachments

Brad W. Odell
Chapter 7 Trustee, Westmount Group, Inc.
November 4, 2021
Page 5 of 5


## ACKNOWLEDGED AND AGREED

to on the 4th day of November, 2021.

_____

Brad W. Odell, Chapter 7 Trustee
Westmount Group, Inc.



# Mullin Hoard & Brown, L.L.P.
# Standard Terms of Engagement
# for Legal Services

This statement contains certain standard terms of our engagement as your lawyers and will supplement the engagement letter that we have with you as our client. Unless modified in writing by mutual agreement, these terms will be an integral part of our agreement with you reflected in the engagement letter. Therefore, we ask that you review this document carefully and contact us promptly if you have any questions. We suggest that you retain this document in your file with the engagement letter.

## The Scope of Our Work

You should have a clear understanding of the legal services we will provide. Any questions that you have should be dealt with promptly.

We will at all times act on your behalf to the best of our ability. Any expressions on our part concerning the outcome of your legal matters are expressions of our best professional judgment, but are not guarantees. Those opinions are necessarily limited by our knowledge of the facts and are based on the state of the law at the time they are expressed.

The person or entity that we represent is the person or entity that is identified in our engagement letter, and absent an express agreement to the contrary does not include any affiliates of that person or entity (i.e., any parents, subsidiaries, employees, officers, directors, shareholders or partners of a corporation, partnership, or other entity, or commonly owned corporations, partnerships, or entities). If you believe this engagement includes additional entities or persons as our clients, you should inform us immediately.

The attorney-client relationship will terminate on our completion of any services that you have retained us to perform. If you later retain us to perform further or additional services, our attorney-client relationship will be revived subject to the terms of engagement that we agree on at that time.

The engagement is subject to the Texas Disciplinary Rules of Professional Conduct.

## Who Will Provide the Legal Services

Customarily, each client of the Firm is served by a principal attorney contact. The principal attorney should be someone in whom you have confidence and with whom you enjoy working. You are free to request a change of principal attorney at any time. Subject to the supervisory role of the principal attorney, your work or parts of it may be performed by other lawyers and legal assistants in the Firm. The delegation may be for the purpose of involving lawyers or legal assistants with special expertise in a given area or for the purpose of providing services on the most efficient and timely basis. Whenever practicable, we will advise you of the names of those attorneys and legal assistants who work on your matters.

## How Our Fees Will Be Set

Generally, our fees are based on the time spent by the lawyers and paralegal personnel who work on the matter. We will charge for all time spent in representing your interests, including, by way of illustration, telephone and office conferences with you and your representatives, consultants (if any), opposing counsel, and others; conferences among our legal and paralegal personnel; factual investigation; legal research; responding to your requests for us to provide information to your auditors in connection with reviews or audits of financial statements; drafting letters and other documents; and travel. We will keep accurate records of the time we devote to your work in units of tenths of an hour.

The hourly rates of our lawyers and paralegals are reviewed and adjusted periodically on a Firm-wide basis to reflect current levels of legal experience, changes in overhead costs, and other factors.

Although we may from time to time, at the client's request, furnish estimates of legal fees and other charges that we anticipate will be incurred, these estimates are by their nature inexact (due to unforeseeable circumstances) and, therefore, the actual fees and charges ultimately billed may vary from such estimates.

With your advance agreement, the fees ultimately charged may be based upon a number of additional factors, such as:

- The time and effort required, the novelty and complexity of the issues presented, and the skill required to perform the legal services promptly;

- The fees customarily charged in the community for similar services and the value of the services to you;

- The amount of money or value of property involved and the results obtained;

- The time constraints imposed by you as our client and other circumstances, such as an emergency closing, the need for injunctive relief from court, or substantial disruption of other office business;

- The nature and longevity of our professional relationship with you;

- The experience, reputation and expertise of the lawyers performing the services; and

- The extent to which office procedures and practice systems, which combine the Firm's legal technology, special or speculative research and development, and the expertise and experience of the Firm members as a whole, have produced a high-quality product efficiently.

For certain well-defined services (for example, a simple business incorporation), we will (if requested) quote a flat fee. It is our policy not to accept representation on a flat-fee basis except in such defined-service areas or pursuant to a special arrangement tailored to the needs of a particular client. In all such situations, the flat fee arrangement will be expressed in a letter, setting forth both the amount of the fee and the scope of the services to be provided.

We also will, in appropriate circumstances, provide legal services on a contingent fee basis. Any contingent fee representation must be the subject of a separate and specific engagement letter.

