## IN THE UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| WESTMOUNT GROUP, INC., | § | Case No. 21-30633-HCM-7 |
| | § | |
| Debtor. | § | Chapter 7 |

### CHAPTER 7 TRUSTEE'S RESPONSE TO DEBTOR'S MOTION TO DISMISS CHAPTER 7 CASE

TO THE HONORABLE H. CHRISTOPHER MOTT, U.S. Bankruptcy Judge:

NOW COMES, BRAD W. ODELL, the duly appointed Chapter 7 Trustee (the "Trustee"), in the above-referenced bankruptcy proceeding, and files his response to Westmount Group, Inc.'s ("Debtor") Motion to Dismiss Chapter 7 Case ("Motion"), and would respectfully show the Court as follows:

## I.
### RESPONSE

1. Paragraph 1 states the legal basis for the Debtor's Motion and therefore is not subject to response. However, if a response is required, Trustee admits Debtor seeks dismissal of this Case pursuant to § 707(a) of the Bankruptcy Code and Rule 9023 of the Federal Rules of Bankruptcy Procedure.

2. Trustee admits the allegations in paragraph 2 of the Motion.

3. Trustee admits the allegations in paragraph 3 of the Motion.

4. No response is required to paragraph 4. However, if a response is required, Trustee denies Debtor is entitled to dismissal of the Case.

5. The Trustee does not have sufficient knowledge to admit or deny the allegations

contained in paragraph 5.

6. The Trustee is not involved in the State Court Action and lacks sufficient knowledge to admit or deny the allegations in paragraph 6.

7. The Trustee is not involved in the State Court Action and lacks sufficient knowledge to admit or deny the allegations in paragraph 7.

8. The Trustee is not involved in the State Court Action and lacks sufficient knowledge to admit or deny the allegations in paragraph 8.

9. No response is required to paragraph 9. However, if a response is required, Trustee denies any allegations in paragraph 9.

## II.
### ARGUMENT

10. On October 26, 2021, the Court held a hearing on an Amended Motion to Dismiss filed by creditor Albert Flores. After conducting the hearing, including evidence and testimony of Debtor's principal Keyvan Parsa, the Court granted the Amended Motion to Dismiss in part and converted the case due to various transfers made by the Debtor on the eve of the Debtor's bankruptcy filing. In fact, the Debtor transferred approximately $1,000,000 on the petition date.

11. The Court heard evidence that these transfers may in fact be avoidable under the Bankruptcy Code because they may constitute preferential, fraudulent, and/or post-petition transfers.

12. Debtor's Motion seeks to avoid the ramifications of filing for bankruptcy and asserting now that the state court forum is the more appropriate forum to address the disputes and transfers between the Debtor and its creditors.

13. The Trustee, however, disputes that the state court forum can provide sufficient relief

to the benefit of all of the Debtor's creditors on account of the various transfers made by the Debtor on the day of its bankruptcy filing. As this Court has already determined, the conversion of the Debtor's bankruptcy case from Chapter 11 to Chapter 7 provides the best benefit to the Debtor's creditors. Nothing has changed since the October 26, 2021 hearing to require this Court to reconsider its ruling.

14. Additionally, on November 5, 2021, creditor WestStar Title, LLC conducted a 2004 exam of the Debtor wherein the Debtor's principal testified that he transferred approximately $180,000 to himself from the Debtor on the petition date.

15. Debtor's pattern of transfers of funds to remove them from the reach of its creditors is exactly why the Debtor should remain in bankruptcy, the case remain as a case under Chapter 7, and the Trustee allowed to seek to recover for the benefit of the Debtor's creditors as much of the more than $1,000,000 that has been transferred by this Debtor within the last two years.

WHEREFORE, PREMISES CONSIDERED, the Trustee prays that the Court deny the Debtor's Motion to Dismiss Chapter 7 Case and grant such other and further relief as the Court deems necessary and proper.

Respectfully Submitted,

By: /s/Brad W. Odell
Brad W. Odell

Mullin Hoard & Brown, LLP
Brad W. Odell, SBN: #24065839
P.O. Box 2585
Lubbock, TX 79408
Tel: 806-765-7491
Fax: 806-765-0553
bodell@mhba.com
*Chapter 7 Trustee*

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing Motion was served on the following parties in interest via ECF and/or regular U.S. Mail on this 15th day of November, 2021:

1. Westmount Group, Inc.
   810 N. Kansas Street
   El Paso, TX 79902-5207
   *Debtor*

2. Stephen W. Sather
   Barron & Newburger, PC
   7320 N. MoPac Expy, Suite 400
   Austin, TX 78731-2347
   *Attorneys for Debtor*

3. James Rose, Jr.
   Office of the U.S. Trustee
   615 E. Houston St., Ste. 533
   San Antonio, Texas 78205

4. All parties receiving ECF Notice in this case as follows:

   James W. Brewer on behalf of Creditor WestStar Title, LLC
   jbrewer@kempsmith.com, tschoemer@kempsmith.com

   E. P. Bud Kirk on behalf of Creditor Albert Flores
   budkirk@aol.com

   Stephen W. Sather on behalf of Debtor Westmount Group, Inc.
   ssather@bn-lawyers.com, lbagley@bn-lawyers.com;gfriedman@bn-lawyers.com;ejimenez@bn-lawyers.com;phammer@bn-lawyers.com

   Donald P. Stecker on behalf of Creditor City Of El Paso
   don.stecker@lgbs.com

   Shane P. Tobin on behalf of U.S. Trustee United States Trustee - EP12
   shane.p.tobin@usdoj.gov,
   brian.r.henault@usdoj.gov;Carolyn.Feinstein@usdoj.gov;carey.a.tompkins@usdoj.gov;roxana.peterson@usdoj.gov;gary.wright3@usdoj.gov;deborah.a.bynum@usdoj.gov;aubrey.thomas@usdoj.gov

United States Trustee - EP12
USTPRegion07.SN.ECF@usdoj.gov
.

                                                /s/ Brad W. Odell
                                                Brad W. Odell