IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| In re | § | |
| | § | |
| WESTMOUNT GROUP, INC. | § | Case No. 21-30633-HCM-11 |
| | § | |
| Debtor. | § | |

## RESPONSE OF ALBERT FLORES TO THE DEBTOR'S OBJECTION TO PROOF OF CLAIM NO. 2

TO THE HONORABLE H. CHRISTOPHER MOTT, UNITED STATES BANKRUPTCY JUDGE:

Now comes the creditor ALBERT FLORES (hereinafter "FLORES") and through his attorney undersigned files his Response to the Debtor WESTMOUNT GROUP, INC's Objection to his Proof of Claim No. 2, and would show as follows:

### I-XV.

FLORES denies the averments of Objection paragraphs 1, 4, 7, 9, 10, 11, 12, and 15, and admits the averments of Objection paragraphs 2, 3, 5, 6, and 8. Paragraphs 13 and 14 of the Objection merely re-state a Bankruptcy Rule statute, and a principle of law, and they require no responses.

### XVI.

Objection paragraphs 9, 10, 11, and 12 are denied because they are only partially true. With regard to Objection paragraph 9, Mr. FLORES *received* $280,000 from the sales proceeds, but he was entitled to more, and he was promised more. There was no "acceptance" in the sense of the laws of contract or accord and satisfaction. With regard to Objection paragraph 10, the Stock Purchase Agreement consideration was inadequate to have included the rest of FLORES' interest in the sale proceeds, which KEYVAN PARSA had separately promised him. Paragraph 11 of the Objection omits to state that FLORES' state court suit states other causes of action, *i.e.*, common law fraud, fraud in a stock transaction, and unjust enrichments not only in the "stock purchase agreement" but also in PARSA's unjust retention of approximately $700,000 from the

1

closing of Tract 3, Johannsen Subdivision an addition to the City of El Paso, Texas, at WESTSTAR TITLE COMPANY on June 30, and July 1, 2020 (hereinafter"the Tract 3 closing")). Objection paragraph 12 misleadingly states that MONTOYA PARK PLACE, INC. is named by FLORES as the operative transferor of funds to WESTMOUNT GROUP, INC. The named operative transferor in FLORES' state court petition is KEYVAN PARSA.

XVII.

FLORES again incorporates by reference his Third Amended Petition in the 327th District Court for El Paso County, Texas. As the Petition states in several places, and in the prayer, it probably makes no sense anymore to ask for a receiver over MONTOYA PARK PLACE, INC. That relief is requested only in the alternative, and it takes nothing away from the other relief requested.

XVIII.

The contention in Objection paragraph 15, that FLORES must be a creditor of MONTOYA PARK PLACE first, before he can sue WESTMOUNT GROUP, INC. as a fraudulent transferee, is a lamentable over-simplification. KEYVAN PARSA and MONTOYA PARK PLACE, INC. acted together to transfer $1.461 million of the Tract 3 sale proceeds to WESTMOUNT GROUP, INC. on or about July 20, 2020. The transfer was for inadequate consideration—a worthless and illusory promissory note that required no payments at any time and that may never have existed until WESTMOUNT GROUP, INC. was sued for having paid *no* consideration. Mr. PARSA was the inventor of, and the actor in, the transfer. The corporate fiction is to be disregarded, whenever it is used to perpetrate a fraud. *See Castleberry v. Bransecomb*, 721 S.W. 2d 270, at 272 (Tex. Sup. 1986).

XIX.

There is no bankruptcy requirement for the transferor in an avoidable fraudulent transfer, to be the debtor in the bankruptcy case wherein the transfer is avoided against the transferee.

2

XX.

FLORES is a creditor of KEYVAN PARSA. It was KEYVAN PARSA who handled the $720,000 windfall from the Tract 3 closing, who falsely promised FLORES he would get the rest of his legitimate share of the proceeds "in a little while," and it was KEYVAN PARSA who concealed the money's whereabouts from FLORES with the false story of their placement into Mexico while transferring than to WESTMOUNT GROUP, INC. It was also KEYVAN PARSA who defrauded FLORES with false promises (a) to match FLORES 50-50 with monthly payments to RIGHT IMMIX CAPITAL, LLC, and (b) to put more development money into MONTOYA PARK PLACE, INC. It was also KEYVAN PARSA who misled the Plaintiffs and the 327th District Court about the true status of the proceeds of the Tract 3 sale, and then compounded the fraudulent transfer into WESTMOUNT GROUP, INC., by making more fraudulent transfers to his (and WESTMOUNT GROUP, INC.'s) insiders and affiliates.

XXI.

