IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| WESTMOUNT GROUP, INC., | § | Case No. 21-30633-HCM |
| | § | |
| Debtor. | § | |

**FIRST AND FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF BRAD W. ODELL AS SUBCHAPTER V TRUSTEE**

**THIS PLEADING REQUESTS RELIEF THAT MAY BE ADVERSE TO YOUR INTERESTS.**

**IF NO TIMELY RESPONSE IS FILED WITHIN TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE, THE RELIEF REQUESTED HEREIN MAY BE GRANTED WITHOUT A HEARING BEING HELD.**

**A TIMELY FILED RESPONSE IS NECESSARY FOR A HEARING TO BE HELD.**

TO THE HONORABLE H. CHRISTOPHER MOTT, UNITED STATES BANKRUPCY JUDGE:

NOW COMES, Brad W. Odell, the Subchapter V Trustee ("Trustee") in the above captioned prior to its conversion to Chapter 7, bankruptcy case (the "Case") and files this First and Final Application for Compensation and Reimbursement of Expenses of Brad W. Odell as Subchapter V Trustee (the "Application"), pursuant to section 326 and 330 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014 of the Local Rules of the United States Bankruptcy Court for the Western District of Texas (the "Bankruptcy Local Rules"), seeking allowance on a final basis of all the fees and expenses incurred by applicant from August 26, 2021 through October 27, 2021 (the "Compensation Period"), in the amount of total amount of $3,429.05 ($3,422.00 for fees and $7.05 for expenses).

**A.  Background and Jurisdiction**

1. Westmount Group, Inc. (the "Debtor") filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code on August 23, 2021, in the United States Bankruptcy Court for the Western District of Texas, El Paso Division. The Debtor elected to proceed under Subchapter V of Chapter 11 of the Bankruptcy Code.

2. On August 26, 2021, Brad W. Odell was appointed as Subchapter V Trustee in this bankruptcy cases [Docket #5].

3. On October 27, 2021, the Court entered its Order Converting Case to Chapter 7 [Docket # 52].

4. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue for this proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought by this Application are sections 105, 326, and 330(a) of the Bankruptcy Code.

**B.  Employment and Prior Compensation**

5. The Trustee has not previously filed an application for compensation as Subchapter V Trustee in this Case.

6. The Trustee has not entered into any agreement, express or implied, with any other party for the purpose of fixing or sharing fees or other compensation to be paid for professional services rendered in this Case.

7. No promises have been received by the Trustee as to compensation in connection with this Case other than in accordance with the provisions of the Bankruptcy Code.

C. **Compensation Requested**

8. By this Application, the Trustee is seeking allowance of compensation for professional services rendered as Subchapter V Trustee.

9. The Trustee seeks approval on a final basis of the total fees of $3,422.00 for services rendered as Subchapter V Trustee during the Compensation Period and $7.05 for reimbursement of actual and necessary expenses incurred in connection with the rendition of such services, for a total award of $3,429.05.

10. The Trustee's charges for professional services rendered in this case were billed in accordance with the Notice of Appointment of Subchapter V Trustee. The rates for Brad W. Odell, Subchapter V Trustee, are $290.00 per hour.

11. The Trustee submits that this Application complies with Sections 330 of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, and the United States Trustee Guidelines.

12. The fees sought by the Application reflect an aggregate of 11.80 hours of time spent in performing services during the Compensation Period.

D. **Time Records**

13. In support of the Application, attached hereto as Exhibit "A" is the Fee Application Summary, which sets forth a detailed description of services performed by the Trustee.

14. The services performed by the Trustee are detailed in the Trustee's detailed time records during the Compensation Period attached as Exhibit "B."

15. The Trustee submits that the foregoing services were necessary to fulfill his duties as Subchapter V Trustee, were necessary and beneficial to the bankruptcy estates at the time

these services were rendered, were performed without unnecessary duplication of effort or expense. The Trustee's request for compensation for the foregoing services is reflective of a reasonable amount of time expended in performing such services commensurate with the complexity, importance and nature of the problems, issues and tasks involved.

### E. Standards for the Award of Compensation

16. With respect to the amount of compensation, section 330(a)(1) of the Bankruptcy Code provides, in pertinent part, that the Court may award to a trustee: "reasonable compensation for actual, necessary services rendered." 11 U.S.C. § 330(a)(1)(A).

