**The relief described hereinbelow is SO ORDERED.**

**Signed June 01, 2022.**

_____
H. CHRISTOPHER MOTT
UNITED STATES BANKRUPTCY JUDGE

_____

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| WESTMOUNT GROUP, INC. | § | Case No. 21-30633-hcm |
| Debtor. | § | (Chapter 7) |

**ORDER STRIKING HANDWRITTEN PLEADING TITLED "MOTION FOR HEARING"**

The Court has reviewed a handwritten pleading titled "Motion I'm requesting a hearing 'Urgent'" filed on May 31, 2022 in this bankruptcy case ("Pleading")(dkt# 127). The Pleading appears to be signed by Keyvan Parsa with an illegible date. The Court finds that the Pleading should be stricken and dismissed for the following reasons.

The Pleading is handwritten and only partly legible. The Pleading appears to state that "I'm unable to retain a counsel for Westmount Group Inc. I've contacted several attorneys … root of the matter is in trial in state court;" the rest of the Pleading is illegible and non-sensical.

1

Although the title of the Pleading is "Motion I'm requesting a hearing 'Urgent,'" the Pleading does not state what a hearing is requested on or what relief would be sought at any such hearing.

The Pleading also does not comply with Rule 9013 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), as the Pleading does not set forth with particularity the grounds for the motion or the relief sought by the motion.

The Pleading does not include a certificate of service as required by Local Bankruptcy Rule 9013(c). No proposed form of order was submitted with the Pleading as required by Local Bankruptcy Rule 9013(b). The Pleading does not contain the mailing address of the signer as required by Bankruptcy Rule 9011(a) and Local Bankruptcy Rule 9004.

The Debtor in this Chapter 7 bankruptcy case is a corporate entity (Westmount Group, Inc.). As the Court has already explained to Mr. Parsa at hearings and in written orders, a corporation can appear in federal court only through a licensed attorney. *See e.g.*, 28 U.S.C. §1654; *Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993); Orders entered on December 2, 2021 (dkt# 102) and January 13, 2022 (dkt# 119). It appears that the Pleading was not signed by a licensed attorney.

Any pleading that does not comply with the requirements of the Bankruptcy Rules and Local Bankruptcy Rules may be dismissed by the Court on its own motion. *See* Local Bankruptcy Rule 9004(d).

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

1. The pleading titled "Motion I'm requesting a hearing 'Urgent'" filed in this bankruptcy case on May 31, 2022 ("Pleading")(dkt# 127) is hereby DISMISSED and STRICKEN.

2. Any future pleading filed by Keyvan Parsa in this bankruptcy case must comply with the terms of this Order, or the pleading may be stricken and dismissed by the Court without further notice.

3. The Clerk shall cause a copy of this Order to be sent to Keyvan Parsa, 810 N. Kansas Street, El Paso, Texas 79902.

###