IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| In re | § | |
| | § | |
| WESTMOUNT GROUP, INC. | § | Case No. 21-30633-CGB-11 |
| | § | |
| Debtor. | § | |

### FIRST AMENDED OBJECTION TO CLAIM #5 OF MONTOYA PARK PLACE, INC. WITH NOTICE THEREOF

**This is an objection to your claim** in **this bankruptcy case. This objection asks the Court to disallow (eliminate), reduce, or modify your claim as set** forth in **this objection. If you do not file a written response to this objection** in advance of the hearing already scheduled upon it for April 16, 2024 at 11:00 a.m. at 511 E. San Antonio Street, 4th Floor, and appear with counsel to be heard upon your response, the Bankruptcy Judge may sustain this objection without a hearing.

TO THE HONORABLE CHRISTOPHER G. BRADLEY, UNITED STATES BANKRUPTCY JUDGE:

Now comes the creditor ALBERT FLORES (hereinafter "FLORES") holder of an allowed claim in the amount of $442,080.40 in these proceedings against the Debtor WESTMOUNT GROUP, INC., and files this, its First Amended Objection to Proof of Claim No. 5 filed by MONTOYA PARK PLACE in the amount of $1,461,586.89, and for cause would show as follows:

1.

Jurisdiction arises under 28 U.S.C. § 157 (b) (2) (B) and 28 U.S.C. § 1334 (a), (c), and (e).

I

2.

ALBERT FLORES has standing to bring this Objection under 11 U.S.C. § 502 (a).

3.

ALBERT FLORES holds a judgment against MONTOYA PARK PLACE, INC. for a false and fraudulent promise to pay him $240,000.00, plus $100,000.00 in attorney's fees and $100,000.00 in exemplary damages, and $2,080.40 in costs. A copy of the judgment is hereto attached as Exhibit 1. The money awarded to ALBERT FLORES in the Judgment is part of the same money which MONTOYA PARK PLACE, INC. claims to have transferred to WESTMOUNT GROUP, INC. in exchange for a promissory note in the amount of $1,461,586.89 on or about July 15, 2020. That transfer is depicted in the Debtor's Amended Schedule "D" in this case, hereto attached as Exhibit "2."

4.

MONTOYA PARK PLACE, INC. is also indebted to WESTSTAR TITLE, LLC under a Summary Judgment for $895,000, plus attorney's fees of $60,000.00. *See* the copies of these two Judgments attached hereto attached as Exhibits "3" and "4." The money awarded to WESTSTAR TITLE, LLC in Judgment is the same money which MONTOYA PARK PLACE, INC. fraudulently transferred to WESTMOUNT GROUP, INC. on or about July 15, 2020 in hopes of defeating the claims of WESTSTAR TITLE, LLC to that money. *See* again Exhibit "2."

5.

This estate now has in it roughly $1,150,000.00, subject to a third Interim Fee Application by the Chapter 7 Trustee and subject to an estate tax return.

6.

There should be no distribution to MONTOYA PARK PLACE, INC. because:

(1)   MONTOYA PARK PLACE, INC. owes more money than this estate has, to ALBERT FLORES and WESTSTAR TITLE CO. With interest, attorney fees, and exemplary damages, FLORES is now owed over $458,700.00, and WESTSTAR Title is now owed over $1,030,000.00.

2

(2)  MONTOYA PARK PLACE, INC. had no right to transfer the property of FLORES and of WESTSTAR TITLE, LLC to WESTMOUNT GROUP, INC.

(3)  The transfer of the $1,461,500 by MONTOYA PARK PLACE, INC. to WESTMOUNT GROUP, INC. was not supported by any valuable consideration. In exchange for the money MONTOYA PARK PLACE received an unsecured promissory note (hereto attached as Exhibit "5") that had no specified interest rate, no payment due dates, and no payment amounts. Moreover WESTMOUNT GROUP, INC. never made any payments upon the alleged promissory note. WESTMOUNT GROUP, INC. had and has no business activity that could generate payments. The note is a complete fakery. The note also appears to have been backdated to July of 2020 after this case began on August 23, 2021 and KEYVAN PARSA was advised that he needed to show consideration for the transfer of the $1,461,586.89.

(4)  The other amounts that MONTOYA PARK PLACE, INC. fraudulently transferred to WESTMOUNT GROUP, INC. were dissipated by improvident expenditures by WESTMOUNT GROUP, INC. including a cash sums of $190,444.65 paid to KEYVAN PARSA on petition date and real estate loans totaling $779,555.20 to entities closely controlled by KEYVAN PARSA. There is nothing left of it. The amended Statement of Financial Affairs in this case discloses those transfers. *See* Exhibit "6" hereto attached.

(5)  Finally, the proof of claim was filed late. It is signed by Keyvan Parsa in his capacity as President of MONTOYA PARK PLACE, INC. on March 27, 2022. The bar date for pre-petition claims was set by the clerk in this case, with notice to all parties in interest, at March 10, 2022.

WHEREFORE, PREMISES CONSIDERED, ALBERT FLORES prays that the Proof of Claim of MONTOYA PARK PLACE, INC. be disallowed in its entirety.

Respectfully submitted this 20th day of March, 2024.