### Additional Charges

In addition to our fees, there will be other charges for items incident to the performance of our legal services, such as photocopying, messengers, travel expenses, long-distance telephone calls, facsimile transmissions, postage, overtime for secretaries and non-legal staff, specialized computer applications such as computerized legal research, and filing fees. The current basis for these charges is set forth below.

The Firm will review this schedule of charges on an annual basis and adjust them to take into account changes in the Firm's costs and other factors.

### Duplicating
The Firm charges $.20 per page. Larger copy projects may be handled by outside services. Charges for those services are billed at actual cost.

### Courier Services
The Firm charges an amount which generally represents cost including the distribution service provided by the Firm. Depending on the volume of work performed by a service provider, the Firm may receive a volume discount during a particular accounting period for which no adjustment is made on an individual client's bill.

### Computer Aided Legal Research (CALR)
Third party providers of CALR services charge the Firm amounts each month based on the type, extent, and duration of the services provided. The Firm charges clients for client research only based on the computed cost to the Firm for the use of the services. This cost is monitored and revised periodically to achieve an average "at cost" rate for clients.

### Telefax
Outgoing long distance facsimile transmissions are charged at $1.00 per page and local facsimile transmissions are charged at .500 per page. No charge is made for incoming facsimile transmissions.

### Telephone
The Firm does not charge for local calls. Long-distance calls are charged at actual cost.

### Postage
All postage, overnight delivery services, and shipping costs are charged at actual cost.

### Travel-Related Expenses
Airfare, meals, and related travel expenses charged to the client represent actual, out-of-pocket cost. Credits earned under the Frequent Flyer Programs accrue to the individual traveler and not to the Firm. No adjustment is made on the client's bill for those credits.

### All Other Costs
The Firm charges actual disbursements for third-party services like court reports, expert witnesses, etc.

Unless special arrangements are otherwise made, fees and expenses of others (such as experts, investigators, consultants and court reports) are the responsibility of, and will be billed directly to, the client. Further, we will forward all

invoices in excess of $500 to the client for direct payment.

### Billing Arrangements and Terms

Our billing rates are based on the assumption of prompt payment. Consequently, unless other arrangements are made, fees for services and other charges will be billed monthly and are payable immediately upon receipt.

### Advances

Clients of the Firm are usually asked to deposit funds as an advance payment with the Firm. In the case of ongoing or lengthy projects, the deposit equals one month's anticipated billing. For shorter projects, the deposit equals the entire expected billing. In the case of lengthy projects, we will expect you to pay the monthly statements we send you when you receive them. If you do not, we may apply the deposit to any outstanding balances on your account and cease work on the project. Otherwise, when the project is completed, we agree to apply the funds deposited against our final billing statement. In the case of shorter projects, the advance payment will be applied first to payment of charges for such items as photocopying, messengers, travel, etc. (as and when incurred) and then to fees for services. You must pay any difference between the final bill on the project and the amount remaining on deposit. Likewise, we will refund to you any unexpended part of your deposit at the conclusion of the project.

### Client Documents

We will maintain any documents you furnish to us in our client file (or files) for this matter. At the conclusion of the matter (or earlier, if appropriate), it is your obligation to advise us as to which, if any, of the documents in our files you wish us to turn over to you. These documents will be delivered to you within a reasonable time after receipt of payment for outstanding fees and costs. We will retain any remaining documents in our files for a certain period of time and ultimately destroy them in accordance with our record retention program schedule then in effect.



MULLIN♦HOARD♦BROWN♦LLP

ATTORNEYS AT LAW

# Texas Lawyer's Creed

I am a lawyer. I am entrusted by the People of Texas to preserve and improve our legal system. I am licensed by the Supreme Court of Texas. I must therefore abide by the Texas Disciplinary Rules of Professional Conduct, but I know that professionalism requires more than merely avoiding the violation of laws and rules. I am committed to this creed for no other reason than it is right.

## I. OUR LEGAL SYSTEM

A lawyer owes to the administration of justice personal dignity, integrity, and independence. A lawyer should always adhere to the highest principles of professionalism.

1. I am passionately proud of my profession. Therefore, "My word is my bond."

2. I am responsible to assure that all persons have access to competent representation regardless of wealth or position in life.

3. I commit myself to an adequate and effective pro bono program.

4. I am obligated to educate my clients, the public, and other lawyers regarding the spirit and letter of this Creed.

5. I will always be conscious of my duty to the judicial system.

## II. LAWYER TO CLIENT

A lawyer owes to a client allegiance, learning, skill, and industry. A lawyer shall employ all appropriate means to protect and advance the client's legitimate rights, claims, and objectives. A lawyer shall not be deterred by any real or imagined fear of judicial disfavor or public unpopularity, nor be influenced by mere self-interest.