FLORES' claims are multifarious. Only one of them is against WESTMOUNT GROUP, INC. as fraudulent transferee. For a claim by FLORES against a fraudulent transferee to exist, there must be a debt owed to FLORES by the fraudulent transferor—here KEYVAN PARSA. On October 26, 2021, this Court had no difficulty in finding that PARSA was the real actor in the many transfers for inadequate value, into and out of WESTMOUNT GROUP, INC., that led up to this bankruptcy filing. FLORES' claims against PARSA are pleaded in detail in his Third Amended Petition in the 327th District Court. The claims are for fraud in a stock sale under Tex. Bus. & Comm. Code §27.01; common-law fraud in the deceptions upon FLORES beginning with PARSA's false promise to pay half of the RIGHT IMMIX monthly payments in Fall, 2019; continuing with PARSA's false promise to put money into MONTOYA PARK PLACE, INC. once it was formed; continuing with PARSA's usurping of control over the Tract 3 sale proceeds and false promises to pay FLORES the rest of his share "in a little while—just give me a little time"; deceiving FLORES with the "Stock Purchase Agreement," continuing with the misleading of FLORES as to the proceeds' whereabouts so that he would not learn where they were and try to apply them where they belonged. FLORES alternatively has a claim against PARSA for fraud and rescission of the Stock Purchase Agreement because of its shockingly low consideration; or

3

for unjust enrichment in the same transaction. It was also FLORES who brought the first claim for unjust enrichment against PARSA, on account of his refusal to return the $700,000 windfall from the closing of Tract 3, knowing that would leave FLORES exposed to the claims of WESTSTAR and FIDELITY. FLORES has standing (a pecuniary interest) to bring that claim because WESTSTAR and FIDELITY have both sued FLORES for a false closing Affidavit and breach of the warranty deed; and because return of the windfall by PARSA would have ended the claims of WESTSTAR and FIDELITY against FLORES. While it is true that FLORES has alternatively asked for a receiver over MONTOYA PARK PLACE, INC. and restoration to his damaged interest in its assets, that relief is now impractical because PARSA effectively destroyed MONTOYA PARK PLACE, INC.'s worth when he emptied the WESTERN HERITAGE BANK account to buy $1.461 million in money market certificates for the Debtor.

## XXII.

FLORES adds to the allegations and supporting documentation in his Third Amended Statement Petition, facts that have since come to light, through the Debtor's Schedules, and Statement of Affairs and their amendments, and the contents of Mr. PARSA's Rule 2004 Examination, the 341 meeting, the hearing of FLORES' "bad faith filing" Motion on October 26, 2021, and the deposition of KEYVAN PARSA taken on November 8, 2021, as follows:

a) The only consideration given by WESTMOUNT GROUP, INC. for $1,461,000 that it used to purchase money market certificates at WELLS FARGO BANK, was a promissory note "payable" to the holder MONTOYA PARK PLACE, INC., that had no dates for installment payments or maturity;

b) On petition date in this bankruptcy case, KEYVAN PARSA caused $985,000 to be transferred out of WESTMOUNT GROUP, INC. in order to fund real estate note closings for insiders or affiliates of PARSA and the Debtor;

c) PARSA caused the Debtor to begin alienating the WELLS FARGO BANK money market certificate funds as early as June 8, 2021;

d) PARSA paid approximately $180,000 to himself with Debtor funds within days of petition date;

e) PARSA has never explained the whereabouts of another $88,000 in proceeds from the sale of Tract 3;

f) PARSA appears to have caused as much as $451,000 to be paid to his and the Debtor's insider or affiliate TECHROVER, INC. as a transfer that was either a preference or made for inadequate consideration.

WHEREFORE, PREMISES CONSIDERED, FLORES prays that the Debtor's Objection to FLORES' Proof of Claim No. 2 be in all things denied.

Respectfully submitted this 23rd day of November, 2021.

/s/
E.P. BUD KIRK
Texas State Bar No. 11508650
600 Sunland Park Dr.
Building Four, Suite 400
El Paso, TX 79912
(915) 584-3773
(915) 581-3452 facsimile
budkirk@aol.com

Attorney for ALBERT FLORES

## CERTIFICATE OF SERVICE

I do hereby certify that on this 23rd day of November, 2021, I did cause a copy of the foregoing Response of Albert Flores to the Debtor's Objection to His Proof of Claim to be mailed to <u>Jim Rose</u>, Attorney for the United States Trustee, 615 E. Houston, Ste. 533, P.O. Box 1539, San Antonio, TX 78295-1539; to <u>Brad W. Odell</u>, Chapter 7 Trustee, 1500 Broadway, Ste. 700, Lubbock, TX 79401-3169; to <u>Westmount Group, Inc.</u>, c/o Keyvan Parsa, 810 N. Kansas Street, El Paso, TX 79902-5207; to <u>Keyvan Parsa</u>, 7604 Plaza Redonda, El Paso, TX 79912; and to <u>Stephen W. Sather</u>, 7320 N MoPac Expy, Ste. 400, Austin, TX 78731.

/s/ E.P. Bud Kirk
E.P. BUD KIRK

4063.007-MC-111921