17. In turn, Bankruptcy Code section 330(a)(3) provides that in determining the amount of reasonable compensation to be awarded, a Court shall consider the nature, the extent, and the value of the services rendered by the trustee, while taking into account all relevant factors, including the following:

- The time spent on such services;

- The rates charged for such services;

- Whether the services were necessary to the administration of, or beneficial at the time which the service was rendered toward the completion of, the chapter 11 case.

- Whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issues or task addressed;

- Whether the trustee has demonstrated skill and experience in consulting within the bankruptcy field; and

- Whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than chapter 11 cases.

11 U.S.C. § 330(a)(3). *See also In re Busy Beaver Bldg. Ctrs., Inc.*, 19 F.3d 833, 850 (3d Cir. 1994) (noting Bankruptcy Code's policy of providing adequate compensation and stating that

"Congress rather clearly intended to provide sufficient economic incentive to lure competent bankruptcy specialists to practice in the bankruptcy courts") (citation and internal quotation marks omitted).

18. In interpreting these authorities to determine an award of compensation, most courts have adopted the standards enumerated in *Am. Benefit Life Ins. Co. v. Baddock* (*In re First Colonial Corp. of Am.*), 544 F.2d 1291, 1298-99 (5th Cir. 1977), cert. denied, 431 U.S. 904. The Trustee respectfully submits that, as demonstrated below, the application of these factors to the services performed by the Trustee as the duly appointed Subchapter V Trustee should result in this Court's allowance of the full compensation sought.

### F. Application of the First Colonial Factors

19. <u>The Time and Labor Required.</u> The professional services rendered by the Trustee have required substantial time and effort.

20. <u>The Novelty and Difficulty of Questions.</u> Novel and complex issues have arisen in the course of this case.

21. <u>The Skill Requisite to Perform the Firm's Services Properly.</u> The Trustee believes that his expertise in the areas of bankruptcy, real estate and commercial law, combined with his approach to the resolution of issues contributed to the protection of the bankruptcy estate's interests.

22. <u>The Preclusion of Other Employment by Applicant Due to Acceptance of the Cases.</u> To a certain extent, the Trustee appointment precluded other new clients.

23. <u>The Customary Fee.</u> The compensation sought herein is based upon the Trustee's approved hourly billing rate for services of this kind. The Trustee respectfully submits that the compensation sought herein is not unusual given the magnitude and complexity of this Case and

the time dedicated to serving as the Subchapter V trustee. Such compensation is commensurate with fees charged by other firms of comparable experience.

24. <u>Whether the Fee is Fixed or Contingent</u>. The Trustee charges customary hourly rates for his services based on experience and the fee is not outcome-dependent. Pursuant to Sections 330 and 331 of the Bankruptcy Code, all fees sought by professionals retained under Section 327 or 1103 of the Bankruptcy Code are contingent pending final approval by the Court and are subject to adjustment by the Court depending upon the services rendered and the results obtained.

25. <u>Time Limitation Imposed by Client or Other Circumstances</u>. Occasionally in this case, the Trustee has had to perform its services under significant time constraints.

26. <u>The Amount Involved and Results Obtained</u>. The Trustee worked with counsel for the Debtor, other creditors, and parties-in-interest to work towards the confirmation of a consensual plan; however, the Debtor moved to revoke her designation as a Subchapter V proceeding.

27. <u>The Experience, Reputation and Ability of the Trustee</u>. The Trustee's experience enables him to perform the services described herein competently and expeditiously. The Trustee is experienced and regarded as qualified in the business bankruptcy reorganization field.

28. <u>The "Undesirability" of the Case</u>. This Case was not undesirable, but as already indicated, has required a significant commitment of time from the Trustee.

29. <u>Nature and Length of Professional Relationship</u>. Brad W. Odell was appointed as Subchapter V Trustee on August 26, 2021.

30. <u>Actual and Necessary Expenses</u>. The Trustee has incurred minimal actual and necessary expenses during the course of the Compensation Period.

31. The Trustee spent one and a half hours in preparing this Application and might incur additional fees and expenses if attendance at any hearings thereon is required. The Trustee requests that these fees be paid by the Bankruptcy Estate as an administrative expense and in accordance with the Bankruptcy Code.