_____
E.P. Bud Kirk
TSBN  11508650
332 Serrania Dr.
El Paso, TX  79932
(915)-584-3773

Budkirk@aol.com

Attorney for Albert Flores

## **CERTIFICATE OF SERVICE**

I do hereby certify that on this 20th of March, 2024, I did cause a copy of the foregoing Objection to the to the Proof of Claim of Montoya Park Place, Inc. to be mailed to <u>Brad W. Odell,</u> Chapter 7 Trustee, 1500 Broadway, Ste. 700, Lubbock, TX 79401-3169; to <u>Westmount Group, Inc.,</u> (hand-delivery) c/o Keyvan Parsa, 810 N. Kansas Street, El Paso, TX 79902-5207; <u>Montoya Park Place, Inc</u>. (hand-delivery) c/o Keyvan Parsa, 810 N. Kansas Street, El Paso, TX 79902-5207; to <u>James W. Brewer</u>, at Kemp Smith, 221 N. Kansas, 17th Floor, El Paso, TX 79901; to <u>Albert Flores,</u> 3605 Acadia, El Paso, TX 79902; and by e-mail to <u>Michael R. Navarez</u> at MRN4Bankruptcy@g-mail.com<u>.</u>

_____
E.P. Bud Kirk

4

**EXHIBIT "1"**

## IN THE 41ST JUDICIAL DISTRICT COURT
## EL PASO COUNTY TEXAS

| | | |
|---|---|---|
| **ALBERT FLORES,** | ) | **CASE NO. 2020DCV2997** |
| **Plaintiff,** | | |
| | ) | |
| **v.** | | |
| | ) | |
| **KEYVAN PARSA, M.D. and** | ) | |
| **MONTOYA PARK PLACE, INC.,** | ) | |
| **Defendant's** | ) | |
| | | |
| **FIDELITY NATIONAL TITLE** | ) | |
| **INSURANCE COMPANY and** | ) | |
| **WESTSTAR TITLE, LLC,** | ) | |
| **Intervenorsffhird Party Plaintiffs,** | | |
| | ) | |
| **v.** | ) | |
| | | |
| **KEYVAN PARSA, M.D., MONTOYA** | ) | |
| **PARK PLACE, INC., and ALBERT FLORES,** | ) | |
| **Third Party Defendants** | ) | |

## <u>JUDGMENT</u>

This case was tried on March 20 and 21st, 2023. All parties appeared with counsel. At the outset, Weststar Title, LLC withdrew some of their claims and filed a Motion to Sever their remaining claims. An agreed Order of Severance was entered, and the claims and cross claims of Albert Flores and Keyvan Parsa were heard.

After hearing all the evidence and arguments of counsel, the Court has decided that Judgment should be entered in favor of Albert Flores and against Keyvan Parsa and Montoya Park Place, Inc.

It is therefore **ORDERED** that Plaintiff Albert Flores have **JUDGMENT** against Defendant's Keyvan Parsa and Montoya Park Place, Inc. as follows,

**Actual Damages - $240,000.00**

**Punitive Damages - $100,000.00**

**Attorney Fees - $100,000.00**

With all Weststar Title claims dismissed or severed, this is a **FINAL JUDGMENT** and execution shall issue,

All court costs are assessed against Defendants.

Signed and entered this 23rd Day of March 2023,

_____
**HON. THOMAS A. SPIECZNY,
JUDGE PRESIDING**

# EXHIBIT "2"

**Fill in this information to identify the case:**

Debtor name    Westmount Group, Inc.

United States Bankruptcy Court far the: **WESTERN DISTRICT OF TEXAS**

Casa number   21-3_06_3_3
fkllOMI)

Check If this Is an
amended filing

Official **Form** 2060

## Schedule D: Creditors Who Have Claims Secured by Property    12/15

Be as complete and accurate as posublba.

1. Do any creditors have clalma secured by debtor's property?

   **0** No. Check this box and submit page 1 ol lhls fonn lo the court with delltor's other schedules. Debtor has nolhlng else to report on this fonn.

   **if** Yes. Flji in all of the InfannaUan below.

ⅰⅉⅰ

**@ List Creditors Who Have Secured Claims**

2. List In alphabeUcal order all creditors who have secured dalms. If a etedltor has more lhan one secured dalm, list the creditor separately for each claim.

| | ·COIUIU'.I A    .· umn B· · <br> Amount clalm· ··Var a of collata l <br> Do not decluct th . : lhaHit;,ppoijs;·. · <br> a,ue·of.col er_al;:: Plrs·· liatm .. _·;. |
|---|---|

**IJI**

Creditor's name
.:'Mo:.·;nto:·.rY:.·.:.P:·:a:··rk··:·P.·l·a:·c·:e:.z::.::ln c.._

Describe debtor's propBrty that Is
subject to a lien

All assets

$1,461,586.09    $794,555.35

Creditor's malling address
_a_10.N_.K_a rsa.s.._

Daacrlba the lien
N:.o:.:.te:./.:A:.t.oE.re:·.·.m:.:e.:.n.:.t

.::El:...:P.:;:·a,.:;:os --- TX:.:.:.--'-79_9_0_2__

**I s**he creditor an Insider or related party?
@ No
O Yes

Creditor's omah addreea, If known

**I s**anyone else llable on this claim?
**Ja** No
   Yes. Fill out Schedule H: Codebtors (Olflclal Fenn 208H)

Date dabt was Incurred
————————0

Last 4 dlglIS of account
number

As of the petition fillng date, th& claim Is:
Check an that apply.