1. I will advise my client of the contents of this creed when undertaking representation.

2. I will endeavor to achieve my client's lawful objectives in legal transactions and in litigation as quickly and economically as possible.

3. I will be loyal and committed to my client's lawful objectives, but I will not permit that loyalty and commitment to interfere with my duty to provide objective and independent advice.

4. I will advise my client that civility and courtesy are expected and are not a sign of weakness.

5. I will advise my client of proper and expected behavior.

6. I will treat adverse parties and witnesses with fairness and due consideration. A client has no right to demand that I abuse anyone or indulge in any offensive conduct.

7. I will advise my client that we will not pursue conduct which is intended primarily to harass or drain the financial resources of the opposing party.

8. I will advise my client that we will not pursue tactics which are intended primarily for delay.

9. I will advise my client that we will not pursue any course of action which is without merit.

10. I will advise my client that I reserve the right to determine whether to grant accommodations to opposing counsel in all matters that do not adversely affect my client's lawful objectives. A client has no right to instruct me to refuse reasonable requests made by other counsel.

11. I will advise my client regarding the availability of mediation, arbitration, and other alternative methods of resolving and settling disputes.

## III. LAWYER TO LAWYER

A lawyer owes to opposing counsel, in the conduct of legal transactions and the pursuit of litigation, courtesy, candor, cooperation, and scrupulous observance of all agreements and mutual understandings. Ill feelings between clients shall not influence a lawyer's conduct, attitude, or demeanor toward opposing counsel. A lawyer shall not engage in unprofessional conduct in retaliation against other unprofessional conduct.

1. I will be courteous, civil, and prompt in oral and written communications.

2. I will not quarrel over matters of form or style, but I will concentrate on matters of substance.

3. I will identify for other counsel or parties all changes I have made in documents submitted for review.

4. I will attempt to prepare documents which correctly reflect the agreement of the parties. I will not include provisions which have not been agreed upon or omit provisions which are necessary to reflect the agreement of the parties.

5. I will notify opposing counsel, and, if appropriate, the Court or other persons, as soon as practicable, when hearings, depositions, meetings, conferences or closings are cancelled.

6. I will agree to reasonable requests for extensions of time and for waiver of procedural formalities, provided legitimate objectives of my client will not be adversely affected.

7. I will not serve motions or pleadings in any manner that unfairly limits another party's opportunity to respond.

8. I will attempt to resolve by agreement my objections to matters contained in pleadings and discovery requests and responses.

9. I can disagree without being disagreeable. I recognize that effective representation does not require antagonistic or obnoxious behavior. I will neither encourage nor knowingly permit my client or anyone under my control to do anything which would be unethical or improper if done by me.

10. I will not, without good cause, attribute bad motives or unethical conduct to opposing counsel nor bring the profession into disrepute by unfounded accusations of impropriety. I will avoid disparaging personal remarks or acrimony towards opposing counsel, parties, and witnesses. I will not be influenced by any ill feeling between clients. I will abstain from any allusion to personal peculiarities or idiosyncrasies of opposing counsel.

11. I will not take advantage, by causing any default or dismissal to be rendered, when I know the identity of an opposing counsel, without first inquiring about that counsel's intention to proceed.

12. I will promptly submit orders to the Court. I will deliver copies to opposing counsel before or contemporaneously with submission to the Court. I will promptly approve the form of orders which accurately reflect the substance of the rulings of the Court.

13. I will not attempt to gain an unfair advantage by sending the Court or its staff correspondence or copies of correspondence.

14. I will not arbitrarily schedule a deposition, court appearance, or hearing until a good faith effort has been made to schedule it by agreement.

15. I will readily stipulate to undisputed facts in order to avoid needless costs or inconvenience for any party.

16. I will refrain from excessive and abusive discovery.

17. I will comply with all reasonable discovery requests. I will not resist discovery requests which are not objectionable. I will not make objections nor give instructions to a witness for the purpose of delaying or obstructing the discovery process. I will encourage witnesses to respond to all deposition questions which are reasonably understandable. I will neither encourage nor permit my witness to quibble about words where their meaning is reasonably clear.

18. I will not seek Court intervention to obtain discovery which is clearly improper and not discoverable.

19. I will not seek sanctions or disqualification unless it is necessary for protection of my client's lawful objectives or is fully justified by the circumstances.

## IV. LAWYER AND JUDGE

Lawyers and judges owe each other respect, diligence, candor, punctuality, and protection against unjust and improper criticism and attack. Lawyers and judges are equally responsible to protect the dignity and independence of the Court and the profession.

1. I will always recognize that the position of judge is the symbol of both the judicial system and administration of justice. I will refrain from conduct that degrades this symbol.