WHEREFORE, Brad W. Odell, as Subchapter V Trustee, respectfully requests that the Court enter an order: (a) approving this Application on a "final" basis; (b) allowing Brad W. Odell, as Subchapter V Trustee, a total sum of $3,429.05 consisting of $3,422.00 in fees earned and $7.05 in expenses incurred during the Compensation Period; (c) ordering the Chapter 7 Trustee to pay to the Trustee the $3,429.05 in allowed fees and expenses in accordance with the Bankruptcy Code; and (d) allowing such other and further relief to which he is justly entitled.

Dated: January 13, 2022                 Respectfully Submitted,

By:    /s/ Brad W. Odell
       Brad W. Odell, SBN: 24065839

MULLIN HOARD & BROWN, LLP
Brad W. Odell, SBN: 24065839
P. O. Box 2585
Lubbock, Texas 79408-2585
Tel: (806) 765-7491
Fax: (806) 765-0553
Email: bodell@mhba.com
**Subchapter V Trustee**

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 13th day of January, 2022, a true and correct copy of the foregoing document was filed with the Court and served by first class mail, postage prepaid and properly addressed to all parties listed on the attached Mailing Matrix and/or electronically upon those parties registered to receive electronic notice via the Court's CM/ECF system.

                                            By:    /s/ Brad W. Odell
                                                         Brad W. Odell

```
Label Matrix for local noticing      United States Trustee (SMG37)         Westmount Group, Inc.
0542-3                               U.S. Trustee's Office                 810 N. Kansas Street
Case 21-30633-hcm                    615 E. Houston, Suite 533             El Paso, TX 79902-5207
Western District of Texas            P.O. Box 1539
El Paso                              San Antonio, TX 78295-1539
Thu Jan 13 14:38:05 CST 2022

U.S. BANKRUPTCY COURT                Albert Flores                         Albert Flores
511 E. San Antonio Ave., Rm. 444     c/o E.P. Bud Kirk                     c/o E.P. Bud Kirk
EL PASO, TX 79901-2417               600 Sunland Park Dr., Ste. 4-400      600 Sunland Park Drive
                                     El Paso, TX 79912-5134                Bldg 4, Suite 400
                                                                           El Paso, TX 79912-5115

City of El Paso                      Fidelity National Title Insurance Co  Keyvan Parsa
c/o Don Stecker                      c/o Shakira Kelley                    7604 Plaza Redonda
112 E. Pecan St. Suite 2200          6900 Dallas Parkway, Ste 610          El Paso TX 79912-8402
San Antonio, TX 78205-1588           Plano, TX 75024-7164


Manny Jemente                        Montoya Park Place, Inc.              Shabnam Izadpanahi
Acala Investments                    810 N. Kansas                         36 Micmac Crescent
6044 Gateway Blvd East               El Paso, TX 79902-5207                North York, ON M2H2K2
El Paso TX 79905-2023


Techrover, Inc.                      Ulrick Moise                          United States Trustee - EP12
71 Camille                           Palacio de Paquim,                    U.S. Trustee's Office
El Paso, TX 79912-4539               C. Durango 2047                       615 E. Houston, Suite 533
                                     32575 Cd Juarez,                      P.O. Box 1539
                                     Chih. Mexico                          San Antonio, TX 78295-1539

Wells Fargo Business                 WestStar Title, LLC                   Westmount Assets, Inc.
PO Box 6995                          c/o Kemp Smith LLP                    810 N. Kansas St.
Portland OR 97228-6995               Attn:  James W. Brewer                El Paso, TX 79902-5207
                                     221 N. Kansas, Ste. 1700
                                     El Paso, Texas 79901-1401

Weststar Title, LLC                  Brad W. Odell
c/o James W. Brewer                  Mullin Hoard & Brown, LLP
221 N. Kansas, Ste 1700              1500 Broadway, Suite 700
El Paso, TX 79901-1401               Lubbock, TX 79401-3169
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(u)Fidelity National Title Insurance Company    End of Label Matrix
                                                Mailable recipients    19
                                                Bypassed recipients     1
                                                Total                  20
```

# EXHIBIT "A"
## IN THE UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| WESTMOUNT GROUP, INC., | § | Case No. 21-30633-HCM |
| | § | |
| Debtor. | § | |

## FEE APPLICATION SUMMARY

I. CLIENT: Bankruptcy Estate of WESTMOUNT GROUP, INC.

II. REQUESTING APPLICANT/FIRM: Brad W. Odell, Subchapter V Trustee

III. TOTAL AMOUNT OF FEES REQUESTED:

    a. Fees: $3,422.00
    b. Expenses: $7.05
    c. Retainer: None
    d. Time Period Covered: August 23, 2021 through October 27, 2021

IV. BREAKOUT OF CURRENT APPLICATION

| Attorney/Paralegal | Hours Spent | Hourly Rate | Total |
|---|---|---|---|
| Brad W. Odell | 11.80 | $290.00 | $ 3,422.00 |
| **TOTAL:** | **11.80** | | **$ 3,422.00** |

MINIMUM FEE INCREMENTS: The Trustee bills time in tenth of hours.