Conllngent

☐ Unllquldated

Do multiple creditors have an Interest In
the HmB property?
@Na
**D** Yes. Specify each creditor. Including Ihle
creditor, and tis ralaUve prlorlly,

**0** Disputed

3. Total of tho dollar 4llllounta f,om Pan 1, Column A, Including the amounts from the
Additional Pago, If any.    $1,461,586.09

Debtor   Westmount Group, Inc.

**IJMI**  Additional Page

Case number (If known) =2 1-3.:.:.0.:.;63_3=--------

.Column•A•••••••, . CtiiS--··:.·:'..'.••

Copy lhls page only If more space Is needed, Continue numbering the llnas aoquenUally from tho provfoua **pogo.**

■ −11−lilli−•−L..:;:==:.::: :!:----------------- ·Amoqn_tof claim·· : alt!i l! •,.

Co not deduct: . tha silJIJ
value of coUataial•. •thf1H:fa1m··•·

| | | |
|---|---|---|
| Creditor's nama | Deacribe debtor's property that la subject to a llan | |
| WellsFaroBusln.es .s.. | | $0.00 $0.00 |
| Cl'lldltor'a malllng addroaa | Deacrlbo tho Hon | |
| .P_0B_o:;.::x..;6;.::9;.::9_5 | :l::h::e:.xo:!C_re:.:d;.:lt:... | |
| | I so creditor an Insider or related party? | |
| .;P..ort l..::;an_d-_____0 R_9:.7.=2=8:.-8·9:.9 5..... fi!1 No | ☐ Yes | |
| Creditor's email address, If known | I sanyone else llable on this c:lalm? | |
| | fi!! No | |
| Data debt was InC\lrred | Yea. All out SchtJdule H: Codeblars (Official Fenn 208H) | |
| Last 4 digits of account number ------------- | As of the patlllon Rllng date, the claim ta: Check aD that apply. | |
| Do multiple creditors have an Interest In tho same **property?** | ☐ Contingent | |
| (ii No | ☐ Unllquldated | |
| ☐ Yea. Hs11s you already specified the relaU11a prlcrlty? | ☐ Disputed | |
| O No. Specify each creditor, Including lhls creditor, and Its relallvo pncrlly. | | |
| ☐ Yes. The relative priority of credllors Is spec!Red on lines ____ ____ | | |

# EXHIBIT "3"

El Paso County - 327th District Court

Filed 10/25/2022 3:48 PM
Norma Favela Barceleau
District Clerk
El Paso County
**2020DCV2997**

IN THE 327TH JUDICIAL DISTRICT COURT

EL PASO COUNTY, TEXAS

| | | |
|---|---|---|
| ALBERT FLORES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| **v.** | ) | Cause No. 2020DCV2997 |
| | ) | |
| KEYVAN PARSA, M.D. and | ) | |
| MONTOYA PARK PLACE, INC., | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| FIDELITY NATIONAL TITLE | ) | |
| INSURANCE COMPANY and | ) | |
| WESTSTAR TITLE, LLC, | ) | |
| | ) | |
| Intervenors/Third-Party Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KEYVAN PARSA, M.D., MONTOYA | ) | |
| PARK PLACE, INC., ALBERT FLORES, | ) | |
| and DEBORAH JORDAN, | ) | |
| | ) | |
| Third Party Defendants. | ) | |

## ORDER GRANTING WESTSTAR TITLE, LLC PARTIAL SUMMARY JUDGMENT AGAINST KEYVAN PARSA AND MONTOYA PARK PLACE, INC.

On October 13, 2022, came on to be heard WestStar Title, LLC's Motion for Partial

Summary Judgment *("Motion")* filed by WestStar Title, LLC *("WestStar"),* Intervenor and Third-

Party Plaintiff, on its own behalf and as assignee of Fidelity National Title Insurance Company.

WestStar announced prior to hearing that it was not proceeding at the hearing as to its claims

against Albert Flores, while reserving the right to re-urge the Motion as to Albert Flores at a later

time.

4308848

In its Motion WestStar seeks judgment against Keyvan Parsa and Montoya Park Place, Inc. for 1) breach of warranty of title, 2) breach of covenant against encumbrances, 3) fraud in a real estate transaction, 4.) negligent misrepresentations, and 5) unjust enrichment. WestStar also seeks judgment against Keyvan Parsa for breach of a guaranty.

After consideration of the Motion, the Response filed by Keyvan Parsa and Montoya Park Place, Inc., the pleadings, and all proper summary judgment evidence, and after hearing arguments of counsel, the Court finds there is no issue of material fact and that WestStar is entitled to judgment against Keyvan Parsa and Montoya Park Place, Inc. as a matter of law on each of the causes of action described above. The Court therefore finds the Motion should be granted and judgment entered against Keyvan Parsa and Montoya Park Place, Inc. as follows.