2. I will conduct myself in Court in a professional manner and demonstrate my respect for the Court and the law.

3. I will treat counsel, opposing parties, the Court, and members of the Court staff with courtesy and civility.

4. I will be punctual

5. I will not engage in any conduct which offends the dignity and decorum of proceedings.

6. I will not knowingly misrepresent, mischaracterize, misquote or miscite facts or authorities to gain an advantage.

7. I will respect the rulings of the Court.

8. I will give the issues in controversy deliberate, impartial and studied analysis and consideration.

9. I will be considerate of the time constraints and pressures imposed upon the Court, Court staff and counsel in efforts to administer justice and resolve disputes.

**IN THE UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **WESTMOUNT GROUP, INC.,** | § | **Case No. 21-30633-HCM-7** |
| | § | |
| **Debtor.** | § | **Chapter 7** |

<u>**ORDER GRANTING APPLICATION OF CHAPTER 7 TRUSTEE FOR AN ORDER**
**AUTHORIZING EMPLOYMENT OF MULLIN HOARD & BROWN, L.L.P. AS**
**COUNSEL FOR THE CHAPTER 7 TRUSTEE**</u>

On this date came on for consideration the Application of Chapter 7 Trustee for an Order

Authorizing Employment of MULLIN HOARD & BROWN, L.L.P., as Counsel For the Chapter

7 Trustee (the "Application") pursuant to 11 U.S.C. § 327, and all exhibits and attachments to the

Application, including the *Declaration of Brad W. Odell in Support of Application of Chapter 7*

*Trustee for Order Authorizing Employment of Mullin Hoard & Brown, L.L.P. as Special Counsel*

*for Chapter 7 Trustee* (the "Declaration");

Upon consideration of the Court's finding that (i) the Court has jurisdiction over this matter

pursuant to 28 U.S.C. § 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (iii)

venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (iv) the Application and the

<u>Order Granting Application To Employ MHB as Counsel For Trustee</u>
Page 1

**EXHIBIT "B"**

Declaration are in full compliance with all applicable provisions of the Bankruptcy Code, Bankruptcy Rules, and Local Rules; (v) MHB does not represent an interest adverse to the Debtor's estate with respect to the matters upon which they are engaged and are "disinterested persons" within the meaning of that term under § 101(14) of the Bankruptcy Code; (vi) MHB is qualified to represent the Trustee under § 327 of the Bankruptcy Code; (vii) the terms of MHB's employment have been disclosed and are reasonable under the circumstances; (viii) proper and adequate notice of the Application, the deadline to file any objections to the Application, and the hearing thereon was given, and no other or further notice is necessary; (ix) the legal and factual bases set forth in the Application establish just cause for the relief granted herein; (x) the relief sought in the Application is in the best interests of the Debtor's bankruptcy estate and creditors; and (xi) any timely objection to the Application having been withdrawn or overruled for the reasons stated on the record at the hearing; and after due deliberation and sufficient cause appearing therefore, it is hereby ORDERED THAT:

1.      In accordance with §§ 327 and 330 of the Bankruptcy Code, the Trustee is authorized to employ and retain MHB as of October 29, 2021, as counsel, under the terms and conditions set forth in the Application.

2.      MHB is authorized to perform any and all legal services for the Trustee that are necessary or appropriate in connection with this bankruptcy case (the "Case").

3.      MHB will be compensated for its services and reimbursed for related expenses in accordance with the terms and conditions of the Engagement Agreement, as set forth in the Application and the procedures provided in §§ 330 and 331 of the Bankruptcy Code, and in accordance with applicable Bankruptcy Rules, Local Rules, and any other applicable Orders of this Court.

4.      All compensation for services rendered and reimbursement for expenses incurred during the Case shall be paid after further application to and order of this Court, in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable orders of this Court.

5.      This Order shall be immediately effective and enforceable upon entry.

6.      This Order, and all acts taken in furtherance thereof or reliance thereon, shall be effective notwithstanding any objection until further order of this Court.

7.      The Trustee and MHB are authorized to take all actions necessary to effectuate the relief granted pursuant to the order in accordance with the Application.

8.      This Court shall retain jurisdiction with respect to all matters arising from or relating to the implementation of this Order.

9.      Any settlement funds received shall not be disbursed without prior Court approval.

# # #

**APPROVED AND ENTRY REQUESTED BY**:

MULLIN HOARD & BROWN, L.L.P.
P.O. Box 2585
Lubbock, Texas 79408-2585
Telephone: (806)765-7491
Facsimile: (806) 765-0553
Email: bodell@mhba.com

  /s/Brad W. Odell
Brad W. Odell: SBN: 24065839
*Chapter 7 Trustee*