EXPENSES: The Trustee is requesting $7.05 in expenses. The Trustee charges $.20 per page for photocopying; and all other expenses are based on actual charges (no premium) for expenses incurred, including long distance telephone calls, postage, reimbursement of travel expenses and charges for services by third parties. Below is a summary of the expenses charged:

| | |
|---|---|
| Postage | $ .53 |
| Copy Charges | $ 2.20 |
| PACER | $ 0.00 |
| Long Distance Calls | $ 4.32 |
| **TOTAL:** | **$ 7.05** |

AMOUNT ALLOCATED FOR PREPARATION OF THIS FEE APPLICATION: The Trustee has billed one and a half hours for the preparation of this fee application as of the time of filing. Additional expenses incurred for the serving of this fee application and any preparation and attendance at a hearing on this fee application will be included in invoices at a later time.

V.  PRIOR APPLICATIONS: None.

VI. OTHER CO-EQUAL OR ADMINISTRATIVE CLAIMANTS IN THIS CASE:

  a.  Counsel for the Debtor; and
  b.  Chapter 7 Trustee and professionals.

It is believed that allowance of the Trustee's Fee Application will not result in the Debtor's estate not being able to pay all co-equal administrative claims in this case.

VII. RESULTS OBTAINED:

  1.  **Case Administration:** This included but is not limited to administrative work associated with being appointed Trustee; review of filings of the Debtor including, pleadings, schedules, statement of financial affairs, orders, and disclosures; preparation for and attendance at Initial Debtor Interview, hearings, and creditors' meetings; preparation of responses filed by Trustee; and preparation of fee application.
      **(BWO: 10.20 hours @ $290.00/hour = TOTAL: $2,958.00)**

  2.  **Work related to Creditors' Claims:** This included but is not limited to work associated with reviewing claims of creditors and discussions with creditors and debtor regarding case.
      **(BWO: 1.10 hours @ $290.00/hour = TOTAL: $319.00)**

  3.  **Work Related to Chapter 11 Plan:** This included but is not limited to work associated with review and analyzing status report and attendance at Status Conference.
      **(BWO: .50 hours @ $290.00/hour = TOTAL: $145.00)**

**EXHIBIT "B"**



**MHB**
ATTORNEYS AT LAW

P. O. BOX 31656
AMARILLO, TX 79120-1656
806-372-5050

TAX ID #75-2319090

***INVOICE***

Brad W. Odell, Subchapter V Trustee
1500 Broadway, Suite 700
Lubbock, TX 79401

| | |
|---|---:|
| Page: | 1 |
| Invoice Date: | September 9, 2021 |
| Account No.: | 18167.30 |
| Invoice No.: | 1 |

Westmount Group, Inc. (Ch. 11 Bankruptcy)

### FEES

| Date | TK | Description | HOURS | |
|---|---|---|---:|---:|
| 08/26/2021 | BO | Attention to appointment as Sub V Trustee and scheduling of IDI. | 0.30 | |
| | | FOR CURRENT SERVICES RENDERED | 0.30 | 87.00 |

### RECAPITULATION

| TIMEKEEPER | HOURS | HOURLY RATE | TOTAL |
|---|---:|---:|---:|
| Brad Odell | 0.30 | $290.00 | $87.00 |

| | |
|---|---:|
| TOTAL CURRENT WORK | 87.00 |
| BALANCE DUE UPON RECEIPT | $87.00 |

**INVOICE DUE UPON RECEIPT**
**PLEASE INDICATE ACCOUNT NUMBER ON REMITTANCE**
**PAYMENTS RECEIVED AFTER DATE OF THIS STATEMENT ARE NOT REFLECTED ON THIS INVOICE**



**P. O. BOX 31656**
**AMARILLO, TX 79120-1656**
**806-372-5050**

**TAX ID #75-2319090**

***INVOICE***

| | |
|---|---|
| Brad W. Odell, Subchapter V Trustee | Page: 1 |
| 1500 Broadway, Suite 700 | Invoice Date: October 7, 2021 |
| Lubbock, TX 79401 | Account No.: 18167.30 |
| | Invoice No.: 2 |