**IT IS THEREFORE ORDERED, ADJUDGED and DECREED** that WestStar has adequately stated and established the grounds for judgment against Keyvan Parsa and Montoya Park Place, Inc. for; 1) breach of warranty of title, 2) breach of covenant against encumbrances, 3) fraud in a real estate transaction, 4) negligent misrepresentations, and 5) unjust enrichment. WestStar has also adequately stated and established the grounds for judgment against Keyvan Parsa for breach of a guaranty.

**IT IS FURTHER ORDERED, ADJUDGED and DECREED** that WestStar have and recover from Keyvan Parsa and Montoya Park Place, Inc., jointly and severally, judgment in the amount of $895,637.67, together with post-judgment interest on this sum at the rate of 5.5% per annum.

**IT IS FURTHER ORDERED, ADJUDGED and DECREED** that, in the event of an appeal of or motion to set aside this Judgment, WestStar may be awarded against Keyvan Parsa and

4308848

Montoya Park Place, Inc., jointly and severally, attorneys' fees and costs upon filing of an affidavit reflecting said fees.

**IT IS FURTHER ORDERED, ADJUDGED** and **DECREED** that this is an interlocutory judgment. All of WestStar's claims against Keyvan Parsa and Montoya Park Place, Inc. not included in the Motion, and WestStar's claims against Keyvan Parsa and Montoya Park Place, Inc. for exemplary damages and attorney's fees, shall remain pending. All of WestStar's claims against Albert Flores and Deborah Jordan shall also remain pending.

HONORABLE THOMAS SPIECZNY
DISTRICT COURT JUDGE   10/25/2022

Submitted by:

James W. Brewer,
Attorneys for WestStar Title, LLC

Approved as to form:

Gabriel S. Perez,
Attorney for Keyvan Parsa
and Montoya Park Place

E.P. Bud Kirk,
Attorney for Albert Flores

Richard Roman,
Attorney for Deborah Jordan

4308848

# EXHIBIT "4"

IN THE 327TH JUDICIAL DISTRICT COURT
EL PASO COUNTY, TEXAS

| | |
|---|---|
| ALBERT FLORES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 2020DCV2997 |
| ) | |
| KEYVAN PARSA, M.D. and ) | |
| MONTOYA ]?.ARK PLACE, INC., ) | |
| ) | |
| Defendants, \ ) | |
| ) | |
| FIDELITY NATIONAL TITLE ) | |
| INSURANCE COMPANY and ) | |
| WESTSTAR TITLE, LLC, ) | |
| ) | |
| Intervenorsffhird-Party Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| KEYVAN PARSA, M.D., MONTOYA ) | |
| PARK PLACE, INC., ALBERT FLORES, ) | |
| and DEBORAH JORDAN, ) | |
| ) | |
| Third Party Defendants. ) | |

## ORDER REGARDING WESTSTAR TITLE, LLC'S REQUEST FOR ATTORNEYS' FEES

The Court entered its Order Granting WestStar Title, LLC Partial Summary Judgment Against Keyvan Parsa and Montoya Park Place, Inc. on October 25, 2022. WestStar Title, LLC then requested an award of attorneys' fees and filed its Affidavit in Support of Attorneys' Fees. On November 8, 2022 the Court conducted a hearing on WestStar Title, LLC's request for attorneys' fees.

After consideration of the pleadings, the Affidavit in Support of Attorneys' Fees, the Opposition to WestStar's Request for Attorneys' Fees field by Keyvan Parsa, and other proper evidence, and after hearing arguments of counsel, the Court finds that WestStar Title, LLC is

4344947

entitled to attorneys·' fees in the total amount of $60,000.00 for services incurred in this Court in cause number 2020DCV2997. The Court finds attorneys' fees incurred by WestStar Title, LLC in connection with a writ of mandamus and a bankruptcy case should be pursued in those courts.

**IT IS TJIEREFORE ORDERED, ADJUDGED and DECREED** that WestStar Title, LLC *("WestStar")* is awarded judgment in the amount of $60,000.00 against Keyvan Parsa and Montoya Park Place, Inc., jointly and severally, for its attorneys' fees incurred in this cause numbered 2020DCV2997. This Order is without prejudice to WestStar Title, LLC's right to pursue its attorneys' fees incurred in other litigation in the appropriate forum, including its attorneys' fees inctJ..cd in; I) *In re Keyvan Parsa, MD. and Montoya Park Place, Inc.,* Realtors, in the Court of Appeals for the Eighth District of Texas, Cause No. 08-21-00125-C, and 2) *In re Westmount Group, Inc.,* Case No. 21-30633, United States Bankruptcy Court for the Western District of Te?Cas.