Westmount Group, Inc. (Ch. 11 Bankruptcy)

### FEES

HOURS

09/30/2021
 BO   Prepared for and attended creditors' meeting;         2.60
      FOR CURRENT SERVICES RENDERED                          2.60    754.00

### RECAPITULATION

| TIMEKEEPER | HOURS | HOURLY RATE | TOTAL |
|---|---|---|---|
| Brad Odell | 2.60 | $290.00 | $754.00 |

TOTAL CURRENT WORK                                      754.00

PREVIOUS BALANCE                                        $87.00

BALANCE DUE UPON RECEIPT                                $841.00

**INVOICE DUE UPON RECEIPT**
**PLEASE INDICATE ACCOUNT NUMBER ON REMITTANCE**
**PAYMENTS RECEIVED AFTER DATE OF THIS STATEMENT ARE NOT REFLECTED ON THIS INVOICE**



**P. O. BOX 31656**
**AMARILLO, TX 79120-1656**
**806-372-5050**

**TAX ID #75-2319090**

***INVOICE***

| | |
|---|---|
| Brad W. Odell, Subchapter V Trustee | Page: 1 |
| 1500 Broadway, Suite 700 | Invoice Date: November 10, 2021 |
| Lubbock, TX  79401 | Account No.: 18167.30 |
| | Invoice No.: 3 |

Westmount Group, Inc. (Ch. 11 Bankruptcy)

### FEES

| | | | HOURS | |
|---|---|---|---|---|
| 10/05/2021 | | | | |
| | BO | Analyzed application to employ and objection to same. | 0.30 | |
| | BO | Communications with counsel for state court litigates regarding claims and bankruptcy case of Westmount. | 0.20 | |
| | BO | Communicaitons with Debtor's counsel regarding state court litigation and transfers of loan proceeds. | 0.60 | |
| 10/19/2021 | | | | |
| | BO | Call with J. Brewer and B. Kirk. | 0.30 | |
| 10/20/2021 | | | | |
| | BO | Attended status conference. | 0.50 | |
| 10/25/2021 | | | | |
| | BO | Drafted Trustee's Response to Motion to Dismiss. | 1.00 | |
| 10/26/2021 | | | | |
| | BO | Prepared for and attended hearing on Motion to Dismiss. | 4.50 | |
| | | FOR CURRENT SERVICES RENDERED | 7.40 | 2,146.00 |

### RECAPITULATION

| TIMEKEEPER | HOURS | HOURLY RATE | TOTAL |
|---|---|---|---|
| Brad Odell | 7.40 | $290.00 | $2,146.00 |

### EXPENSES

| | | |
|---|---|---|
| 10/05/2021 | Long distance telephone call, from ext 101, 1(512)653-1009 | 1.52 |
| 10/25/2021 | Postage | 0.53 |
| 10/27/2021 | Long distance telephone call, from ext 101, 1(915)224-0104 | 0.16 |
| 10/28/2021 | Long distance telephone call, from ext 101, 1(210)392-5997 | 1.28 |
| 10/28/2021 | Long distance telephone call, from ext 101, 1(915)224-0104 | 1.04 |

**INVOICE DUE UPON RECEIPT**
**PLEASE INDICATE ACCOUNT NUMBER ON REMITTANCE**
**PAYMENTS RECEIVED AFTER DATE OF THIS STATEMENT ARE NOT REFLECTED ON THIS INVOICE**

| | | |
|---|---|---|
| Brad W. Odell, Subchapter V Tru | Page: | 2 |
| Westmount Group, Inc. (Ch. 11 B | Invoice Date: | November 10, 2021 |
| | Account No.: | 18167.30 |
| | Invoice No.: | 3 |

| | | |
|---|---|---|
| 10/28/2021 | Long distance telephone call, from ext 101, 1(512)649-3243 | 0.16 |
| 10/28/2021 | Long distance telephone call, from ext 101, 1(210)392-5997 | 0.16 |
| 10/29/2021 | Photocopying, 11, 11 pp @ $0.20 each | 2.20 |
| | TOTAL EXPENSES | 7.05 |
| | TOTAL CURRENT WORK | 2,153.05 |
| | PREVIOUS BALANCE | $841.00 |
| | BALANCE DUE UPON RECEIPT | $2,994.05 |