_____

HONORABLE THOMAS SPIECZNY
DISTRICT COURT JUDGE

Submitted by:

_____

James W. Brewer,
Attorneys for WestStar Title, LLC

Approved as to form:

_____

Gabriel S. Perez,
Attorney for Keyvan Parsa
and Montoya .Park Place

_____

E.P. Bud Kirk,
Attorney for Albert Flores

4344947

# EXHIBIT "5"

# Promissory Note and Security Agreement

**Borrower Full Legal Name:** Westmount Group, Inc.
**Principal Amount:** $1,461,586.89     **Date:** July 15, 2020
**Lender:** Montoya Park Place, Inc., 810 N Kansas, El Paso, Texas 79902

**Promise to pay.** For value received, the receipt and sufficiency of which are hereby acknowledged, the undersigned borrower, jointly and severally, as principals and not as sureties, promise to pay to the order of the lender designated above the Principal Amount designated above, together with interest prior to maturity at the rate of one and one-half percent (1.0%) per month on amounts unpaid from time to time, in accordance with the terms of this promissory note and security agreement.

**Purchases/Payments:** Annual interest of 2.9%, or the Internal Revenue Service's imputed interest rate. All payments, principal, and interest are payable at Montoya Park Place, Inc. at the address designated above. All payments shall be first applied to interest and the balance to principal. This note may be prepaid at any time in whole or in part, without penalty. All prepayments shall be applied in reverse order of maturity. Unless otherwise agreed by lender in writing, payments may be applied by lender as of their scheduled due date, treating each month as one twelfth of a year.

**Events of default:** The following constitute events of default: (a) not paying on time; (b) not performing on time; (c) bankruptcy, insolvency, or assignment for the benefit of creditors with respect to the undersigned; or (d) any misrepresentation by the undersigned. In the event of default, Montoya Park Place Inc. may declare all unpaid balances, less any unearned charges, immediately due and payable in full, without notice, and exercise all rights and remedies allowed by applicable law. The undersigned agrees to pay interest on past due amounts from date due until paid at the rate of 1.0% per month, or the highest rate permitted by law, whichever is less. The undersigned agrees to pay all of Montoya Park Place, inc. costs of collection, including attorneys' fees and expenses, unless expressly prohibited or limited by applicable law. Borrower also agrees to pay Montoya Park Place, Inc. a $25 fee for each returned item (whether check or ACH) that is dishonored for any reason, or such greater amount allowed by law.

**Security Agreement:** The undersigned hereby grants to Borrower a continuing security interest in all presently owned or hereafter acquired property of the undersigned consisting of: (a) goods; (b) inventory; (c) instruments; (d) chattel paper; (e) documents; (f) accounts; (g) accounts receivable; (h) general intangibles; (i) payment intangibles; (j) real estate promissory note and (k) any proceeds and all support obligations of any of the foregoing (together called the "collateral"). The collateral secures the undersigned's liabilities and obligations under this promissory note and security agreement, whether now existing or hereafter arising, including any extension, renewal or modifications thereof. The undersigned authorizes the Lender to execute on the undersigned's behalf and file a financing statement describing the collateral. The undersigned grants Lender power of attorney to sign and file any financing statements, receipts, and other documents deemed necessary by Lender to protect the rights of lender.

**Certain waivers:** The undersigned and all other parties to this note, whether as endorsers, guarantors or sureties, agree to remain fully bound hereunder until this note shall be fully paid and waive demand, notice of default, notice of intention to accelerate, notice of acceleration, presentment and protest and all notices thereto and further agree to remain bound,

pg. 1

nolwithstonding any extension, renc:wul. modilica&ion. w·.1iv r. ur other indulgence by any holder or upon the discharge or release of uny ohligor hereunder or tu this nuh:. nr upnn the cxchungc. substitution. or release of nny collalcral granted as security lbr lhis note. No modi licalion or indulgence by any holder hereof shnll be binding unless in writing nnd any indulgence on any one occasion shall not be an indulgence tor any other or lt1lun.- occasion. Any modilicalion or change of terms, hereunder granted by any holder lu:rco1: shall be valid nu binding upon ench of lhe undersigned. notwithstanding the acknowledgment of m1y nl'thi:: undersigned. and euch of the undersigned does hereby irrevocably g.-anl lo each of the n&heri. a power of allomcy to enter into .my such modilicalion on their bdu,lf. The rights or any hQld r hcrcnl'shull hi!cumulntiw and not necessarily successive.

Governing law forum for disputes: This promissat-y nute und security shall be governed by and interpreted in accordance wilh the lnws nnd decisions of the state where Lender is located. without rcgurcl to lhe conflicts uf'luw provisions thcrcc,t:  All actions und proceedings arising from. relating to or in connection  with this application or credit agreement  is suhject to the :<elusive venue and jurisdiction of uny federal ur stutc court locat.:ll in the Shilt: and county where the Lender is locotcd.  The undersigned hereby wuivcs uny righl th  undersigned mny have to tmnsfcr or chunge the vl!nuc of any llt!gntion lilcd regarding ony uctions m· proceedings arising from, relating to or in cunncction wilh the undcrsisned obligntions.  In cncb instance, all charges and fees, and Lender"s rights and remedies. nn: su ject lo nnd m1tnmatically constrained by applicoble law.

"11,is note and secul·ity is intended by the parties only n.c; m.ldilionnt security tbr the undersigned nbligutions under Montoya Park Place. lnc·s Crcdil Tenns nnd Conditions.  This note and security agreement does not constitute a l1ova1ion or discharge nl: or otherwise replace or modify, the terms set forth Montoya  Park Place. lnc·s Credit Terms and Conditions.

Westmount Group. lnc... 13orrowl.?r..



t3y:____,_c=;,.c-------------
Kcyvmr Parsa, it's President


STATE OF TEXAS
L"OUNTY OF EL PASO

l11is P,romissory note was ncknowlcdged bclbrc me on Jul)' J.2-rh  2020. by Keyvun Parsa,

Presi nt ol'Westmount Group Inc. u Tcxn corpumtim,. un hl!hull' ol"lhc corpm-ati(ln.

-...r:....tn-ry-Pu---bl-ic-J--#--------·--··--·

| tLV0IAHARTY 0ELGADIUO |
| Halnlf1D11125419821 |
| MyCCmmiaslm1 E,p&llS |
| Nowembct2',20Z1 |

**EXHIBIT "6"**

**Fill in this informltion to identify the case:**

Debtorname ___Westmount Group, Inc.___

United States Benluuptcy Court for tho: __**WESTERN DISTRICT** OF TEXAS__

Case number
(if knOWI)    21-30833

○Check if this is an
amended filing

## Official Form 207

## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy     04/19

The debtor must answer every question. If more apace la noedod, attac:11 a eeparate sheet to this form. On tho top of any additional **pages,** write the debtor's name and case number (If known).

### ■ i•M   Income

1. Gross revenue from business

   ii None

2. NOMUSlness revenue
   Include revenue regardless of Yttlelher 1hat revenue Is taxable. *Non-business Income* may Indude Interest, dividends, money collected from lawsuits, and royaltles. Ust each soura, and the gross revenue for each separately. Do not Include revenue listed In llna 1.

   Ii( Nona

### •i•M   Ust Certain Transfers Made Before Filing for Bankruptcy

3. Certain payments or transfers to creditors within 90 days before filing this c:aso

   Lisipaymenls 01 transfers-Including expense reimbursements-to any c:reditor, other than regular employee compensation, wilhln 90 days belont filing lhis case unless lhe aggregate value or all property transferred to that creditor is less than $6,825. (Tliis amount may be adjusted on 4/01/22 and eve,y 3 yeara altar lhal with respect to cases rdad on or after lha date or adjustmanL)

   D None

| | Creditor's name **and address** | Dates | Total amount or value | Reasons for payment or transfer<br>*Chock **an**that apply* |
|---|---|---|---|---|
| 3.1. | Wells **Fargo Business**<br>Cteii&ii?s▪▪▪<br>**POBox6995**<br>sviiei<br><br>Portland    OR   97228-8995<br>civ      stata    ziP eoiio | August 31,<br>2021 | _$452,931.45_ | D Secured debt<br>D Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>1i2f Other Lino of Credit |

| Debtor | Westmount Group, Inc. | | Case number (if known) | 21-30633 |
|---|---|---|---|---|
| | Name | | | |

## hi·M Legal Actions or Assignments

7. Legal actions, administrative proceedings, court actions, 11xacut1ons, attachments, or govammantal audits
Ust the legal acdons, proceedings, Investigations, arbitrations. mediations, and audits by federal or slate agencies in wttich tho debtor wasInvolved In any capacity-wilhin I year before filing lhis case.

☐ None

| Case tIUo | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|
| 7.1. Albert Flores v. Keyvan Paraa, et al | Sult for Rescission of Contract | District Court of El Paso County, Texa Name | ☒ Pending |
| | | "'32:::,7_th=Ju:::,d:aalc''la''''I'''D_l''st_ri;a:;c:..t Street | ☐ On appeal |
| | | | ☐ Concluded |
| Caeenumber | | | |
| 2020DCV2997 | | El Paso          TX | |
| | | Stala   ZIP Code | |

a. AslIgnmenta and receivership

Lisi any property In lha hands of an assignee for the banalll of creditors during lha 120 days before liDng this case and any property In the hands of e receiver. custodian, or other ccurt-appolnled ofncer within 1 year before fflIng this case.

**la** None

## 1611 Certain Gifts and Charitable Contributions

9. Ust all gifts or charitable contrlbutlona the debtor gave to a recipient within 2 yeora before fllIng this case unless the aggregate value of the gifts to that recipient la less than $1,000

li( None

## ■IA Certain Losses

10. All losses from fire, theft, or other casualy within 1 year before fllIng this case.

ii None

## 11·-4 Certain Payments or Transfers

11. Payments related to banllnlptcy
List any payments of money or other transfers of property made by the debtor or person acling on behalf of the debtor within 1 year before lha filing ol lhis case to another person or entity, Including attomeys, that the debtor consulted eb01.ll debt consolidation or restructuring, seeking bankruptcy rellel, or filing e bankruptcy case.

O None

| | Who waa paid or who received the transfer? | If not money, daecrlbe the property transfarrod | Datea | Total amount or value |
|---|---|---|---|---|
| 11.1. | Barron & Newbur9er, P.C. | Attorney Fees & Filing Fees | August21, 2021 | $16.738.00 |
| | **Address** | | | |
| | 7320 N.MoPac Expressway. Suite 400 | | | |
| | Stnnll | | | |
| | Austin          TX     78731 | | | |
| | Stala   ZIP Coda | | | |
| | Email or website address | | | |
| | Who made the payment. If not debtor? | | | |

Debtor    Westmount Group Inc.      Case number (It known)   21-30633
     Name

| Who received transfer? | Description of property transferred or payments received or debts paid In exchange | Data tranafar was made | Total amount or value |
|---|---|---|---|
| 13.4.   Westmount Assets Inc | Fund real estate lien note on 4500 Frankfort Avenue, El Paso, TX | Julit 19, 2021 | $351000.00 |
| **Address** | | | |
| 810 N. Kansas Street | | | |
| 51/1181 | | | |
| El Paso    TX    79902 | | | |
| criv    state    zIPCoita | | | |
| Relatlonship to debtor | | | |
| Affiliate | | | |

| Who r1celved transfer? | Deacrfpllon of property transferred or payments received or dablB paid In exchange | Date transfer wasmada | Total amount or value |
|---|---|---|---|
| 13.5.   TRR 41331 Inc. | fund real estate Hen note on 4537 Skylart( Way, El Paso, TX | Juli 16, 2021 | $931892,83 |
| Address | | | |
| 71 Camilla Drlve, Sta R | | | |
| S11981 | | | |
| El Paso    **TX**    79912 | | | |
| civ    Slate    zIPCOcle | | | |
| Relatlonshlp lo debtor | | | |

| Who rvcolved transfer? | Description of property transferred or pavments received or debts **paid** In exchange | Date transfer was made | Total amount or value |
|---|---|---|---|
| 13.6.   TRR 41331 Inc. | Fund real estate llen note on 9532 Charleston Street. El Paso, TX | Julx 16, 2021 | $741159.26 |
| **Addnt&a** | | | |
| 71 Camllle Drlva, Sta R | | | |
| 5Cleet | | | |
| El Paso    TX    79912 | | | |
| cav    Slate    zIPCocie | | | |
| Ralatlonshlp to debtor | | | |

| Who racalved transfer? | DescrlpUon of property transferred or pavments received or debts paid In exchange | Date transfer was made | Total amount or value |
|---|---|---|---|
| 13.7.   71 Camllle Inc. | Fund real estate llen note on 71 Camille | 8/23121 | $4301000.00 |
| Address | | | |
| 71 Camllle | | | |
| SlllOl | | | |
| El Pasa    TX    79912 | | | |
| Clly    State    ZIP Code | | | |
| Relationship to debtor | | | |

| Debtot | Westmount Group, Inc. | Case number (if known) | 2.1..-3_0_8_3_3 |
|---|---|---|---|

**Part 7:** Previous Locations

**14. Previous addresses**
List all pnt11lous addresses used by the debtor \lnlhln 3 years before flling this case and the dates lhe addresses 'Mtl9 used.

☑ **Does** not apply

■

@

**■;¦** Health Care Bankruptcies

**15. Health Care bankruptcloa**

Is lha deblor primarily engaged In offering services end faclUllea for:

■ cliagnOSing or treating Injury, defonnity, or disease, or

■ p:oviding any surgical, psychiatric, dtug treatment, or obsletric care?

**☑ No.** Go lo Part 9.
    Yes. Fill fn the Informetlon below.

**■¦¦ iii** Personally Identifiable Information

**18.** Does the **debtor** collact and retain paraonally Identifiable Infonnalfon of customers?

**☑ No.**
☐ Yes. Slate lha nature of the Information coUectud and retained _____

    Does lhe debtor have a privacy policy about that Information?
    ☐ No.
    ☐ Yes.

**17.** Within & yearu before filing this case, have any employees of tho debtor been participants In any ERISA, 401(k), 403(b) or other pension or profit-aharfng plan made avallabla by the debtor as an employee benefit?

**☑ No.** Go to Part 10.
☐ Yes. Does the debtor serve as plan admlnlstralOt?
    ☐ No. Go lo Part 10.
    ☐ Yes. Fln In below:

**Part 10:** Certain Financial Accounts, Safe Deposit **Boxes,** and Storage Units

**1a. Cloaad flnanclal accounts**
Within l year before flll!ng lhls case, were any nnanclal accounts or lnsll\lments held In the debtor's name, or fer lha debtor's benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts, certificates of deposit, and shares In banks, credit unions. brokerage llouses, cooperatives, associations, and othor financial Institutions.

**☑** None

Official fo,m 207          Statement of Flnanclal Affairs for Non.fndlvlduals Fliing for Bankruptcy                    page6

Debtor  Weatmount Group, Inc.                                    Case number (if known)  21-30633
        Name

29. Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners,
    membare In control of the debtor, or shareholdera In control of the debtor who no longer hold these positions?

    (ii No
       Yes. Identify below.

| Name | Address | PoaltJon and nature of any Interest | Period during which position or Interest was held |
|------|---------|------------------------------------|----------------------------------------------------|

30. Payments, dlslrfbutlons, or wlthdrawala **credited** or given to Insiders
    Wilhln 1 year before fillng lhiS case, did the debtor provide an insider wllh value In any form, including salary, other compensation, draws.
    bonUS8S, loans, credits an loans, stock redemptions, and options e11en:isad?

    @No
    0  Yes. Idenlry below.

31. Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?

    lii No
    0  Yes. Identify below.

32. Within 6 years before filing this case, has ths debtor as an employer baan responsible far contribut.Jng ta a pension fund?

    lii No
       Yes. Identify below.

# •@•ii Signature and Declaration

**WARNING** -Bankruptcy fraud Is a serious crime. Making a false statement, concealing propany, or obtaining money *or* property by fraudln
coMGctlon "1tha bankruptcy case can result in fines up to $500,000 or Imprisonment for up to 20 years, or beth.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the Information in this *Statement of Financial Alfa/ts* and any at1achments and have a reasonable belief that the infonnation Is
ll\le and correct.

I declare under penalty of pe ury Ulat lhe foregoing Is true and correct.

executed an 11/0412021
              **MM/DD/YYYY**

X /al Keyvan **Parsa**                          Printed name Keyvan Parsa
   Signature orlndividual sl

   Position or relationship to debtor _P_re_s_fd_e_n""""t

Ate additional pages to *Statement of Financial AHalrs for Non-Indlvlduals FlUng for Bankruptcy* (Official Form 207) attached?
@ No
   Yea

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| lnre | § | |
| | § | |
| WESTMOUNT GROUP, INC. | § | Case No. 21-30633-CGB-11 |
| | § | |
| Debtor. | § | |

## ORDER GRANTING OBJECTION TO CLAIM NUMBER 5

On this day came on to be considered ALBERT FLORES' Objection to Claim in the amount of $1,461,586.89 (Claim No. 5). The Court having reviewed the Objection, finds that the claim should be disallowed as a claim against the estate.

IT IS HEREBY ORDERED that the Objection to Claim is GRANTED.

IT IS FURTHER ORDERED that a copy of this order will be served by the Clerk's office upon the claimant to Keyvan Parsa, M.D., c/o Gabriel Perez, 718 Myrtle Ave., El Paso, TX 79901.

5

Submitted by:
E.P. BUD KIRK
Attorney at Law
600 Sunland Pmk Dr.
Building Four, Suite 400
El Paso, TX 79912
(915) 584-3773
(915) S81:-)452 facsimile
Attorney for•

6

# Promissory Note and Security Agreement

Borrower Full Legal Name: Westmount Group, Inc.
Principal Amount: $1,461,586.89                Date: July 15, 2020
Lender: Montoya Park Place, Inc., 810 N Kansas, El Paso, Texas 79902

**Promise to pay.** For value received, the receipt and sufficiency of which are hereby acknowledged, the undersigned borrower, jointly and severally, as principals and not as sureties, promise to pay to the order of the lender designated above the Principal Amount designated above, together with interest prior to maturity at the rate of one and one-half percent (1.0%) per month on amounts unpaid from time to time, in accordance with the terms of this promissory note and security agreement.

**Purchases/Payments:** Annual interest of 2.9%, or the Internal Revenue Service's imputed interest rate. All payments, principal, and interest are payable at Montoya Park Place, Inc. at the address designated above. All payments shall be first applied to interest and the balance to principal. This note may be prepaid at any time in whole or in part, without penalty. All prepayments shall be applied in reverse order of maturity. Unless otherwise agreed by lender in writing, payments may be applied by lender as of their scheduled due date, treating each month as one twelfth of a year.

**Events of default:** The following constitute events of default: (a) not paying on time; (b) not performing on time; (c) bankruptcy, insolvency, or assignment for the benefit of creditors with respect to the undersigned; or (d) any misrepresentation by the undersigned. In the event of default, Montoya Park Place Inc. may declare all unpaid balances, less any unearned charges, immediately due and payable in full, without notice, and exercise all rights and remedies allowed by applicable law. The undersigned agrees to pay interest on past due amounts from date due until paid at the rate of 1.0% per month, or the highest rate permitted by law, whichever is less. The undersigned agrees to pay all of Montoya Park Place, inc. costs of collection, including attorneys' fees and expenses, unless expressly prohibited or limited by applicable law. Borrower also agrees to pay Montoya Park Place, Inc. a $25 fee for each returned item (whether check or ACH) that is dishonored for any reason, or such greater amount allowed by law.

**Security Agreement:** The undersigned hereby grants to Borrower a continuing security interest in all presently owned or hereafter acquired property of the undersigned consisting of: (a) goods; (b) inventory; (c) instruments; (d) chattel paper; (e) documents; (f) accounts; (g) accounts receivable; (h) general intangibles; (i) payment intangibles; (j) real estate promissory note and (k) any proceeds and all support obligations of any of the foregoing (together called the "collateral"). The collateral secures the undersigned's liabilities and obligations under this promissory note and security agreement, whether now existing or hereafter arising, including any extension, renewal or modifications thereof. The undersigned authorizes the Lender to execute on the undersigned's behalf and file a financing statement describing the collateral. The undersigned grants Lender power of attorney to sign and file any financing statements, receipts, and other documents deemed necessary by Lender to protect the rights of lender.

**Certain waivers:** The undersigned and all other parties to this note, whether as endorsers, guarantors or sureties, agree to remain fully bound hereunder until this note shall be fully paid and waive demand, notice of default, notice of intention to accelerate, notice of acceleration, presentment and protest and all notices thereto and further agree to remain bound,